UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AGGRENOX ANTITRUST LITIGATION                             MDL No. 2516


### TRANSFER ORDER

**Before the Panel**:[*]   Pursuant to 28 U.S.C. § 1407, defendants[1] in eleven antitrust actions relating to anticompetitive conduct in the market for Aggrenox, a brand-name medication prescribed to reduce the risk of stroke in patients who have already suffered a transient ischemic attack or a stroke due to a blood clot, seek centralization of this litigation in the District of Connecticut.  This litigation currently consists of eleven actions pending in the District of Connecticut, the Eastern District of Pennsylvania, and the Middle District of Tennessee, as listed on Schedule A.[2]

All the responding parties support centralization.  The parties disagree, however, as to where centralization should occur.  They suggest centralization in one of the following districts: the District of Connecticut, the Eastern District of Pennsylvania, and the Middle District of Tennessee.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions are purported nationwide class actions alleging that defendants excluded generic competition for Aggrenox, in violation of federal and state antitrust laws, by entering into a reverse payment and co-promotion agreement in which Boehringer agreed to pay the Barr defendants substantial sums in exchange for delaying entry of a less expensive generic version of Aggrenox into the market and for the promotion of Aggrenox to obstetricians and gynecologists.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan did not participate in the decision of this matter.

[1] Boehringer Ingelheim Pharmaceuticals, Inc. (Boehringer); Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC) and Barr Laboratories Inc. (Barr); Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.) and Duramed Pharmaceuticals Sales Corp. (n/k/a Teva Sales and Marketing, Inc.), and Teva Pharmaceuticals USA, Inc. (Teva).

[2] The parties have notified the Panel of twelve additional related actions pending in the District of Connecticut, the District of Minnesota, the District of New Jersey, the Eastern District of Pennsylvania.  These actions and any other related actions are potential tag-along actions.  *See* Panel Rule 7.1.

-2-

Given that this litigation involves alleged anticompetitive conduct concerning a prescription drug that has been marketed throughout the nation, any number of districts could serve as the transferee district. On balance, we conclude that the District of Connecticut is an appropriate transferee district for this litigation. This district offers a forum that is both convenient and accessible for the parties and witnesses, which are primarily based on the East Coast. Defendant Boehringer is based in this district, and relevant witnesses and evidence may be found there. Several plaintiffs support centralization in this district, as well. Finally, by assigning the litigation to Judge Stefan R. Underhill, we are selecting a jurist well versed in the nuances of complex and multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Stefan R. Underhill for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer          Sarah S. Vance
Ellen Segal Huvelle

IN RE: AGGRENOX ANTITRUST LITIGATION                    MDL No. 2516

## SCHEDULE A

<u>District of Connecticut</u>

A.F. OF L. – A.G.C. BUILDINGS TRADE WELFARE PLAN V. BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, ET AL., C.A. No. 3:13-01716
PAINTERS DISTRICT COUNCIL NO. 30 HEALTH & WELFARE FUND V. BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, ET AL., C.A. No. 3:13-01763
PROFESSIONAL DRUG COMPANY, INC. V. BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, ET AL., C.A. No. 3:13-01776

<u>Eastern District of Pennsylvania</u>

MIAMI-LUKEN, INC. V. BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, ET AL., C.A. No. 2:13-06543
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 132 HEALTH AND WELFARE FUND V. TEVA PHARMACEUTICALS USA, INC., ET AL. C.A. No. 2:13-06579
PLUMBERS & PIPEFITTERS LOCAL 178 HEALTH & WELFARE TRUST FUND V. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:13-06692
UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND V. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:13-06734
ROCHESTER DRUG CO-OPERATIVE, INC. V. BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, ET AL., C.A. No. 2:13-06992
FRATERNAL ORDER OF POLICE MIAMI LODGE 20, INSURANCE TRUST FUND V. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:13-06999
MAN-U SERVICE CONTRACT TRUST FUND V. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:13-07068

<u>Middle District of Tennessee</u>

PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST V. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 3:13-01382