# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Direct Purchaser Actions<br><br>*Cesar Castillo, Inc. v. Boehringer Ingelheim Pharma GMBH & Co. KG et al.*, No. 3:14-cv-00225<br><br>*American Sales Company, LLC v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-00003<br><br>*Miami-Luken, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 14-cv-00477<br><br>*Rochester Drug Co-Operative, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-000485 | MDL No. 2516<br><br>Master File No. 3:14-md-02516-SRU<br><br>Hon. Stefan R. Underhill |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1**

**WHEREAS,** multiple direct purchaser class plaintiffs filed the following antitrust class action against Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH; Boehringer Ingelheim Pharmaceuticals, Inc.; Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries Limited; Barr Pharmaceuticals Inc.; Duramed Pharmaceuticals Inc.; and Duramed Pharmaceuticals Sales Corp., for allegedly anticompetitive agreements among the defendants relating to the prescription drug Aggrenox, as follows:

- *Cesar Castillo, Inc.* v. Boehringer Ingelheim Pharma GMBH & Co. KG et al., No. 3:14-cv-00225;

- *American Sales Company, LLC* v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al., No. 3:14-cv-00003;

- *Miami-Luken, Inc.* v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al., No. 14-cv-00477; and

- *Rochester Drug Co-Operative, Inc.* v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al., No. 3:14-cv-000485.

- *Professional Drug Company, Inc.* v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al., No. 3:13-cv-01776-SRU (D. Conn.);[1]

**WHEREAS**, on April 3, 2014, the Judicial Panel for Multidistrict Litigation centralized the direct purchaser class cases, among others, in this Court; and

**WHEREAS**, direct purchaser class plaintiffs Cesar Castillo, Inc., American Sales Company, LLC, Rochester Drug Co-Operative, Inc., and Miami-Luken, Inc. have moved for entry of case management orders and appointment of lead counsel pursuant to Fed. R. Civ. P. 23(g)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

---

[1] On April 9, 2014, Professional Drug Company by and through its counsel voluntarily dismissed its case by stipulation with defendants. Dkt. 35, C.A. No. 13-cv-01776.

### A. Consolidation and Coordination for All Purposes

1. Fed. R. of Civ. P. 42(a) states that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." All actions involve allegations by purchasers that stem from defendants' alleged unlawful agreements to illegally allocate the market for Aggrenox and generic versions thereof.

2. Therefore, all direct purchaser class actions are hereby consolidated for all purposes. All pleadings shall bear the caption above, note that they are related to "All Direct Purchaser Class Actions," and be filed in the Master File: *In re: Aggrenox Antitrust Litigation*, Civil Action No.: 14-md-02516-SRU. One docket will be maintained for these actions, and all entries will be docketed in the Master File. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the individual actions consolidated under the Master File Docket Number.

3. All actions related to the direct purchaser class actions filed in or transferred to this district, whether or not yet filed, shall bear the following caption:

| | |
|---|---|
| IN RE: AGGRENOX<br>ANTITRUST LITIGATION<br><br>*This Document Relates to:* | MDL No. 2516<br><br>Master File No. 14-md-02516-SRU |

4. When a pleading relates to all actions to which this Order applies, the words "All Actions" shall appear immediately below the Master File Docket Number in the caption. When a pleading relates only to some, but not all, such actions, the docket number for each action to which the pleading relates shall appear immediately below the Master File Docket Number in the caption.

5. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance with this Court.

6. Any new filings in, or transferred to, this Court that are related to the direct purchaser class actions shall be deemed consolidated unless an objection is filed within 14 days and the objection is sustained.

7. Any *non-class* direct purchaser actions shall be coordinated with the direct purchaser class actions.

**B.     Class Counsel for Consolidated Direct Purchaser Class Actions**

8. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as interim liaison class counsel for the proposed class of direct purchaser plaintiffs:

David R. Schaefer
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
(203) 772-2600
dschaefer@bswlaw.com


9. Liaison counsel shall (a) communicate with the Court on behalf of the direct purchaser class plaintiffs, (b) receive and distribute notices, orders, motions and briefs on behalf of and among the direct purchaser class lead counsel, (c) handle administrative and ministerial

matters; (d) advise the direct purchaser lead counsel about developments in the case, and (e) perform any other function the Court or direct purchaser class lead counsel may request.

      10.     Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as interim lead class counsel for the proposed direct purchaser class:

> Linda P. Nussbaum
> GRANT & EISENHOFER P.A.
> 485 Lexington Avenue
> New York, NY 0017
> (646) 722-8500
> lnussbaum@gelaw.com

      11.     Lead counsel shall have sole authority over the following matters on behalf of the proposed direct purchaser class and all named plaintiffs in the consolidated direct purchaser class actions: (a) communication with defense counsel, (b) convening meetings of counsel, (c) initiation, response, scheduling, briefing and argument of all motions, (d) the scope, order and conduct of all discovery proceedings, (e) such work assignments to other counsel as they may deem appropriate; (f) the retention of experts, (g) designation of which attorneys may appear at hearings and conferences with the Court, (h) the timing and substance of any settlement negotiations with the defendants, (i) all financial expenditures, (j) the allocation of attorneys' fees, if any are awarded by the Court, and (k) other matters concerning the prosecution of or resolution of their respective cases.

      12.     Only lead counsel may initiate or file any motions in the consolidated direct purchaser class actions.

      13.     Only lead counsel has the authority to communicate with the defendants' counsel on behalf of plaintiffs in the direct purchaser class actions. Defendants' counsel may rely on all agreements made by lead counsel. All such agreements shall be binding on all counsel in the direct purchaser class actions.

14. All plaintiffs' counsel in the direct purchaser class actions must keep contemporaneous time and expense records and submit them periodically to lead counsel or their designee.

**IT IS SO ORDERED.**


Dated: _____

                                                  _____
                                                  THE HONORABLE STEFAN R. UNDERHILL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys having appeared and who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   April 29, 2014

By: /s/ David R. Schaefer, Esq.