IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: AGGRENOX ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Indirect-Purchaser Actions | Docket No. 3:14 MD 2526 (SRU)<br><br>Hon. Stefan R. Underhill |

**[PROPOSED] ORDER APPOINTING INTERIM
<u>CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL</u>**

**WHEREAS**, Plaintiff Humana, Inc. ("Humana") filed its Complaint on April 28, 2014, *Humana v. Boheringer Ingelheim Pharma GmbH & Co. KG, et al.*, 14-cv-05762 (D. Conn.), alleging that on or about May 31, 2007, Defendants' entered into a reverse payment agreement that was intended to, and did, thwart generic competition for the brand name prescription drug Aggrenox, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 and state laws.

**WHEREAS**, on December 13, 2013, Defendants filed their initial Motion to Transfer eleven related class actions to this Court with the Judicial Panel on Multidistrict Litigation ("JPML") under 28 U.S.C. § 1407. *In re: Aggrenox Antitrust Litig.*, MDL Docket 2516 (U.S.J.P.M.L.) (Dkt. No. 1).

**WHEREAS**, pursuant to an April 3, 2014 Order, the JPML transferred the related actions to this Court for coordinated proceedings before Your Honor. *In re: Aggrenox Antitrust Litig.*, MDL No. 2516 (U.S.J.P.M.L.) (Dkt. No. 109),

**WHEREAS**, on April 29, 2014, this Court entered a Practice and Procedure Order governing the practices and procedures in all actions transferred to this Court by the JPML pursuant to its April 3, 2014 Order, as well as all related actions originally filed in this Court or

transferred or removed to this Court. The April 29, 2014 Order also governs the practice and procedure in any tag-along action transferred to this Court by the Judicial Panel on Multidistrict Litigation. *In re: Aggrenox Antitrust Litig.*, 3:14-md-2516 (D. Conn.) (Dkt. No. 37).

**WHEREAS**, pursuant to its April 29, 2014 Order, this Court consolidated all such actions into two groups for pretrial purposes: all Direct-Purchaser Actions and all Indirect-Purchaser Actions.

**WHEREAS**, pursuant to a May 7, 2014 Order, this Court transferred Humana's April 28, 2014 action to the Master File Docket established in the April 29, 2014 Order. *In re: Aggrenox Antitrust Litig.*, 3:14-md-2516 (D. Conn.) (Dkt. No. 45).

**WHEREAS**, the Indirect-Purchaser Actions currently before this Court include: *A.F. of L. - A.G.C. Buildings Trade Welfare Plan v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:13-cv-01716 (D. Conn.); *Painters District Council No. 30 Health & Welfare Fund v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:13-cv-01763 (D. Conn); *Welfare Plan Of The International Union Of Operation Engineers Locals 137, 137A, 137B, 137C, 137R v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-00336 (D. Conn.); *Minnesota And North Dakota Bricklayers And Allied Craftworkers Health Fund v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 0:13-cv-03588 (D. Minn.); *School Cafeteria Employees Local 634 Health And Welfare Fund v. Teva Pharmaceuticals USA Inc. et al.*, No. 0:13-cv-03650 (D. Minn.); *AGC-International Union Of Operating Engineers Local 701 Health & Welfare Trust Fund v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 0:14-cv-00748 (D. Minn.); *IAFF Local 22 Health & Welfare Fund v. Teva Pharmaceuticals USA, Inc., et al.*, No. 0:13-cv-03648 (D. Minn.); *International Union Of Painters And Allied Trades, District Council 21 v. Teva Pharmaceuticals USA, Inc. et al.*, No. 0:14-cv-00050 (D. Minn.); *Newspaper*

