UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION | Docket No. 3:14 MD 2516 (SRU) |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | |

**PLAINTIFF AMERICAN SALES COMPANY LLC'S STATEMENT
IN FURTHER SUPPORT OF PLAINTIFFS MIAMI-LUKEN, INC., ROCHESTER
DRUG CO-OPERATIVE, INC., AND AMERICAN SALES COMPANY, LLC'S
MOTION FOR THE ENTRY OF CASE MANAGEMENT ORDER NO. 1**

Hagens Berman Sobol Shapiro LLP ("HBSS"), attorneys for Plaintiff American Sales Company, LLC, had hoped not to have the Court presented with competing leadership applications. Through the give and take that ordinarily occurs in multi-party actions, the great majority of lawyers representing direct purchaser plaintiffs had agreed to a proposed organizational structure that included three co-lead firms and most other firms on an advisory Executive Committee, including those challenging the proposal. Even as conflict has proven unavoidable, HBSS has refrained from soliciting support from absent class members, or diminishing the qualifications of competing counsel.

But with the submission of competing proposals, a decision is required. Accordingly, HBSS submits this supplement to its motion for the appointment of Garwin, Gerstein & Fisher, LLP, Berger & Montague, P.C., and HBSS in a three-way co-lead structure for direct purchaser plaintiffs, to underscore three points.

*First,* the proposed firms have a proven track record of experience, knowledge, commitment of resources, and success in large direct purchaser antitrust pharmaceutical class

actions. As a result of their experience, each of the firms has developed substantial experience in pharmaceutical antitrust litigation, from initial planning to trial. As for HBSS, it is one of the few plaintiffs' firms in the United States that takes complex pharmaceutical litigation to trial. Recent pharmaceutical industry cases that HBSS, and Mr. Sobol in particular, has served as lead trial counsel, include *In re Neurontin Mktg., Sales Practices, and Prods. Liab.Litig.* (D. Mass. MDL No. 1629) and *In re Pharm. Indus. Average Wholesale Price Litig.* (D. Mass. MDL No. 1456), where HBSS faced four major pharmaceutical manufacturers as opponents.

*Second,* the most common means of selecting class counsel is the so-called "private ordering" approach, whereby involved counsel jointly come to a consensus and submittheir recommendation for approval. *See Manual of Complex Litigation, Fourth*, § 21.272 (Federal Judicial Center 2004) ("The lawyers agree who should be lead class counsel and thecourt approves the selection after a review to ensure that the counsel selected is adequate torepresent the class interests."). Courts encourage the private ordering process of lead counselselection, particularly where the litigation will require substantial work and contribution of significant resources to finance the litigation by plaintiffs' counsel. *See id.*at § 10.22. Here, wherethree of the four plaintiff groups, all represented by experienced pharmaceutical antitrust practitioners, reach consensus on a proposed leadership structure, the Court may give the parties' private ordering substantial weight.

*Third,* the three-way co-leadership structure has distinct advantages over the various possible alternatives. A three-way lead structure allows important litigation strategy decisions to be made by a number of learned, experienced lawyers, with potentially different perspectives and diverse strategies. At the same time, it avoids the possibility of deadlock on important matters

possible with a two co-lead structure and the potential "tyranny of the one" a single lead counsel structure might impose.

Finally, we raise one administrative matter. In its Practice and Procedure Order dated April 29, 2014, ¶15, the Court advised that "[n]o parties to any of these actions shall be required to obtain local counsel in this District." (Doc. no. 37).HBSS's leadership motion, submitted before the Order was issued, included as liaison counsel attorneys in this District. We are counsel in several nationwide direct purchaser pharmaceutical antitrust actions in which the Court has been aided by liaison counsel from the district, *e.g.,Lipitor Direct Purchaser Antitrust Litigation,* D.N.J., MDL No. 2332, and others in which the Court has dispensed with the requirement, *e.g., In re Skelaxin (Metaxalone) Antitrust Litigation*, E.D. Tenn., 12-md-2343. We defer to the Court's judgment on whether counsel from the District will aid the Court in this case.

Dated:  May 19, 2014                                                         Respectfully submitted,

                                                                             /s/
Gerald C. Pia, Jr. (ct21296)
Brian C. Roche (ct17975)
Roche Pia LLC
Two Corporate Drive, Suite 248
Shelton, CT 06484
Tel: (203) 944-0235
Fax: (203) 567-8033
Email: gpia@rochepia.com
              broche@rochepia.com

Thomas M. Sobol
David S. Nalven
Ed Notargiacomo
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
tom@hbsslaw.com
davidn@hbsslaw.com
ed@hbsslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on today's date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Gerald C. Pia, Jr.