UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION | MDL No. 2516 |
| This Document Relates To: | Master File No. 3:14-md-02516-SRU |
| All Direct Purchaser Actions | Hon. Stefan R. Underhill |
| *Cesar Castillo, Inc. v. Boehringer Ingelheim Pharma GMBH & Co. KG et al.*, No. 3:14-cv-00225 | |
| *American Sales Company, LLC v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-00003 | |
| *Miami-Luken, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 14-cv-00477 | |
| *Rochester Drug Co-Operative, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-000485 | |

**REPLY TO GARWIN GERSTEIN & FISHER LLP'S FILINGS IN OPPOSITION TO THE CROSS-MOTION FOR APPOINTMENT OF GRANT & EISENHOFER P.A. AS INTERIM LEAD CLASS COUNSEL AND BRENNER, SALTZMAN & WALLMAN LLP AS LIAISON COUNSEL AND TO "STATEMENTS" BY BERGER AND MONTAGUE, P.C. AND HAGENS BERMAN SOBOL SHAPIRO, LLP**

David R. Schaefer (ct04334)
BRENNER, SALTZMAN &
WALLMAN LLP
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax: (203) 562-2098
dschaefer@bswlaw.com

Linda P. Nussbaum
Peter A. Barile III (ct24434)
Bradley J. Demuth
Adam Steinfeld
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
lnussbaum@gelaw.com
pbarile@gelaw.com
bdemuth@gelaw.com
asteinfeld@gelaw.com

Brent W. Landau
HAUSFELD LLP
1604 Locust Street
Philadelphia, PA 19103
Tel.: (215) 985-3273
Fax: (215) 985-3271
blandau@hausfeldllp.com

Plaintiff Cesar Castillo, Inc. ("CCI") respectfully submits this reply to Garwin Gerstein & Fisher LLP's ("Gerstein") filings in opposition to the Cross-Motion for Appointment of Grant & Eisenhofer P.A. ("G&E") as Interim Lead Class Counsel and Brenner, Saltzman & Wallman LLP ("Brenner Saltzman") as Liaison Class Counsel and to "Statements" by Berger and Montague, P.C. ("B&M") and Hagens Berman Sobol Shapiro, LLP ("HBSS").

Gerstein's filing in opposition to CCI's cross-motion for appointment of G&E and Brenner Saltzman is an unprofessional attack that, as in the *Nexium* case referenced by Gerstein, is "most unseemly" and "reflects most poorly" on its perpetrators. (ECF 55:13.) Notably, Gerstein's co-applicants – B&M and HBSS – did not join in Gerstein's filing but instead submitted their own, positive "statements" concerning leadership. Unlike Gerstein, G&E does not intend to engage in the same sort of negative campaigning or mud-slinging, but submits this short reply to correct certain of Gerstein's most egregious misstatements.

***Support of the Class.*** Gerstein contends that "Ms. Nussbaum does not enjoy the support of the class or the confidence of other counsel" (ECF 55 at 16), but Ms. Nussbaum has represented, is regularly retained by, and continues to represent some of the largest drug purchasers in the nation (including, among others, Kaiser, CVS, and Meijer) to prosecute their antitrust claims. *See* Second Declaration of Linda P. Nussbaum ("Decl.") ¶ 6. None of the six declarations submitted by Gerstein so much as mentions Ms. Nussbaum, much less disputes her qualifications to serve as lead counsel in this case.[1] (Decl. ¶ 10.) Likewise, the "Big Three"

---

[1] Further, these declarations are substantially similar to declarations Gerstein submitted in other cases where Gerstein was vying for lead counsel, sometimes, as in *Lipitor*, ***against*** the very same firms with which he now seeks to co-lead. *Compare* ECF 55-22-27 with similar Gerstein submissions in *Lamictal*, *Lipitor*, and *Nexium*. *See* Decl, Exs. B-D, submitted herewith. The declaration of Louisiana Wholesale Drug Co., Inc. ("LWD") (ECF 55:24) is also notable because, out of the six declarations Gerstein submitted, it is the only one ***not*** to represent that the declarant actually purchased Aggrenox from its manufacturer, suggesting that LWD may not even be a Class member. Mr. Raphael's declaration refers to class members Drogueria Betances, Inc., Dakota Drug Co., and King Drug Co. of Florence as also filing supporting declarations, but no such declarations were filed. (ECF 55:5 ¶ 11.)

