UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION | MDL No. 2516 |
| This Document Relates To: | Master File No. 3:14-md-02516-SRU |
| All Direct Purchaser Actions | Hon. Stefan R. Underhill |
| *Cesar Castillo, Inc. v. Boehringer Ingelheim Pharma GMBH & Co. KG et al.*, No. 3:14-cv-00225 | |
| *American Sales Company, LLC v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-00003 | |
| *Miami-Luken, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 14-cv-00477 | |
| *Rochester Drug Co-Operative, Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-000485 | |

## SECOND DECLARATION OF LINDA P. NUSSBAUM

I, LINDA P. NUSSBAUM, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a director of Grant & Eisenhofer P.A., co-counsel for Cesar Castillo, Inc. in this action.

2. I make this Declaration in support of Plaintiff Cesar Castillo, Inc.'s Reply to Garwin Gerstein & Fisher LLP's Filings in Opposition to the Cross-Motion for Appointment of Grant & Eisenhofer P.A. As Interim Lead Class Counsel and Brenner, Saltzman & Wallman LLP as Liaison Counsel and to "Statements" by Berger and Montague, P.C. and Hagens Berman Sobol Shapiro, LLP.

3. Since the Court's April 29, 2014 order concerning consolidation of the related direct purchaser antitrust actions, I have continued my efforts to coordinate with counsel for the other direct purchasers in order to effectively and efficiently comply with the Court's directives.

1

Despite my efforts, counsel for the other direct purchasers continue to exclude me from discussion of pre-trial preparation. This systematic exclusion can be demonstrated through emails exchanged between my office and direct purchaser plaintiffs' counsel, which, due to concerns of work product privilege, will be made available to the Court for *in camera* review, if requested.

4.  Despite the conduct of other direct purchaser plaintiffs' counsel, I have continued to lead in the effort to coordinate with Defendants in preparation for the May 22, 2014 case management conference.

5.  I worked with counsel for ASC and others to draft a proposed case management report, addressing issues raised in this Court's April 29, 2014 order. This report was then shared with defendants, and on May 13, 2014 I organized and led a meet and confer with Defendants and other plaintiffs' counsel to discuss case management issues. Following correspondence with Defendants concerning such issues, I organized and led a second meet and confer call on May 19, 2014, and had a follow up call with Robert Milne, counsel for defendant Boehringer, the results of which were shared with all plaintiffs' counsel. I hope that these efforts will bear fruit during the upcoming May 22, 2014 case management conference, by highlighting areas of agreement between the parties for efficient management of this action.

6.  As detailed in my first declaration, major significant purchasers of pharmaceutical products have repeatedly shown their confidence in my professional skills. In 2014 alone, I have represented Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, Kaiser Foundation Health plan of Colorado, Kaiser Foundation Health Plan of Georgia, Inc., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., Kaiser Foundation Health Plan of the Northwest, and Kaiser Foundation Health Plan of Ohio in *In re Neurontin Marketing and Sales*

*Practices and Products Liability Litigation*, in the District of Massachusetts (1:04cv10981-PBS), First Circuit (No. 11-1904) and United States Supreme Court (No. 13-289). I also presently represent CVS Pharmacy, Inc. in two separate complex antitrust actions. *See CVS Pharmacy, Inc. v. Visa, Inc., et al.*, 1:13cv03059 and 1:14md01720-JG-JO (E.D.N.Y.); *CVS Pharmacy, Inc. v. American Express Travel Related Services Company, Inc., et al.*, 1:08cv02316-NGG-RER (E.D.N.Y.). I have represented Meijer for over a dozen years in numerous pharmaceutical and non-pharmaceutical class and individual antitrust matters. It is also noteworthy that, in situations where I have been a sole or co-lead direct purchaser class counsel in pharmaceutical antitrust litigation, there have been no objectors and no significant opt outs. It is in part because of my reputation for excellence that CCI chose to retain me to prosecute its claims in this case – the very first case in which CCI has appeared as a named plaintiff in a class action.

7.  I have been a leader of the plaintiffs' antitrust bar for many years and have frequently been the first or one of the first to file a new case, spending significant time in research and development and investigation of new cases. I file only a fraction of the cases that I investigate. Frequently, multiple plaintiffs are investigating cases at the same time, sometimes following public disclosure of certain activity or disclosure of a government investigation into anticompetitive activity. In the pharmaceutical area, I have filed the first direct purchaser class case on a number of occasions, including:

• *Oncology & Radiation Associates, P.A. v. Bristol-Myers Squibb Company & American Bioscience*, 1:01cv02313-EGS (D.D.C.) (Taxol);

• *Meijer, Inc. and Meijer Distribution, Inc. v. Smithkline Beecham, et al.*, 1:01cv12239-WGY (D. Mass.) (Relafen);

