# WHITE & CASE

White & Case LLC  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel + 1 212 819 8200  
Fax + 1 212 354 8113  
whitecase.com

Direct Dial + 1 212 819 8520   jpace@whitecase.com

January 24, 2014

BY HAND

The Honorable Mitchell S. Goldberg  
United States District Judge for the Eastern District of Pennsylvania  
601 Market Street, Room 7614  
Philadephia, PA 19106

Re:   In re Aggrenox Antitrust Litigation, MDL No. 2516  
        No. 13-cv-06543 *Miami-Luken, Inc.*  
        No. 13-cv-06579 *Int'l Union of Operating Engineers Local 132*  
        No. 13-cv-06692 *Plumbers & Pipefitters Local 178*  
        No. 13-cv-06734 *United Food and Commercial Workers Local 1776*  
        No. 13-cv-06992 *Rochester Drug Co-Operative, Inc.*  
        No. 13-cv-06999 *Fraternal Order of Police Miami Lodge 20*  
        No. 13-cv-07068 *MAN-U Service Contract Trust Fund*  
        No. 14-cv-00151 *AFSCME District Council 47*

Dear Judge Goldberg:

We represent Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"), and write on behalf of Boehringer and Defendants Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc. ("Barr"), Duramed Pharmaceuticals, Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceuticals Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) (collectively, "Defendants"), in response to the letter submitted by Plaintiffs in the eight referenced actions on January 17, 2014.

Nineteen Aggrenox antitrust cases have been brought to date, eight of which are pending before this Court.  The other eleven actions are pending in the District of Connecticut (4 actions), District of Minnesota (5 actions), District of New Jersey (1 action), and Middle District of Tennessee (1 action).  On December 13, 2013, Defendants moved before the Judicial Panel on Multidistrict Litigation ("JPML") for transfer to and centralization of pretrial proceedings in the District of Connecticut.  As explained in Defendants' motion papers, Defendant Boehringer, the innovator company that developed and now markets Aggrenox® in the United States, is headquartered in the District of Connecticut, and most of the other Defendants are located in nearby Northern New Jersey.  In this antitrust litigation, the discovery burden is likely to fall

ALMATY ANKARA ASTANA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG
HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MADRID MEXICO CITY MIAMI MILAN MONTERREY MOSCOW MUNICH
NEW YORK PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SILICON VALLEY SINGAPORE STOCKHOLM TOKYO UAE WARSAW WASHINGTON, DC

WASHINGTON 2332564

The Honorable Mitchell S. Goldberg

**WHITE & CASE**

January 24, 2014

primarily on Defendants. Many of the potentially relevant witnesses and evidence are likely to be located in the District of Connecticut, where Boehringer has its U.S. headquarters, or nearby in Northern New Jersey, where Barr is headquartered. Defendants expect that the JPML will schedule Defendants' motion for oral argument at its next hearing session on March 27, 2014.

As memorialized in the stipulation submitted to the Court on January 16, 2014, the Defendants and the Plaintiffs in the eight antitrust actions pending before this Court have agreed that Defendants' time to respond to their complaints should be extended pending a decision by the JPML. The parties have also agreed that the pretrial activity contemplated by Federal Rule of Civil Procedure 26(f) should also be largely suspended.

Plaintiffs have requested the production of two categories of documents in advance of the JPML's decision: (1) "documents Defendants have produced to or received from the Federal Trade Commission (FTC) in connection with its investigation of defendants' conduct with regard to Aggrenox or its generic equivalents, including transcripts of any investigational hearings or interviews the FTC conducted"; and (2) "documents generated in connection with the underlying patent litigation between Boehringer and Barr, including pleadings (including those filed under seal), documents produced by the parties, expert reports and deposition transcripts and exhibits."

The parties met and conferred by telephone on January 16, 2014. During that call, Defendants agreed in principle to a process of producing certain FTC and patent materials at the appropriate time, but they made clear that they were still working to understand the scope of what may exist in those two categories of documents and in what form and volume. Defendants also noted that certain logistical issues related to these potential productions would need to be resolved prior to production, including at least (1) complying with protective orders entered in the subject proceedings, and (2) potentially redacting highly confidential information concerning products other than Aggrenox. The parties will continue to meet and confer as Defendants' counsel gain information on the scope of these two categories of documents and any logistical issues associated with their production in the pending actions.

Defendants expect to include Plaintiffs' counsel from the eleven Aggrenox antitrust cases pending outside of this District in the subsequent meet and confer process. Defendants believe that all nineteen antitrust cases should stay on the same track prior to a decision on a transferee forum by the JPML. Once the parties agree on the scope of and procedure for any production of responsive materials – and as those materials become available – Defendants will produce them simultaneously to the Plaintiffs in all nineteen pending Aggrenox antitrust cases.

Respectfully,

Jack E. Pace III

    cc:    All counsel of record (*via e-mail*)