UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION | Docket No. 3:14 MD 2516 (SRU) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITY RELEVANT TO DEFENDANTS' MOTIONS TO DISMISS**

Defendants file this response to Plaintiffs' notice (ECF 226) regarding the recent decision in *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 2015 WL 356913 (E.D. Pa. Jan. 28, 2015). The *Cephalon* summary judgment decision from a district court in a different circuit does not change the need for dismissal here for the following reasons:

First, whether characterized as a "threshold" issue or something else, *Cephalon* correctly confirms that where there is no large reverse payment, there is no basis to challenge a patent settlement, particularly one that allows the generic to enter before patent expiry. *See id.* at *10. This holding is consistent with *Actavis* itself and every other district court to consider the issue. *See, e.g.*, *FTC v. Actavis, Inc.*, 133 S. Ct 2223, 2237 (2013); *In re Lamictal Direct Purchaser Antitrust Litig.*, 18 F. Supp. 3d 560 (D.N.J. 2014); *In re Loestrin 24 Fe Antitrust Litig.*, 2014 WL 4368924 (D.R.I. Sept. 4, 2014); *In re Nexium (Esomeprazole) Antitrust Litig.*, 2014 WL 4370333 (D. Mass. Sept. 4, 2014).

Second, while *Cephalon* concluded that plaintiffs have no burden to establish that any payment is not for "fair value," the Supreme Court in *Actavis* made clear that "fair value" agreements do not raise competitive "concerns" in the first instance. *See Actavis*, 133 S. Ct. at

2236 ("Where a reverse payment reflects traditional settlement considerations, such as . . . fair value for services, there is not the same [competitive] concern"). As the briefing on the motions to dismiss demonstrated here, there is no question that a plaintiff bears the burden of establishing both the existence of a reverse payment and that the settlement it challenges raises a substantial anticompetitive concern. ECF 149 at 17-18 ("MTD").

In ruling that a payment constituting fair value for services might nonetheless be actionable under *Actavis*, the *Cephalon* court relied heavily on a September 2014 decision in *Nexium*. *Cephalon*, 2015 WL 356913, at *15. But in December 2014 the *Nexium* court subsequently clarified its position and articulated a standard of law that is exactly the opposite of *Cephalon*'s holding. In the actual jury instructions delivered at trial in December 2014 (three months *after* the decision cited by the *Cephalon* court), the *Nexium* court described the law as follows:

> Whether a payment is "large" depends upon the specific circumstances of a particular case. As I said, it's got to be at least more than [the brand company's] reasonable estimated save-litigation [sic] costs. Likewise if the side deals were for fair value, even if they were part of it, if that's what in the market you would have to buy to get these services, then that isn't an unjustified payment, they're just agreeing to buy things, one from the other. *The plaintiffs have to prove* a large and unjustified payment.

Jury Instructions at 44:10-19, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-2409-WGY (D. Mass. Dec. 3, 2014) (emphasis added) (attached as Ex. A).

Thus, the *Nexium* court ultimately agreed with Defendants that an agreement by which a generic company provides services to the brand company at fair value simply is not an actionable reverse payment. The *Nexium* jury instructions in this regard are also entirely consistent with the motion to dismiss rulings of the *Lipitor* and *Effexor* courts, as Defendants previously have briefed. *See* ECF 213 at 21-25 (Reply to MTD); ECF 218 at 1 (Notice of Supp. Authority).

<u>Third</u>, and relatedly, the *Cephalon* court erred in holding that, if consideration flowing in

one direction of a settlement exceeds "fair value," the size of the payment should be viewed as the full amount of consideration flowing in that direction, not the *increment by which* it exceeds fair value.  The *Cephalon* court cited no support for this proposition, which simply cannot be squared with the Supreme Court's clear instruction that fair value consideration for goods and services does *not* qualify as a "payment for delay."  *See Actavis*, 133 S. Ct. at 2236.  When a generic company is paid fair value for the services it provides, it is not being paid simply to stay out of the market.  Logic and fairness thus dictate that only the increment by which a payment from the brand exceeds fair value for the generic's goods and services should be viewed as the relevant "payment," as the *Lipitor* and *Effexor* cases hold.  Even Plaintiffs here focus on the increment by which a payment exceeds fair value.  *See* ECF 105 at VI.C (Consolidated Amended Class Action Complaint) (alleging that Barr was paid in excess of the value of the services it provides under the co-promotion agreement).

Finally, the *Cephalon* court's holding that the size ("largeness") of a payment should not be viewed in relation to the "remaining value of the patent" likewise fails to consider clear language in *Actavis*.  The Supreme Court made clear that the size of the payment could be used as a proxy for assessing the brand firm's confidence in the patent case.  *Actavis*, 133 S. Ct. at 2236-37 ("size of [an] unexplained reverse payment" can provide a "workable surrogate" for merits of the patent); *see also* MTD at 45-46.[1]

Defendants stand ready to address the recent *Cephalon* decision in more detail should the Court determine that further briefing would be helpful to the Court's consideration of Defendants' motions to dismiss.

---

[1] In *Cephalon*, the court had already determined that the patent at issue had been secured by inequitable conduct and therefore was invalid, which itself provided the basis for a so-called *Walker Process* fraud antitrust claim.  Plaintiffs here make only the barest of conclusory assertions that Barr should have won the patent case.  MTD at 33-34.

Dated:  February 6, 2015                    Respectfully Submitted

*/s/ J. Mark Gidley*_____
J. Mark Gidley (pro hac vice) (ct 22743)
Peter J. Carney (pro hac vice) (ct 24721)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

Robert A. Milne (pro hac vice)
Jack E. Pace III (pro hac vice)
Alison Hanstead (pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Richard P. Colbert (ct 08721)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG*

Christopher T. Holding (ct 29474)
Robert D. Carroll (pro hac vice)
Sarah Frederick (pro hac vice)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

James T. Shearin (ct 01326)
PULLMAN & COMLEY, LLC
850 Main Street, PO Box 7006
Bridgeport, CT 06601-7006
Telephone:  (203) 330-2000

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals Inc. (n/k/a Barr Pharmaceuticals, LLC), Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceuticals Sales Corp. (n/k/a Teva Sales and Marketing, Inc.)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2015, a copy of foregoing Defendants' Response to Plaintiffs' Notice of New Authority Relevant to Defendants' Motions to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:  February 6, 2015                                   Respectfully submitted,


                                              */s/ J. Mark Gidley*_____
                                              J. Mark Gidley
                                              WHITE & CASE LLP
                                              701 Thirteenth Street, NW
                                              Washington, DC  20005
                                              Telephone:  (202) 626-3600
                                              Facsimile:  (202) 639-9355