UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX<br>ANTITRUST LITIGATION | Docket No. 3:14 MD 2516 (SRU) |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

**DIRECT PURCHASER CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE MARCH 23, 2015 ORDER <u>FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.   THE STANDARDS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b) . 3

II.  THE DISTRICT COURT APPLIED CONTROLLING SECOND CIRCUIT
     AUTHORITY IN DENYING DEFENDANTS' MOTION TO DISMISS ON STATUTE
     OF LIMITATIONS GROUNDS AND THERE IS NO SUBSTANTIAL GROUND FOR
     DIFFERENCE OF OPINION ............................................................................................ 4

III. THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION
     REGARDING THIS COURT'S DECISION THAT PLAINTIFFS ADEQUATELY
     ALLEGE ANTITRUST INJURY AND CAUSATION ..................................................... 9

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allen v. Dairy Farmers of Am., Inc.*,
  748 F. Supp. 2d 323 (D. Vt. 2010) ........................................................................................7

*Ark. Carpenters Health & Welfare Fund v. Bayer AG*,
  604 F.3d 98 (2d Cir. 2010) ................................................................................................2, 6

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
  603 F.2d 263 (2d Cir. 1979) ........................................................................................1, 4, 5

*Bigelow v. RKO Radio Pictures, Inc.*,
  327 U.S. 251 (1946) ..............................................................................................................9

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ..............................................................................................................3

*FTC v. Actavis, Inc.*,
  133 S. Ct. 2223 (2013) ........................................................................................................10

*Fed. Grievance Comm. v. Williams*,
  743 F.3d 28 (2d Cir. 2014) ...................................................................................................6

*Fishman v. Cnty. of Nassau*,
  2011 U.S. Dist. LEXIS 123855 (E.D.N.Y. Oct. 26, 2011) ...................................................3

*Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*,
  2003 U.S. Dist. LEXIS 18531 (W.D.N.Y. Sept. 4, 2003) ....................................................6

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*,
  392 U.S. 481 (1968) ..............................................................................................................5

*In re Buspirone Patent & Antitrust Litig.*,
  185 F. Supp. 2d 363 (S.D.N.Y. 2002) ..................................................................................7

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
  261 F. Supp. 2d 188 (E.D.N.Y. 2003) ..................................................................................7

*In re K-Dur Antitrust Litig.*,
  338 F. Supp. 2d 517 (D.N.J. 2004) .....................................................................................10

*In re Nexium Antitrust Litig.*,
  968 F. Supp. 2d 367 (D. Mass. 2013) .................................................................................10

*In re Niaspan Antitrust Litig.*,
  42 F. Supp. 3d 735 (E.D. Pa. 2014) ....................................................................................10

*Kaiser Found. Health Plan, Inc. v. Abbott Labs.*,
  552 F.3d 1033 (9th Cir. 2009) .......................................................................................9, 10

*King Drug Co. of Florence v. Cephalon, Inc.*,
    702 F. Supp. 2d 514 (E.D. Pa. 2010) ...................................................................................9

*Klehr v. A.O. Smith Corp.*,
    521 U.S. 179 (1997) ...............................................................................................................5

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*,
    921 F.2d 21 (2d Cir. 1990) ..............................................................................................3, 6

*Lotes Co. v. Hon Hai Precision Indus.*,
    753 F.3d 395 (2d Cir. 2014) ................................................................................................6

*Private Retreats Belize, L.L.C. v. Gram* (*In re Complete Retreats, L.L.C.*),
    2008 U.S. Dist. LEXIS 4401 (D. Conn. Jan. 23, 2008) .................................................3

*Sloane Overseas Fund, Ltd. v. Sapiens Int. Corp. N.V.*
    1997 WL 16664 (S.D.N.Y. Jan. 16, 1997));..................................................................6

*Tasciyan v. Marsh USA, Inc.*,
    2007 U.S. Dist. LEXIS 23001 (S.D.N.Y. Mar. 28, 2007) ............................................3

*United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharm. USA*,
    2014 WL 6465235 (N.D. Cal. Nov. 17, 2014) ............................................................10

*United States v. Grimm*,
    738 F.3d 498 (2d Cir. 2013) ................................................................................................2

*United States v. Snow*,
    462 F.3d 55 (2d Cir. 2006) ..............................................................................................2, 6

