UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION<br><br>This Document Relates To: ALL END-PAYOR ACTIONS | CASE NO: 3:14-md-2516-SRU<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**END-PAYOR CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE MARCH 23, 2015 ORDER FOR <u>INTERLOCUTORY APPEAL</u>**

1

The End-Payor Plaintiffs, by and through their counsel, hereby respectfully oppose Defendants' Motion to Certify the March 23, 2015 Order for Interlocutory Appeal. For the reasons set forth below, this Court should deny the motion in its entirety.

## PRELIMINARY STATEMENT

Defendants ask this Court for an extraordinary remedy – to certify two issues for immediate interlocutory appeal. Defendants fail to show that either of the issues for which they seek piecemeal review "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Instead, Defendants merely rehash the same contentions that this Court addressed and properly rejected in the March 23, 2015 Memorandum Opinion and Order.

The Court's decision regarding the statute of limitations faithfully applied the Second Circuit's directly applicable precedent, *Berkey Photo, Inc., v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979). Similarly, the Court's decision regarding causation is consistent with the overwhelming weight of authority on the issue. In the end, this is just another set of Defendants who have raised these issues yet again, and lost them yet again, in reverse-payment cases. The issues do not remotely qualify for interlocutory review.

## ARGUMENT

**I. STANDARD OF REVIEW FOR CERTIFYING AN ISSUE FOR INTERLOCUTORY APPEAL**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). An exception to this general rule is set out in 28 U.S.C. § 1292(b), which provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference

>of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . *Provided, however,* That application for an appeal hereunder shall not stay the proceedings in the district court unless the district judge of the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

In furtherance of the long-standing federal policy against piecemeal appeals, district courts should certify questions for interlocutory review only sparingly and in exceptional cases. *See, e.g., Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F. 2d 85, 89 (2d Cir. 1992); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). Certification is proper under only the most unusual circumstances and where an immediate appeal might avoid protracted and costly litigation. *Hart v. Rick's Cabaret Intern., Inc.*, No. 9 Civ. 3043, 2014 WL 7183956, at *3 (S.D.N.Y. Dec. 17, 2014) (denying motion to certify for interlocutory appeal) (citing *Westwood Pharm.,* 964 F.2d at 88). The party seeking certification has the burden to show the presence of those exceptional circumstances. *Coopers & Lybrand,* 437 U.S. at 474-75. Defendants are incapable of satisfying this critical standard. Accordingly, their motion should be denied.

## II. THE COURT FOLLOWED CLEAR AND CONTROLLING SECOND CIRCUIT PRECEDENT IN REJECTING THE DEFENDANTS' STATUTE OF LIMITATIONS ARGUMENT

Defendants moved to dismiss Plaintiffs' Complaint on the ground the claims were barred by the statute of limitations. Applying Second Circuit authority in *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979), this Court rejected Defendants' arguments. Defendants now ask this Court to certify its rejection of their flawed statute of limitations argument for immediate interlocutory appeal. Defendants wrongfully claim that this Court "extended" the Second Circuit's holding in *Berkey Photo*. Not so. The Court correctly recognized that Plaintiffs' allegations are "precisely the scenario" that the Second Circuit addressed in *Berkey Photo*. Order at 13. Defendants cite no cases abrogating the Second Circuit's clear holding that "a purchaser suing a monopolist for overcharges paid within the previous four years may satisfy the conduct

prerequisite by pointing to anticompetitive actions taken before the limitations period." 603 F.2d at 296, *cited in* Order at 13.

Instead, Defendants would have this Court mistakenly conclude that *Berkey Photo* is in conflict with *U.S. v. Grimm*, 738 F.3d 498 (2013). There is no tension between the cases. *Grimm* involved the government's attempt to attach *criminal* liability to a conspiracy arising out of a discrete, one-time anticompetitive transaction (bid rigging). The Second Circuit held in *Grimm* that the statute of limitations runs from the last overt act in furtherance of the antitrust conspiracy – the bid-rigging. The Supreme Court has made clear that "each sale to the plaintiff . . . starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality of much earlier times." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997). Indeed, the follow-on civil case to *Grimm* clearly recognizes that "each overt act that is part of the violation and that injures the plaintiff, e.g., *each sale to the plaintiff*, starts the statutory period running again." *Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 519 (S.D.N.Y. 2009) (citing *In re Nine West Shoes Antitrust Litig.*, 80 F. Supp. 2d 181, 191 (S.D.N.Y. 2000)) (emphasis added). The Court's Order is, therefore, entirely consistent with the *Grimm* decision as the last overt act in this case was the latest sale. The Order follows clearly established precedent and there is no reasonable basis for a difference of opinion as is required for certification under § 1292(b).

Defendants' reliance on *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188 (E.D.N.Y. 2003), is simply flawed. In *Cipro,* the statute of limitations argument was directed at advocacy group plaintiffs who did not actually purchase Cipro, were "not consumers," and "were not intended to be members of the [indirect purchaser] class." 261 F. Supp. 2d at 220. Thus, the question of overcharges *was not* at issue.

Similarly, Defendants also cite *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323 (D. Vt. 2010). The *Allen* court reiterated the central holding of *Berkey Photo* that "the every-purchase-equals-a-new-violation-theory is applicable to Plaintiffs' price-fixing claims." 748 F. Supp. 2d at 349. Here, the End-Payor Plaintiffs allege the precise theory affirmed by the Second Circuit in *Berkey Photo* and upheld by the District Court in *Allen* – that plaintiffs who pay overcharges as a result of price-fixing or market-division agreements may recover those overcharges even if some of the overt acts occurred outside the limitations period. Thus, Defendants' "conflict" argument is entirely unfounded.

