```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x
                                 :
IN RE:                           :  No.: 3:14-MD-2516-SRU
                                 :  915 Lafayette Boulevard
AGGRENOX ANTITRUST LITIGATION    :  Bridgeport, Connecticut
                                 :
                                 :  November 3, 2015
- - - - - - - - - - - - - - - - x

                   TELEPHONE CONFERENCE

B E F O R E:

     THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

     FOR THE DIRECT PURCHASER CLASS PLAINTIFFS:

          GARWIN GERSTEIN & FISHER, LLP
               Wall Street Plaza
               88 Pine Street, 10th Floor
               New York, New York  10005
          BY:  JOSEPH OPPER, ESQ.


     FOR THE WALGREENS PLAINTIFFS:

          KENNY NACHWALTER
               201 South Biscayne Boulevard
               Suite 1100
               Miami, Florida  33131
          BY:  SCOTT E. PERWIN, ESQ.


     FOR THE RITE AID PLAINTIFFS:

          HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
               4400 Deer Path Road, Suite 200
               Harrisburg, Pennsylvania  19103
          BY:  MONICA L. REBUCK, ESQ.
```

FOR THE END PAYORS:

       MILLER LAW LLC
           115 South LaSalle Street, Suite 2910
           Chicago, Illinois  60603
       BY:  MARVIN A. MILLER, ESQ.


FOR HUMANA:

       LOWEY DANNENBERG COHEN & HART, P.C.
           White Plains Plaza
           One North Broadway, Suite 509
           White Plains, New York  10601-2310
       BY:  PETER D. ST. PHILLIP, JR., ESQ.


FOR BLUE CROSS/BLUE SHIELD OF LOUISIANA:

       YOUNG COTTER & MEADE LLC
           909 Poydrass Street, Suite 1600
           New Orleans, Louisiana  70112
       BY:  JOHN ALDEN MEADE, ESQ.


FOR BOEHRINGER DEFENDANTS:

       WHITE & CASE
           1155 Avenue of Americas
           New York, New York  10036
       BY:  ROBERT A. MILNE, ESQ.
           PETER J. CARNEY, ESQ.


FOR TEVA and BARR DEFENDANTS:

       GOODWIN PROCTOR, LLP
           Exchange Place
           53 State Street
           Boston, Massachusetts  02109
       BY:  CHRISTOPHER T. HOLDING, ESQ.

Sharon L. Masse, RMR, CRR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut  06604
Tel: (860)937-4177

```
 1              (Whereupon, the following session commenced at
 2     3:02 p.m.)
 3              THE COURT:  Stefan Underhill.  We're on the
 4     record.  That's always complicated with so many folks on
 5     the line, so I guess what I'd like to do is hear that we
 6     have a representative for each of the represented parties.
 7     So if we could start with plaintiff's side, that would be
 8     helpful.
 9              MR. OPPER:  Yes, Your Honor.  Good afternoon.
10     This is Joe Opper on behalf of direct purchaser class
11     plaintiffs.  I am joined by many of my colleagues.  A
12     representor of purchaser class plaintiffs will speak if
13     necessary.
14              MR. MILLER:  Good afternoon, Your Honor.  Marvin
15     Miller on behalf of the end payors, and some of my
16     colleagues are on and will speak if necessary.
17              MR. PERWIN:  This is Scott Perwin for the
18     Walgreen's plaintiffs.
19              MS. REBUCK:  And, Your Honor, Monica Rebuck on
20     behalf of the Rite-Aid plaintiffs.
21              MR. ST. PHILLIP:  Your Honor, it's Peter St.
22     Phillip on behalf of Government Employees Health
23     Association -- I'm sorry, Humana.  I apologize.
24              MR. MEADE:  And, Your Honor, this is John Alden
25     Meade on behalf of Blue Cross/Blue Shield of Louisiana.
```

```
 1            MR. MILNE:  Your Honor, this is -- I think we're

 2   on for the defense side -- this is Robert Milne with

 3   White & Case for the Boehringer defendants, and with me is

 4   my partner, Peter Carney.

 5            MR. HOLDING:  Good afternoon, Your Honor.  For

 6   the Teva and Barr defendants, this is Chris Holding with

 7   Goodwin Proctor and a few of my partners.

 8            THE COURT:  All right.  If each of you could

 9   identify yourself each time you start speaking, that would

10   be helpful to the court reporter.  I appreciate receiving

11   a status report and proposed agenda.  I think it might

12   make sense to start with scheduling the pending motions.

13            It appears that there are two motions to compel

14   and one motion to dismiss, and my inclination would be to

15   schedule those for a single day of argument, that is,

16   schedule the discovery motions and the motion to dismiss

17   on the same day.  Does anybody think that's a bad idea?

18            MR. MILNE:  Well, Your Honor, this is Robert

19   Milne on behalf of Boehringer.  We're happy to proceed in

20   whatever way Your Honor feels is most appropriate.  From

21   our perspective, we're very, you know, very anxious to get

22   a ruling on the discovery motions and, you know, we're

23   prepared to forego argument if needed, but if Your

24   Honor -- of course if Your Honor feels that argument would

25   be helpful, we're happy to do that.  We would just, you
```