*And Magazine Employees Health And Welfare Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-07806 (D.N.J.); *MAN-U Service Contract Trust Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-07068 (E.D. Pa.); *AFSCME District Council 47 Health & Welfare Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:14-cv-00151 (E.D. Pa.); *International Union Of Operating Engineers Local 132 Health And Welfare Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-06579 (E.D. Pa.); *United Food And Commercial Workers Local 1776 & Participating Employers Health And Welfare Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-06734 (E.D. Pa.); *Local 17 Hospitality Benefit Fund V. Boehringer Ingelheim Pharma GmbH & Co. KG et al.*, No. 0:14-cv-00130 (D. Minn.); *Fraternal Order Of Police Miami Lodge 20, Insurance Trust Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-06999 (E.D. Pa.); *NECA-IBEW Welfare Trust Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:14-cv-00329 (E.D. Pa.); *Pirelli Armstrong Retiree Medical Benefits Trust v. Teva Pharmaceuticals USA, Inc. et al.*, No. 3:13-cv-01382 (M.D. Tenn.); *Twin City Iron Workers Health And Welfare Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:14-cv-01921 (E.D. Pa.); *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:13-cv-06692 (E.D. Pa.) and *Humana v. Boheringer Ingelheim Pharma GmbH & Co. KG, et al.*, 14-cv-05762 (D. Conn.).

**WHEREAS**, on May 12, 2014 Humana filed its Motion for Appointment of Interim Co-Lead Class Counsel and Liaison Counsel and supporting memorandum therewith. *In re: Aggrenox Antitrust Litig.*, 3:14-md-2516 (D. Conn.).

**IT IS HEREBY THEREFORE ORDERED** that:

1. **Appointment of Interim Co-Lead Class Counsel and Liaison Counsel**. Pursuant to FRCP Rule 23(g)(3), the Court designates Lowey Dannenberg Cohen & Hart, P.C.

and Rawlings & Associates, PLLC as Interim Co-Lead Class Counsel and Lowey Dannenberg Cohen & Hart, P.C. as Liaison Counsel with the responsibilities hereinafter described.

  2. Interim Co-Lead Class Counsel shall have sole authority over the following matters on behalf of all Plaintiffs in the Indirect-Purchaser Actions:

  a. To make, brief and argue all motions, and to file papers and participate in proceedings initiated by other parties;

  b. To initiate, conduct and defend discovery proceedings;

  c. To act as spokesperson at pretrial conferences;

  d. To negotiate with defense counsel with respect to settlement and other matters;

  e. To call meetings of counsel for all Plaintiff(s) in the Indirect-Purchaser Action;

  f. To make all work assignments to Plaintiff(s)' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

  g. To conduct trial and post-trial proceedings;

  h. To consult with and employ experts;

  i. To request that the Court approve settlements, if any, and fee awards;

  j. To allocate fees;

  k. To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and

  l. To coordinate and communicate with Defendant(s)' counsel with respect to matters addressed in this paragraph or its subparts.

  3. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff in the Indirect-Purchaser Actions except through Interim Co-Lead Class Counsel and no Plaintiff(s)' counsel shall be authorized to perform any work in the case without

the express authorization of Interim Co-Lead Class Counsel. Interim Co-Lead Class Counsel shall also ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative communications among plaintiff(s)' counsel.

4. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant(s)' counsel may rely on all agreements made with interim class counsel, and such agreements shall be binding on all other Plaintiff(s)' counsel.

5. Nothing herein shall limit the requirements on any Plaintiff and their counsel set forth in FRCP Rule 23, or shall pertain to whether the Indirect-Purchaser Actions should be certified as a class action, whether any Plaintiff is an adequate representative of any class that may be certified, or whether a Plaintiff(s)' counsel is adequate counsel for any such class.

6. Nothing herein shall limit Defendant(s)' right to oppose in the Indirect-Purchaser Actions the certification of any class or the final appointment of any class representative or class counsel.

7. **No Waiver of Claims or Defenses**. The terms of this Order shall not prejudice or constitute a waiver by any party of any claims in or defenses to the Indirect-Purchaser Actions.

Dated: _____, 2014

SO ORDERED

THE HONORABLE STEFAN R. UNDERHILL

{2646 / ORD / 00122545.DOCX v1}

## Certificate of Service

I hereby certify that on May 12, 2014, a copy of Plaintiff Humana Inc.'s [Proposed] Order Appointing Interim Co-Lead Class Counsel and Liaison Counsel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Peter St. Phillip

Peter St. Phillip (District of Connecticut Bar No. ct29379)
One North Broadway, Suite 509
White Plains, NY 10601-2301
Telephone:  (914) 997-0500
Facsimile:  (914) 997-0035
E-mail:     pstphillip@lowey.com

{2646 / MISC / 00122560.DOC v1}