1

wholesalers that submitted declarations in support of B&M (ECF 58) do not ask that Ms. Nussbaum be excluded and do not endorse either Gerstein or HBSS. In fact, in every pharmaceutical case in which Ms. Nussbaum served as sole or co-lead counsel, the Big Three remained in the class without objection. (Decl. ¶ 13.)

Nor should the Court give weight to the three declarations submitted by lawyers Gerstein selected to serve on its Executive Committee. (Decl. ¶¶ 7-9.) Appointment of lead counsel is not a popularity contest based on how lead counsel will distribute fees to other counsel (ECF 55:29 ¶¶ 7-8); rather, the Court should select the firm or firms that will best represent the class. And the list of cases provided by Mr. Kohn in his declaration in which Ms. Nussbaum has purportedly not "contributed to the identification of claims on behalf of the direct purchaser class" (ECF 55:28) is misleading in several respects (Decl. ¶¶ 7-9) :

- Some of the cases included in Mr. Kohn's list are cases where in fact Ms. Nussbaum represented the first-filer and drafted the first complaint (*e.g.*, *Relafen* and *Remeron*);

- Many of the cases included are ones in which Ms. Nussbaum never filed a complaint (*e.g.*, *Prandin*, *Suboxone*, *Niaspan*, and *Loestrin 24 Fe*);

- Some of the cases are those in which Ms. Nussbaum filed an individual non-class action (*e.g.*, *Effexor XR* and *Lipitor*); and

- The list omits numerous other class antitrust drug cases in which Ms. Nussbaum represented the first-filer, or sometimes only filer, or otherwise significantly contributed to the development of direct purchaser class claims, including by serving in a lead counsel role (*e.g.*, *Toprol XL*, *DDAVP*, *Ovcon*, *Children's Ibuprofen*, *Platinol*, and *Taxol*).

*Ms. Nussbaum's Actions in this Case.* Rather than spend countless hours attacking other counsel, Ms. Nussbaum has spent time doing substantive work on this case to advance the interests of the class. As detailed in Ms. Nussbaum's declaration submitted herewith, Ms. Nussbaum acted promptly on this Court's order and took a lead role in attempting to work with Defendants in preparation for the May 22, 2014 case management conference, including coordinating and leading the two meet and confer sessions and speaking with Defendants' counsel. (Decl. ¶¶ 3-5.)

As for the investigation performed by each counsel and the order in which the complaints were filed, it suffices to note that all the complaints, including Gerstein's, rely on materials made public through the FTC's investigation. In any event, the Court has now consolidated these related cases, and all direct purchaser plaintiffs must work together to craft a consolidated complaint. In contrast to Gerstein's conduct here, when Ms. Nussbaum's client filed the first complaint (*e.g.*, *Relafen, Remeron*, *Norvir*, and *DDAVP*), sometimes months before Gerstein's, she nevertheless welcomed Gerstein to the leadership team. (Decl. ¶ 7.)

*Ms. Nussbaum's Record.* Although Gerstein attacks Ms. Nussbaum and Meijer, Inc., a client she represented in other cases, in fact Gerstein has frequently praised Meijer in other pharmaceutical litigation, arguing that Meijer was an appropriate class representative in *DDAVP*, *Miralax*, *Ovcon*, *Neurontin*, *Nifedipine*, *Norvir*, and *TriCor*. And just last week, Gerstein proffered Meijer as a class representative in *Provigil*, a case in which he serves as *sole* lead. In *Norvir* – where Ms. Nussbaum, Gerstein, and B&M were co-lead counsel – Meijer was the only class representative to testify at trial, where its direct examination was conducted by Ms. Nussbaum. According to Gerstein, the Meijer witness who testified in the *Norvir* trial provided "an illustration of the negative impact of [defendant's] price increase on Class Representative

3

Meijer."[2] Gerstein went on to tell the *Norvir* court that because of "a successful three days of trial," including Meijer's testimony, "Class Counsel were in a position to negotiate a settlement with [defendant] on terms that were significantly different – and better – than just two weeks before the start of trial."[3]

Nor is there any merit to Gerstein's claim that Ms. Nussbaum and Meijer have withdrawn "opportunistically" in other cases. Frequently, the best interests of the class dictate the withdrawal of a subset of original plaintiffs to limit unnecessary discovery and streamline the class certification process.[4] For example, HBSS and B&M both had clients withdraw in *In re Online DVD Antitrust Litigation*,[5] in which Mr. Sorensen sits on the executive committee.[6] Similarly, HBSS withdrew ASC, the client it represents in this case, in *Wellbutrin XL*.[7] And just last month, HBSS withdrew Professional Drug in this case and dismissed its *Aggrenox* complaint (3:13-cv-01776-SRU) (ECF 34). This is not to say that either these firms or their clients did anything wrong by withdrawing; it is standard operating procedure in the class action world, where multiple suits are filed, that not all plaintiffs end up being proffered as class representatives.[8]

---

[2] Decl., Ex. E (excerpt).