• *Meijer, Inc. v. Organon, Inc.*, 2:03cv0085-FSH-PS (D.N.J.) (Remeron);

• *Meijer, Inc. and Meijer Distribution, Inc. v. Perrigo Company and Alpharma Inc.*, 1:04cv01366-ESH (D.D.C) (Children's Ibuprofen);

3

• *Meijer, Inc. and Meijer Distribution, Inc. v. Warner Chilcott Holdings Co. III, Ltd. et al.,* 1:05cv02195-CKK (D.D.C.) (Ovcon 35);

• *Meijer, Inc. and Meijer Distribution, Inc. v. Ferring B.V., et al.,* 05cv02237 (S.D.N.Y.) (DDAVP);

• *Meijer, Inc. and Meijer Distribution, Inc. v. AstraZeneca Pharmaceuticals LP, et al.*, 1:06cv00052-MPT (Toprol XL);

• *Meijer, Inc. and Meijer Distribution, Inc. v. Abbott Laboratories,* 4:07cv05985-CW (N.D.Cal.) (Norvir); and

• *Meijer, Inc. and Meijer Distribution, Inc. v. Braintree Laboratories, Inc.*, 1:07cv00142-SLR (D.Del.) (Miralax).

It is noteworthy that even when others, including Mr. Gerstein's and Mr. Kohn's former and present firms, eventually filed their own complaints in certain of these cases, sometimes several months later, I neither excluded them from leadership nor accused them of being "copy cats." For example, in *Relafen*, I filed a complaint on behalf of Meijer on December 18, 2001. Gerstein did not file his complaint until February 22, 2002. In *Remeron*, I filed a complaint on behalf of Meijer and a direct purchaser class on January 8, 2003. Gerstein (with whom Mr. Kohn appeared as co-counsel) did not file his complaint until January 23, 2003. In *DDAVP*, I filed a complaint on behalf of Meijer and a direct purchaser class on February 18, 2005. Gerstein did not file his complaint until March 15, 2003, and Berger & Montague, with whom Mr. Kohn was then associated, did not file its complaint until March 16, 2005. True and correct excerpts from the complaints filed by myself as well as firms representing other direct purchaser plaintiffs in *Relafen, Remeron* and *DDAVP* are attached as Exhibit A.

8.      I am also a leader of a diversified antitrust practice beyond the pharmaceutical industry. In the last two years alone, I filed the first case in *In re Aluminum Warehousing Antitrust Litigation*, 1:13md02481-KBF (S.D.N.Y.) (*Superior Extrusion, Inc. v. Goldman Sachs*

4

*Group, Inc., et al.,* 2:13cv13315-PDB-MAR (E.D.Mich.)), and *In re High-Tech Employee Antitrust Litigation,* 5:11cv02509-LHK (N.D.Cal.), and one of the first direct purchaser cases in *In re Gold Fixing Antitrust and Commodities Exchange Act Litigation*, MDL 1:14cv01459-VEC (S.D.N.Y.) (*Nalven v. London Gold Market Fixing Ltd., et al.*, 14cv01644 (S.D.N.Y.)); *In re Lithium Ion Batteries Antitrust Litigation*, 4:13md02420-YGR (N.D.Cal.) (*Criden v. Panasonic Corporation of North America, et al.*, 2:12cv06534-DMC-MF (D.N.J.)) and *Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (*Rocker v. Green Mountain Keurig, Inc.*, et al. 1:14cv01716 (S.D.N.Y.)).

9. I am selective in the cases that I choose to pursue on behalf of a purchaser class, and I often refrain from filing pharmaceutical antitrust cases, even where related actions have been filed by some of the other direct purchaser plaintiffs and their counsel now before the Court. In the Declaration of Peter Kohn, he claims that I have not "contributed to the identification or investigation of claims on behalf of the direct purchaser class" in a laundry list of cherry-picked cases. Remarkably, this list includes *Relafen* and *Remeron*, where I filed the *first case* on behalf of a direct purchaser class. Further, he fails to inform the Court that, in other cases contained on his list, I *do not represent the class*. In fact, I have never even filed a complaint in a number of the cases in which he accuses me of a failure of leadership, including: *In re Prandin Antitrust Litig.*, No. 10-12141 (E.D. Mich.), *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, No. 13-2445 (E.D. Pa.); *In re Niaspan Antitrust Litig.*, No. 13-cv-1820 (E.D. Pa.); or *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-2472 (D.R.I.). In certain other cases on Kohn's list, I represent *individual* direct purchasers, not a class, including in *In re Lipitor Antitrust Litig.*, No. 3:12-cv-2389 (PGS/DEA) (D.N.J.) and *In re Effexor XR Antitrust Litig.*, No. 11-cv-5479 (D.N.J.).