*Vitale v. Marlborough Gallery*,
    1994 WL 654494 (S.D.N.Y. July 5, 1994) ......................................................................7

*Walker v. Eastern Air Lines, Inc.*,
    785 F. Supp. 1168 (S.D.N.Y. 1992) ...................................................................................6

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
    151 F. Supp. 2d 488 (S.D.N.Y. 2001) ...............................................................................3

*Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*,
    964 F.2d 85 (2d Cir. 1992) ..................................................................................................3

*Williston v. Eggleston*,
    410 F. Supp. 2d 274 (S.D.N.Y. 2006) ...............................................................................3

*Z Techs. Corp. v. Lubrizol Corp.*,
    753 F.3d 594 (6th Cir. 2014) ..............................................................................................8

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971) ........................................................................................................5

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ............................................................................................................ passim

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1

**INTRODUCTION**

Defendants[1] seek immediate appellate review of this Court's Memorandum of Decision and Order (the "Decision") denying their Federal Rule of Civil Procedure 12(b)(6) motion to dismiss (Dkt No. 236-1) which held, among other things, that the direct purchaser class plaintiffs' ("Plaintiffs'")[2] antitrust claims were not time barred and that Plaintiffs had adequately pleaded causation.  Certification of a nonappealable order under 28 U.S.C. § 1292(b) is an extraordinary procedure and Defendants do not come close to satisfying the statute's requirements.

A party seeking § 1292(b) certification must show, among other things, that the order involves a controlling question of law "*as to which there is substantial ground for difference of opinion*."  In denying Defendants' motion for dismissal on statute of limitations grounds, this Court applied the Second Circuit's holding in *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979), to the allegations in this case virtually word-for-word:

> 'We hold, therefore, that a purchaser suing a monopolist for overcharges paid within the previous four years may satisfy the conduct prerequisite to recovery by pointing to anticompetitive actions taken before the limitations period.' *Berkey Photo*, 603 F.2d at 296.  That is precisely the scenario plaintiffs allege.

Decision at 13.

Defendants nonetheless contend that *Berkey Photo*'s controlling authority was called into question by a more recent Second Circuit opinion *United States v. Grimm*, 738 F.3d 498 (2d Cir.

---

[1] Defendants include Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, Boehringer Ingelheim Pharmaceuticals, Inc., (collectively "Boehringer"), Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals Inc., Duramed Pharmaceuticals Inc., and Duramed Pharmaceuticals Sales Corp (collectively "Barr").  Boehringer and Barr are collectively referred to as "Defendants."

[2] Plaintiffs include Miami-Luken, Inc., Rochester Drug Co-Operative, Inc., American Sales Company, LLC, and Cesar Castillo, Inc.

2013). As this Court noted, however, *Grimm* was a criminal case that did not involve an antitrust violation and did nothing to "abrogate[] or otherwise cast[] doubt on the authority or reasoning of *Berkey Photo*." Decision at 12-13. Moreover, the *Grimm* decision, as a matter of fact and law, could not overrule the controlling authority of *Berkey Photo*. A panel of the Second Circuit cannot overrule a prior decision "absent a change in the law by higher authority or by way of an *en banc* proceeding." *United States v. Snow*, 462 F.3d 55, 65 n.11 (2d Cir. 2006); *accord Arkansas Carpenters Health and Welfare Fund v. Bayer AG*, 604 F.3d 98, 108 (2d Cir. 2010).

Similarly, Defendants claim that "there is substantial ground for difference of opinion" based on their mischaracterization of district court opinions in this Circuit and opinions from other circuits. But this cannot satisfy the requirements for § 1292(b) certification even if their renditions of the cases were correct – and they are not. Thus, Defendants' request for interlocutory appeal fails at the outset since this Court was bound to apply the controlling authority of *Berkey Photo*, which it did, and there can be no claim that in this Circuit there is substantial ground for difference of opinion.

Defendants' argument regarding causation is equally baseless. They fail to provide *any* authority contravening this Court's ruling that Plaintiffs' allegations were sufficient to withstand a motion to dismiss, let alone authority that would suggest there is substantial ground for difference of opinion. Every court that has addressed the causation pleading requirements in a Hatch-Waxman antitrust case has upheld the very same allegations regarding but-for earlier entry that Plaintiffs have pleaded here. As with the statute of limitations defense, there is no basis for certification pursuant to § 1292(b).