In sum, the End-Payor Plaintiffs' allegations fall squarely within an unbroken line of authority on the statute of limitations issue. Defendants have not satisfied their heavy burden for certification and their motion should, therefore, be denied.

## III. END-PAYOR PLAINTIFFS ADEQUATELY PLED CAUSATION

Defendants do not identify a controlling question of law on the causation issue. Instead, the Defendants repeat the same arguments previously rejected by the Court and simply disagree with the Court's ruling that the End-Payor Plaintiffs adequately pleaded causation. That disagreement is inappropriate for certification under § 1292(b). Moreover, resolution of this issue would not drive the termination of the litigation. Rather, in the unlikely event that the Second Circuit agreed with Defendants that causation was inadequately pled, the result would almost certainly be an order with leave to replead – not the termination of the litigation.

Defendants never get out of the starting gate. Their causation argument is predicated on the faulty assumption that Plaintiffs will have to prove that the underlying patent dispute would have resulted in a finding of invalidity. Defendants misread *Actavis*, which expressly concluded:

> [I]t is normally not necessary to litigate patent validity to answer the antitrust question . . . An unexplained large reverse payment itself would normally suggest that the patentee has serious doubts about the patent's survival.

*FTC v. Actavis, Inc.*, 133 S.Ct. 2223, 2236 (2013). This Court correctly noted that "the salient question is not whether the fully litigated patent would ultimately be found valid or invalid—that may never be known—but whether the settlement included a large and unjustified reverse payment leading to the inference of profit-sharing to avoid the risk of competition." Order at 18. Plaintiffs adequately pled the existence of a large and unjustified reverse payment made in order to "eliminate the risk" of generic entry into the market and unlawfully share monopoly profits. Plaintiffs additionally pled that as a result of this generic entry delay, consumers and health insurers were deprived of a choice to purchase a less expensive generic alternative and forced to purchase the branded product at supracompetitive prices.

In addition, the End-Payor Plaintiffs pled three plausible causation scenarios: (i) Barr/Teva would have entered the market "at risk"; (ii) the parties would have negotiated a settlement with an earlier entry date without the reverse payment; and/or (iii) Barr/Teva would have prevailed in the patent litigation. End-Payor Consolidated Class Action Compl. ¶¶ 122-132. Courts in other reverse-payment cases have overwhelmingly approved this troika of causation allegations. *See, e.g., King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 702 F. Supp. 2d 514, 537 (E.D. Pa. 2010), *abrogated on other grounds by In re K-Dur Antitrust Litig.*, 686 F.3d 197 (3d Cir. 2012) (denying motion to dismiss in pay-for-delay case where defendants' argued that plaintiffs' but-for entry contentions were too speculative); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 535 (D.N.J. 2004) ("a reasonable trier of fact could conclude that but for the allegedly anti-competitive agreements, generic drugs may have entered the market sooner"); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 757 (E.D. Pa. 2014) ("plaintiffs' allegations

support an inference that they suffered an injury-of-fact flowing from defendants' allegedly unlawful conduct. More is not required at the pleading stage . . .").

The Defendants fail to acknowledge the great weight of authority and instead rely on *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033 (9th Cir. 2009). That decision, on appeal after a jury trial, is clearly inapposite. The Court did not address the sufficiency of the pleadings before discovery, but rather whether the evidence adduced at trial supported the jury's verdict. *Id.* at 1043.

In the end, Defendants simply disagree with the Court's Order on causation. They point to no relevant Second Circuit authority for their contentions that the End-Payor Plaintiffs must plead more factual support for their clearly plausible causation scenarios. Even if a Court were to accept the Defendants' argument, the likely result would be an order permitting Plaintiffs to amend the complaint. That is nowhere near the litigation-ending decision necessary to justify interlocutory review.

## CONCLUSION

For the foregoing reasons, the End-Payor Plaintiffs respectfully request that Defendants' Motion to Certify the Court's March 23, 2015 Order for Interlocutory Appeal be denied in its entirety.

Dated: April 23, 2015

Respectfully Submitted,

/s/ Lori A. Fanning
Lori A. Fanning
Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
E-mail: mmiller@millerlawllc.com
lfanning@millerlawllc.com

Steve D. Shadowen
Anne K. Fornecker
Hilliard & Shadowen LLC
39 West Main Street
Mechanicsburg, PA 17055
Tel: (855) 344-3928
E-mail: steve@hilliardshadowenlaw.com
anne@hilliardshadowenlaw.com

Renae D. Steiner
David R. Woodward
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Tel: (612) 338-4605
E-mail: rsteiner@heinsmills.com
dwoodward@heinsmills.com

*Interim Co-Lead Counsel for the Proposed End-Payor Class*

William H. Narwold (ct 00133)
Mathew P. Jasinski (ct 27520)
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel: (860) 882-1676
Fax: (860) 882-1682
E-mail: bnarwold@motleyrice.com

Donald A. Migliori
Michael M. Buchman
Motley Rice LLC
600 Third Avenue, Suite 2101
New York, NY 10016
Tel: (212) 577-0040
Fax: (212) 577-0054
E-mail: dmigliori@motleyrice.com
mbuchman@motleyrice.com

*Interim Liaison Counsel for the Proposed End-Payor Class*

## **CERTIFICATION**

I hereby certify that the foregoing End-Payor Class Plaintiffs' Memorandum in Opposition to Defendants' Motion to Certify the March 23, 2015 Order for Interlocutory Appeal was electronically filed and served using the Court's CM/ECF system.

Dated: April 23, 2015

/s/ Lori A. Fanning
Lori A. Fanning