1    know, ask that it be scheduled as soon as is feasible.

2              MR. OPPER:  Your Honor, this is Joe Opper for

3    the direct purchaser class.  We think it would be helpful,

4    you know, if the Court desires to have oral argument.  I

5    think it's always beneficial if the parties are there who

6    can address any questions the Court may have, and we're

7    prepared, you know, to appear on any date that is

8    convenient for the Court.

9              THE COURT:  All right.  What about 2:00 on

10   Monday, November 30, which is the Monday after

11   Thanksgiving?

12             MR. PERWIN:  Okay here, Your Honor.  This is

13   Scott Perwin.

14             MR. MILNE:  Your Honor, for Boehringer, we'll

15   make it happen.  Robert Milne on behalf of Boehringer.

16             MR. HOLDING:  And that's fine for Teva/Barr as

17   well.  This is Chris Holding.

18             MR. OPPER:  It's Joe Opper.  That's fine for the

19   direct purchaser class.

20             THE COURT:  It sounds like it's generally good.

21   Is there anybody who has a problem?  Let's try it that

22   way.

23             (No response.)

24             THE COURT:  All right.  Hearing nothing, we'll

25   put it down for 2:00 -- this is all three motions --

```
 1    2:00 on Monday, November 30.
 2               MR. MEADE:  Your Honor, this is John Alden Meade
 3    on behalf of Blue Cross.  When you mention the motions to
 4    dismiss, are you also referring to the motion to dismiss
 5    the Blue Cross complaint because -- I ask because I think
 6    we're not yet through the delay period for the reply from
 7    the defendants.
 8               THE COURT:  Right.  I have the defendants' reply
 9    due -- well --
10               MR. MILNE:  This is Robert Milne.  The 20th is
11    what we have, Your Honor.
12               THE COURT:  20th of November.
13               MR. MILNE:  November 20th.
14               THE COURT:  Yes, that sounds about right.  Yes,
15    the opposition was filed October 30, so the reply would be
16    due November 20.
17               MR. MEADE:  Again, this is John Alden Meade.  As
18    long as the Court is fine with just that ten-day period,
19    we are too.
20               THE COURT:  Okay, yes.  Somebody said, "We'll
21    make it happen"?  We'll make it happen, yes.
22               MR. OPPER:  We'll make it happen.
23               THE COURT:  All right.  Okay, the next thing I
24    had down, if we're prepared to move on, is set or ask you
25    to propose new discovery deadlines to the extent that
```

1     they're necessary.  The impression I have is that there's

2     general agreement that you need more time for discovery.

3     If that's -- if I'm reading everybody correctly, I think

4     it probably makes sense to have a proposed scheduling

5     order submitted either by agreement, which is ideal, or

6     competing proposals if there can't be an agreement.  And

7     my thought would be to get your proposals ten to 14 days

8     from now.

9              MR. MILNE:  Your Honor, this is Robert Milne

10    again.  Fourteen days would work from our end.

11             MR. OPPER:  Joe Opper.  That's fine for the

12    direct purchaser class.

13             MR. MILLER:  Marvin Miller.  It's fine for the

14    end payors.

15             THE COURT:  All right.  So if you could meet and

16    confer and hopefully get us something by agreement in 14

17    days, that would be great.

18             All right.  What else do we need to take up

19    today?  It looked to me like discovery is moving along,

20    but there may be some issues that crop up in the future,

21    but at least you're working on it and you're trying to

22    iron out problems as they arise, but I don't see anything

23    else that is, at this point, clearly going to be the

24    subject of a motion.  If anybody wants to comment on that,

25    I'd be interested in hearing.

1          MR. MILNE:  Well, Your Honor, this is Robert

2    Milne again on behalf of Boehringer.  We -- we certainly

3    do have some issues that we believe are, if not ripe, very

4    close to being ripe with respect to the direct purchaser

5    plaintiffs', class plaintiffs' discovery, and it's alluded

6    to in the report, among other things, relating to the

7    search term protocol issue, and we're prepared to address

8    that in whatever way would be most helpful to the Court.