[3] *Id*.

[4] In *Relafen* and *Remeron*, Ms. Nussbaum's client was withdrawn so as to avoid having the class litigate assignment issues. In both cases Gerstein supported the request to the court to provide her client with incentive awards for its role in those litigations.

[5] MDL No. 2029, C.A. No. 4:09-md-2029-PJH.

[6] Decl., Ex. F (Notice of Voluntary Dismissal).

[7] Decl., Ex. G.

[8] In *Lamictal*, a 2012 case in which Gerstein is sole lead, and which was recently dismissed for failure to state a claim, Meijer and Ms. Nussbaum informed Gerstein that they were withdrawing from the case. By copy of an email to his staff, Gerstein represented to Ms. Nussbaum that his firm would be handling Ms. Nussbaum's withdrawal papers. Decl., Ex. H. On court papers filed by Gerstein since, Ms. Nussbaum has not been a signatory.

Finally, Gerstein's attack on Ms. Nussbaum for her pioneering work as lead counsel in *Lorazepam & Clorazepate* is without merit; the same arguments were considered and rejected both by then-Chief Judge Hogan and by the District of Columbia Court of Appeals. 202 F.R.D. 12, 22-23 (D.D.C. 2001) (rejecting argument that the named plaintiffs and class members "occupy different levels on the distribution chain" and "conclud[ing] that the plaintiffs have made a sufficient showing of standing"). The assertion that there was anything untoward in the settlement reached in that action is belied by the record. Chief Judge Hogan explained:

> [I]t is undisputed that this complex litigation was vigorously litigated over a protracted period of time. . . . [T]his Settlement was achieved only after 86 depositions, production, review and analysis of substantially more than a half-million pages of documents and approximately 91 CDs of data in electronic form, the filing by Class Counsel of at least 44 memoranda of law, an appeal to the D.C. Circuit, and protracted and difficult settlement negotiations.

2003 WL 22037741, *8 (D.D.C. Jun. 16, 2003). In fact, the direct purchaser class, for which Ms. Nussbaum was co-lead counsel, litigated *for an additional two years* after government regulators and the indirect purchasers settled their cases. And notwithstanding Gerstein's implication, not a single class member objected to that settlement. *Id.* at *6. The class's reaction to that settlement was, as the court put it, "**overwhelmingly positive**." *Id.* at *5. Chief Judge Hogan himself praised Ms. Nussbaum's efforts as "clearly of the highest order." *Id.* at *9.[9]

---

[9] The Court should disregard Gerstein's comments about Hausfeld LLP. (ECF 55 at 15.) The facts are these: Hausfeld, which has a Philadelphia office, served as local counsel for an indirect purchaser plaintiff that filed its complaint in the Eastern District of Pennsylvania. After the JPML ordered transfer from Philadelphia to this Court, and with the consent of the client and its principal counsel, Hausfeld withdrew as local counsel in that case. Subsequently, Hausfeld entered an appearance on behalf of CCI.

**CONCLUSION**

For the foregoing reasons, Plaintiff CCI's Cross Motion for Appointment of Grant & Eisenhofer P.A. as Interim Lead Class Counsel and Brenner, Saltzman & Wallman LLP as Liaison Counsel should be GRANTED and the motion of the other direct purchaser plaintiffs DENIED.

Dated:  May 21, 2014.                    Respectfully submitted,

By:     /s/ David R. Schaefer, Esq.
David R. Schaefer (ct04334)
BRENNER, SALTZMAN &
WALLMAN LLP
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax: (203) 562-2098
E-mail: dschaefer@bswlaw.com

Linda P. Nussbaum
Peter A. Barile III (ct24434)
Bradley J. Demuth
Adam Steinfeld
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
Email:    lnussbaum@gelaw.com
              pbarile@gelaw.com
              bdemuth@gelaw.com
              asteinfeld@gelaw.com

Brent W. Landau
HAUSFELD LLP
1604 Locust Street
Philadelphia, PA 19103
Tel.: (215) 985-3273
Fax: (215) 985-3271
E-mail:    blandau@hausfeldllp.com

*Counsel for Plaintiff Cesar Castillo, Inc. and the Proposed Direct Purchaser Plaintiff Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys having appeared and who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   May 21, 2014

By: /s/ David R. Schaefer, Esq.