5

10. The absent class member declarations submitted by Gerstein, each from a purchaser or affiliate of the industry group that Gerstein or his co-counsel have represented in the past, are substantially similar to each other, and to declarations submitted by Gerstein in cases in which Gerstein was vying for lead counsel, sometimes, as in *Lipitor* (a case in which I did not file a class action complaint), ***against*** the very same firms with which he now seeks to co-lead. Notably, none of these declarations discredit me, or otherwise refute the fact that I am eminently qualified to represent the class. None say that Gerstein should be co-lead counsel with anyone. Each declaration submitted here ends with identical language that the declarant understands "that there may be one or more law firms other than Garwin, Gerstein & Fisher, LLP vying for a leadership position in this case," but does not identify whether the declarant has any idea who the other proposed co-lead firms are or what relation they might have to Gerstein. For comparison, a true and accurate copy of the declaration of W. Keith Elmore of King Drug Company of Florence, Inc., submitted by Mr. Gerstein in *Lamictal* is attached hereto as Exhibit B; a true and accurate copy of the declaration of Gary Prester of Dik Drug Co. submitted by Gerstein in *Lipitor* is attached hereto as Exhibit C; and a true and accurate copy of the declaration of Ken Couch of JM Smith Corp. submitted by Mr. Gerstein in *Nexium* is attached hereto as Exhibit D.

11. Likewise, the letters from the Big Three Wholesalers (AmerisourceBergen, Cardinal Health, and McKesson) submitted with B&M's May 16 Statement (ECF 58) attest to their preference for inclusion of B&M in the Class leadership. None of the letters endorse either Gerstein or HBSS; none support exclusion of myself or any other firm. In fact, none of the Big Three have chosen to opt out of a class action, or object to any settlement of such actions, in which I was lead or co-lead counsel.

12. In past cases, including cases in which he now criticizes me or my client, Gerstein has not hesitated to sing the praises of my work, or the contribution of my client. For example, in *Norvir*, myself, Gerstein, and Eric Cramer of B&M, were co-lead counsel. We decided, along with the trial team, that the representative of my client, Meijer, would testify *at trial*, and I put her on as the class representative witness. According to Gerstein, the Meijer witness who testified in the *Norvir* trial provided "an illustration of the negative impact of [defendant's] price increase on Class Representative Meijer." Gerstein went on to tell the *Norvir* court that because of "a successful three days of trial," including Meijer's testimony, "Class Counsel were in a position to negotiate a settlement with [defendant] on terms that were significantly different – and better – than just two weeks before the start of trial." A true and accurate excerpt of the Declaration of Mr. Gerstein, *et al.*, in *Norvir* is attached hereto as Exhibit E.

13. In class action cases, it is commonplace for a class representative to withdraw from the litigation prior to adjudication or settlement. In fact, each of the counsel for the other direct purchaser class plaintiffs have signed off on client withdrawals. For example, in this very case, HBSS withdrew and voluntarily dismissed the complaint of its client Professional Drug Company, Inc., shortly after transfer of the related actions to this Court. *See* ECF 34.

14. In *In re Online DVD Antitrust Litigation*, a case in which Mr. Sorensen of B&M sits on the executive committee, approximately sixty (60) plaintiffs, most represented by their own individual law firms as well as class counsel, voluntarily dismissed their claims and did not serve as class representatives, leaving other plaintiffs to fulfill the role. Among the firms whose clients withdrew as proposed class representatives were HBSS and B&M. A true and accurate copy of a Notice of Voluntary Dismissal filed in *In re Online DVD Antitrust Litigation*, MDL No. 2029, dated June 9, 2009, is attached hereto as Exhibit F. A true and accurate copy of

American Sales Company Inc.'s notice of dismissal filed in *In re Wellbutrin XL Antitrust Litig.*, Dkt. # 40, Case No. 08-cv-2431 (E.D. Pa.) (MAM) is attached hereto as Exhibit G.

15. Gerstein criticizes me for not withdrawing in the *Lamictal* case. However, I informed Gerstein of Meijer's withdrawal in July 2012. By copy of an email to his staff, Mr. Gerstein represented to me that his firm would be handling the withdrawal papers. A true and accurate copy of an email sent on behalf of Gerstein to Mr. Pearlman's office, copying me, dated July 12, 2012, is attached hereto as Exhibit H.

Done at New York, New York this 21st day of May, 2014.

                                                                   */s/ Linda P. Nussbaum*
                                                                     LINDA P. NUSSBAUM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys having appeared and who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Date:   May 21, 2014

By: /s/ David R. Schaefer, Esq.