**ARGUMENT**

I.  **THE STANDARDS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), and The Second Circuit has repeatedly "urg[ed] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*, 964 F. 2d 85, 89 (2d Cir. 1992); *accord Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). Certification under § 1292(b) was not meant to substitute an appellate court's judgment for that of the trial court before final judgment, even on important issues. *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006). Certification is only appropriate where the district court believes that its order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). A district court need not consider the first and third prongs if the court is unpersuaded that there is a substantial ground for difference of opinion as to any controlling question of law. *Tasclyan v. March USA, Inc.*, No. 07-Civ-99-SAS, 2007 U.S. Dist. LEXIS 23001, *17 (S.D.N.Y. Mar. 28, 2007); *Fishman v. County of Nassau*, No. 10-cv-3231, 2011 U.S. Dist. LEXIS 123855, 13-14 (E.D.N.Y. Oct. 26, 2011). Mere disagreement with a district court's ruling does not create a substantial difference of opinion. *Private Retreats Belize, LLC v. Gram (In re Complete Retreats, LLC)*, No. 07-mc-152, 2008 U.S. Dist. LEXIS 4401, 9-10 (D. Conn. Jan. 23, 2008); *see also Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001).

Defendants have failed to show there is a substantial ground for difference of opinion regarding the issues for which they seek interlocutory appeal. Certification pursuant to § 1292(b) is inappropriate here.

## II. THE DISTRICT COURT APPLIED CONTROLLING SECOND CIRCUIT AUTHORITY IN DENYING DEFENDANTS' MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS AND THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

Only very reluctantly have Defendants acknowledged the Second Circuit's *Berkey Photo* decision, and they continue to give it little respect. In this Circuit, however, *Berkey Photo* controls the application of the antitrust statute of limitations to cases where a direct purchaser seeks to recover overcharges it paid. In *Berkey Photo*, the district court had dismissed the plaintiff's overcharge claims, ruling "that the cause of action of a purchaser to recover an illegal overcharge accrues when the defendant engages in the anticompetitive conduct that is a perquisite for suit," *Berkey Photo*, 603 F.2d at 295 – the very same ruling that Defendants seek here.[3] But the Second Circuit reversed, holding:

> that a purchaser suing a monopolist for overcharges paid within the previous four years may satisfy the conduct prerequisite to recovery by pointing to anticompetitive actions taken before the limitations period.

*Id.* at 296. As this Court stated, the Second Circuit's explicit holding cannot be considered dictum and it addressed "precisely the scenario that the plaintiffs allege," (Plaintiffs are not seeking to recover overcharges paid more than four years before bringing suit). Decision at 13.[4]

---

[3]Plaintiffs allege that the settlement agreement executed in August 2008 delayed generic competition and caused them to pay substantial overcharges. The complaint was filed in November, 2013, but Plaintiffs only seek to recover overcharges that were paid within four years of the filing of the complaint (and thereafter).

[4] Further, as this Court noted, *Berkey Photo* distinguished between a suit brought by injured rival and an overcharged purchaser: "a purchaser, by contrast, is not harmed until the monopolist actually exercises its illicit power to extract and excessive price . . .So long as a monopolist

4

The Second Circuit's *Berkey Photo* decision was not *sui generis*, but based on Supreme Court precedent that recognized that in "'the context of a continuing conspiracy to violate the antitrust laws . . . each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act . . . [A]s to those damages, the statute of limitations runs from the commission of the act.'" *Berkey Photo*, 603 F.2d at 295 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971)); *accord Hanover Shoe v. United Shoe Mach. Corp.*, 392 U.S. 481, 502 n.15 (1968).[5] And the Supreme Court more recently reaffirmed the principle that a purchaser is injured when it pays the overcharge: "each overt act that is part of the violation and injures the plaintiff, *e.g., each sale to the plaintiff*, starts the statutory period running again regardless of the plaintiff's knowledge of the illegality at much earlier times." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997) (emphasis added; quotations omitted).

Defendants contend that this Court misconstrued *Berkey Photo* and that the Second Circuit's more recent decision in *Grimm* rejected *Berkey Photo's* analysis. Defs.' Br. at 14. But even if *Grimm* were a civil case – which is was not – and even if *Grimm* were an antitrust case – which it was not – and even if *Grimm* questioned the analysis in *Berkey Photo* – which it did not (in fact *Grimm* did not mention *Berkey Photo* once) – *Grimm* could not, as a matter of law, overrule *Berkey Photo*. "In general, a panel of [the Second Circuit] is bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of [that] Court or by

---

continues to use the power it has gained to illicitly overcharge its customers, it has no claim on the repose that a statute of limitations is intended to provide. . . . The purchaser's cause of action therefore, accrues only on the date damages are suffered." *Berkey Photo*, 603 F.2d at 295.