9    You know, we feel like this might be one that might be

10   appropriate to deal with telephonically rather than

11   through a formal motion practice, but we're at your -- you

12   know, we're -- you know, whatever would be most helpful

13   from Your Honor's perspective.  But, you know, we'd

14   certainly like to get some of these issues resolved sooner

15   rather than later.

16          MR. OPPER:  Your Honor, this is Joe Opper for

17   the direct purchaser class.  We, you know, obviously

18   dispute the defendants' characterization of some of the

19   issues, and we have been continuing to meet and confer

20   with them in a good faith effort to resolve these

21   disputes, but we are prepared to, you know, to proceed as

22   the Court wishes.

23          THE COURT:  Well, let's do this.  I'd like to

24   try to bring this issue to a head and have it decided on

25   the 30th of November, if possible.  So we can do that with

1    what I'll call kind of expedited pleading.  I think it's

2    better to have something filed on a docket than a letter,

3    but if the defense is interested in having that issue

4    taken up, why don't you file something by November 13, and

5    any opposition could be filed by the 23rd.  And we can

6    forego a reply in hopes that we'll be seeing each other on

7    the 30th and can take up orally anything that needs to be

8    said by way of reply.

9              MR. OPPER:  Joe Opper for the direct purchaser

10    class.  That's fine, Your Honor.

11              MR. MILNE:  Yes, same for the defense side, Your

12    Honor.

13              THE COURT:  All right.  The only --

14              MR. MILLER:  Same for the end payors, Judge.

15              THE COURT:  Good.  The only thing I would say,

16    and my sense is this is happening already, but the most

17    frustrating thing with a discovery motion is to be at an

18    argument and then realize that the parties haven't really

19    engaged in a meaningful meet and confer.  My sense is that

20    that is going on, and I hope that's correct, but certainly

21    you ought to exhaust that process before we take it up on

22    the 30th, ideally before anything is filed on the 13th.

23              MR. MILNE:  Absolutely, Your Honor.  This is

24    Robert Milne.  We believe we've engaged in good faith

25    meeting and conferring, but we'll redouble those efforts.

 1          THE COURT:  Okay.  Are there any other issues

 2    that are kind of bubbling up that we ought to talk about?

 3          (No response.)

 4          THE COURT:  All right.  Hearing nothing, I think

 5    we've done what we can do today.  At least I don't see

 6    anything else raised in the status report that we ought to

 7    take up.  If I'm overlooking something, let me know.

 8    Otherwise --

 9          MR. MILNE:  I think --

10          THE COURT:  Go ahead.

11          MR. MILNE:  No, I was just saying -- this is

12    Robert Milne -- no, I think we've covered everything,

13    everything of significance.

14          THE COURT:  Okay.  I guess the last thing I

15    wanted to mention is logistics for November 30th.  There

16    may well be counsel who are not interested in attending

17    the argument of the discovery motions as well as the

18    motion to dismiss, so we can make arrangements for you to

19    participate in the courtroom on this type of call or you

20    should feel free to skip the argument if it's not in your

21    client's interest to be there.  So I don't want anybody

22    feeling like they are compelled to be in court on a matter

23    that does not interest them, and if you are a little bit

24    interested but not interested enough to make it to

25    Bridgeport, then feel free to let us know, and we'll try

1    and arrange a telephone tie-in so you can hear the

2    argument.

3              MR. MILLER:  Good, Your Honor.  It's Marv

4    Miller.

5              MR. MEADE:  Thank you, Your Honor.

6              THE COURT:  All right, no problem.  Everybody be

7    well, and we'll see you here in a few weeks.  Happy

8    Thanksgiving.

9              (Whereupon, the above proceedings adjourned at

10   3:15 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E


        I, Sharon L. Masse, RMR, CRR, Official Court
Reporter for the United States District Court for the
District of Connecticut, do hereby certify that the
foregoing pages are a true and accurate transcription of
my shorthand notes taken in the aforementioned matter to
the best of my skill and ability.



            November 6, 2015


            /S/ Sharon L. Masse
          Sharon L. Masse, RMR, CRR
          Official Court Reporter
          915 Lafayette Boulevard
        Bridgeport, Connecticut  06604
            Tel: (860)937-4177