[5] Although Defendants attempt to characterize the "act" as the execution of the settlement agreement, *Berkey Photo* makes clear that the relevant "act" is the later sale of the product to consumers at an unlawfully supracompetitive price.

the Supreme Court." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (internal quotation marks omitted); *see also Fed. Grievance Comm. v. Williams*, 743 F.3d 28, 29-30 (2d Cir. 2014); *Snow,* 462 F.3d at 65 n.11 (a panel of this Circuit cannot overrule a prior decision "absent a change in the law by higher authority or by way of an in banc proceeding."); *Arkansas Carpenters Health*, 604 F.3d at 108.[6]

Similarly, Defendants argue that "several courts within this Circuit" have held that antitrust claims arising from discrete events over four years before the filing of a complaint are time barred. Defs.' Br. at 12. But a district court's decision that does not follow the circuit court's authority would not create a *substantial difference of opinion*. *See Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, No. 01-cv-6217, 2003 U.S. Dist. LEXIS 18531, ** 10-11 (W.D.N.Y. Sept. 4, 2003) ("When the circuit court of appeals has already ruled on an issue, there is no substantial ground for difference of opinion." (*citing Sloane Overseas Fund, Ltd. v. Sapiens Int. Corp. N.V.*, No. 95-cv-9165, 1997 WL 16664, *2 (S.D.N.Y. Jan. 16, 1997)); *Walker v. Eastern Air Lines, Inc.*, 785 F. Supp. 1168, 1174 (S.D.N.Y. 1992). And in any event, the district court decisions Defendants identify do not address the same legal issue and are not at odds with this Court's application of *Berkey Photo*. As this Court held:

> [t]he cited decisions are either not antitrust cases, or they do not examine the issues pertinent here of purchasers alleging ongoing overcharges. None of them abrogates or otherwise casts doubt on the authority or reasoning of *Berkey Photo* and none of them so squarely meets the allegations in this case as *Berkey Photo* does.

Decision at 13.

---

[6] Plaintiffs do not understand Defendants to be arguing that the statute of limitations issue raised is one of "first impression" which was the basis for the Second Circuit's granting of a § 1292(b) appeal in *Klinghoffer*. *Klinghoffer*, 921 F.2d at 25.

Despite insisting that their motion is not one for reconsideration, Defendants recycle the same arguments they made in support of their Rule 12(b)(6) motion.  They contend, for example, that *In re Ciprofloxacin Hydrochloride Antitrust Litig.* ("*Cipro*"), 261 F. Supp. 2d 188 (E.D.N.Y. 2003), held that mere reaffirmation of a previous act should not restart the statute of limitations period.  But as explained in  Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. No. 184) ("Opp. Br."), the issue addressed in *Cipro* was whether the plaintiffs had adequately alleged fraudulent concealment, and the claims dismissed were brought by "Organizational Plaintiffs" (advocacy groups and third party payors, not direct purchasers as here) who did not assert damage claims under federal antitrust law.  Similarly in *Vitale v. Marlborough Gallery,* 93-civ-6276, 1994 WL 654494 (S.D.N.Y. July 5, 1994), the plaintiff was not a direct purchaser seeking overcharge damages and the district court declined to apply fraudulent concealment to toll a claim challenging defendants' refusal, in 1978, to certify a Jackson Pollack painting as authentic, when the complaint was not filed until 1993.  And *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323 (D. Vt. 2010), gets Defendants nowhere.  The *Allen* court rejected the plaintiffs' fraudulent concealment tolling argument (not asserted by Plaintiffs here), but held that the plaintiffs' claims to recover for underpayments arising from a price-fixing conspiracy were otherwise *not* time-barred.  *Id.* at 349 ("Although the every-purchase-equals-a-new-violation-theory *is* applicable to Plaintiff's price-fixing claims in Count VI, it has no independent application to Plaintiff's remaining claims which allege illegal acts and agreements in a vertical conspiracy to restrain trade" (emphasis added)).  Of course Plaintiffs here have not asserted any vertical conspiracy claims.[7]

---

[7] Defendants also recycle their argument that "alleged consequences arising out of past discrete conduct, such as the mere adherence to the terms of a contract, do not restart the limitations

Defendants next offer the argument that out-of-circuit cases can provide substantial grounds for a difference of opinion, Defs.' Br. at 16-17, but even if that may be the case in extraordinary situations that is not the case here.  Defendants rely on *Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594 (6th Cir. 2014), but that case is readily distinguished.  The plaintiff in *Z Tech* challenged the anticompetitive effect of a merger that had been consummated (and approved by the Federal Trade Commission) more than five years before the complaint was filed.  In affirming dismissal, the Sixth Circuit noted that, "while the Supreme Court has never directly limited the scope of the continuing violation doctrine, it appears to have employed the doctrine only in conspiracy and monopolization cases not involving mergers or acquisitions." *Id.* at 599.  Plaintiffs *are* bringing a conspiracy and monopolization case, to which the Defendants' own authority concedes the continuing violations doctrine applies.

Defendants have failed to show that there is substantial ground for difference of opinion with respect to this Court's application of *Berkey Photo* to the claims in this case.

---

period." Defs.' Br. at 17.  But as addressed in Plaintiffs' Opposition to Defendants Motion to Dismiss, the cases Defendants cite were not Sherman Act Section 1 or 2 cases and/or the plaintiff was not suing as a direct purchaser seeking overcharge damages.  Opp. Br. at 26 n.60.  Defendants fail to acknowledge the more pertinent district court case in this Circuit, which addressed the application of the statute of limitations to a direct purchaser seeking overcharge damages in a Hatch-Waxman case, and interpreted *Berkey Photo* just as this Court did.  *See In re Buspirone Patent & Antitrust Litig.*, 185 F. Supp. 2d 363, 380 (S.D.N.Y. 2002).  Applying *Berkey Photo*, Judge Koeltl held that the statute of limitations did not bar the direct purchaser's overcharge claims, even though the challenged settlement agreement was consummated and the alleged injuries began more than four years before the filing of the complaint:

> With respect to the [direct] purchaser plaintiffs, those plaintiffs' claims survive this motion to dismiss to the extent that the claims are based on allegations of injury arising from purchases of Buspar® at allegedly inflated prices beginning four years prior to the filings of their respective Complaints.

*Id.* at 380.

8

### III. THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION REGARDING THIS COURT'S DECISION THAT PLAINTIFFS ADEQUATELY ALLEGE ANTITRUST INJURY AND CAUSATION

Defendants' argument that the Court should certify the issue of causation is pure contrivance. They misleadingly conflate the proof ultimately required at trial with the allegations required at the pleadings stage. Plaintiffs do not dispute that a private plaintiff is required "to plead and prove but-for causation – that is, that the claimed wrongdoing actually caused it harm – to prevail in an antitrust case seeking damages." Defs.' Br. at 23. Nor did this Court hold otherwise. But a private plaintiff does not have to *prove* causation at the *pleading* stage. Plaintiffs plausibly assert facts that – taken as true, as they must be at the motion to dismiss stage – establish that Barr would have entered the market before July 1, 2015 (the agreed-to entry date) but for the unlawful agreement alleged. Plaintiffs allege three plausible scenarios under which Barr would have come to market earlier: (1) Barr would have entered the market "at risk"; (2) the parties would have negotiated a settlement with an earlier entry date without the reverse payment; and (3) Barr would have prevailed in the patent litigation.[8] Defendants offer no explanation why these allegations are insufficient at the pleading stage and, more importantly for purposes of their § 1292(b) certification motion, they offer no legal authority that suggests there is substantial ground for difference of opinion. They do not because there is none. As far as Plaintiffs know, e*very single court* that has addressed the causation pleading requirements in a reverse payment case has sustained "but-for" entry allegations similar to what Plaintiffs assert here.[9] Defendants cite only *Kaiser Found. Health Plan, Inc. v. Abbott*

---

[8] And of course an antitrust wrongdoer bears the risk of the uncertainty which his own wrong has created. *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 265 (1946).

[9] *See, e.g.*, *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 702 F. Supp. 2d 514, 537 (E.D. Pa. 2010) (denying motion to dismiss in pay-for-delay case where defendants argued that plaintiffs'

*Labs., Inc.*, 552 F.3d 1033, 1043 (9th Cir. 2009), in support of their argument to the contrary. But in *Kaiser*, the Ninth Circuit affirmed a verdict for defendants, *after a jury trial*, that the plaintiffs were unable to prove that the generic firm would have entered the market earlier than provided in the settlement. The only lesson of *Kaiser* is: tell it to the jury.

Unable to show substantial ground for a difference of opinion, Defendants argue that this Court misunderstood the *FTC v. Actavis*, *Inc.*, 133 S. Ct. 2223 (2013), decision: "[t]his Court seems to have held that under *Actavis* even private plaintiffs do not need to prove causation in a case such as this one." Defs.' Br. at 25. But this Court did no such thing: to the contrary, it correctly observed that *Actavis* instructs that a private plaintiff is not required to prove the patent invalid in order to establish an antitrust violation and that the "'unexplained large reverse payment' serves as a proxy for the weakness of the patent." Decision at 16. And even if Defendants were correct – and they are not – their mere disagreement with this Court's application of Supreme Court precedent to this case may properly be appealed only from final judgment. Section 1292(b) certification is inappropriate.

---

but-for entry contentions were too speculative), *abrogated on other grounds by In re K-Dur Antitrust Litig.*, 686 F.3d 197 (3d Cir. 2012); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 535 (D.N.J. 2004) ("[A] reasonable trier of fact could conclude that but for the allegedly anti-competitive agreements, generic drugs may have entered the market sooner."); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 757 (E.D. Pa. 2014) ("[P]laintiffs' allegations support an inference that they suffered an injury-of-fact flowing from defendants' allegedly unlawful conduct. More is not required at the pleading stage[.]"); *In re Nexium Antitrust Litig.*, 968 F. Supp. 2d 367, 389-91 (D. Mass. 2013); *United Food &Commercial Workers Local 1776 & Participating Empl'rs Health & Welfare Fund v. Teikoku Pharma USA*, No. 14-md-02521, 2014 WL 6465235 (N.D. Cal. Nov. 17, 2014).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Certify the March 23, 2015 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292 (b) be denied.

Dated: April 23, 2015

Respectfully Submitted,

/s/ Joseph Opper
Joseph Opper
Bruce E. Gerstein
Noah Silverman
Ephraim R. Gerstein
Garwin Gerstein & Fisher
88 Pine Street Fl. 10
New York, NY 10005
212-398-0055
Email: bgerstein@garwingerstein.com
jopper@garwingerstein.com
nsilverman@garwingerstein.com
egerstein@garwingerstein.com

*Interim Lead Counsel for Direct Purchaser Class Plaintiffs*

David F. Sorensen
Andrew C. Curley
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: dsorensen@bm.net
acurley@bm.net

Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Email: tom@hbsslaw.com
davidn@hbsslaw.com
EdwardNotargiacomo@hbsslaw.com

11

> Linda P. Nussbaum[10]
> Nussbaum Law Group, P.C.
> 485 Lexington Avenue, 29th Floor
> New York, NY 10017
> Tel: (646) 722-8504
> Email: lnussbaum@nussbaumpc.com
>
> *Interim Executive Committee for Direct Purchaser Class Plaintiffs*
>
> Gerald C. Pia, Jr.
> Brian C. Roche
> Roche Pia LLC
> Two Corporate Drive, Suite 248
> Shelton, CT 06484
> Tel: (203) 944-0235
> Email: gpia@rochepia.com
> broche@rochepia.com
>
> David R. Schaefer
> Brenner, Saltzman & Wallman LLP
> 271 Whitney A venue
> New Haven, CT 06511
> dschaefer@bswlaw.com
> Telephone: (203) 772-2600
> Facsimile: (203) 562-2098
>
> *Interim Co-Liaison Counsel for Direct Purchaser Class Plaintiffs*

---

[10] On April 20, 2015, Miss Nussbaum informed lead counsel that she had departed Grant & Eisenhoffer, P.A. and is now in the employ of Nussbaum Law Group P.C. She has not yet made a formal appearance under the auspices of her new firm.

## CERTIFICATE OF SERVICE

I, Joseph Opper, hereby certify that the foregoing Plaintiffs' Opposition to Defendants' Motion to Certify the March 23, 2015 order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) was electronically filed and served using the Court's CM/ECF system.


Dated: April 23, 2015

       /s/ Joseph Opper
       Joseph Opper