```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - x

IN RE:  AGGRENOX                   :  No. 3:14-MD-2516(SRU)
ANTITRUST LITIGATION               :  915 Lafayette Boulevard
                                   :  Bridgeport, Connecticut
                                   :
                                   :  September 6, 2016
- - - - - - - - - - - - - - - - - x

              TELEPHONE STATUS CONFERENCE

B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

    FOR THE PLAINTIFFS:

        GARWIN GERSTEIN & FISHER, LLP
            88 Pine Street, 10th Floor
            New York, New York  10005
        BY: JOSEPH OPPER, ESQ.

        FARUQI & FARUQI
            101 Greenwood Avenue, Suite 600
            Jenkintown, Pennsylvania  19003-2793
        BY: PETER KOHN, ESQ.

    FOR THE DEFENDANTS:

        WHITE & CASE LLP
            701 Thirteenth Street, NW
            Washington, D.C.  20005
        BY: ROBERT A. MILNE, ESQ.

        NORTON ROSE FULBRIGHT
            666 Fifth Avenue
            New York, New York  10103-3198
        BY: DAVID J. KESSLER, ESQ.

              Sharon L. Masse, RMR, CRR
               Official Court Reporter
               915 Lafayette Boulevard
            Bridgeport, Connecticut  06604
                 Tel: (860)937-4177
```

1          (Whereupon, the following proceedings commenced
2    at 3:09 p.m.)
3          THE COURT: Good afternoon everybody. We are on
4    the record, as usual, and I think probably the best thing
5    to do is for everybody just to identify yourselves the
6    first time that you speak. I apologize for the delay in
7    getting started. I wanted to at least briefly skim over
8    the joint status report. I had another court proceeding
9    and was not able to look at this until just now.
10          So what can we usefully take up first?
11          MR. MILNE: Well, I think, Your Honor -- this is
12    Robert Milne on behalf of the Boehringer defendants. I
13    believe, according to the status report, really it's the
14    defendants that have the only issues that we sort of
15    identified as ones that we wish to discuss on this call.
16    So maybe I can give you a quick overview, and really,
17    really I think they all stem from the discussion we had
18    last time about the implications of your most recent
19    decision on the discovery relating to the market
20    definition issues and the implications for the pending
21    motions. And we went back per the discussion that we had
22    last time and, as we suspected, did determine that there
23    are pieces of those pending motions that we -- that we
24    believe remain live, and including the, if you will, the
25    duplicative recovery issue, the pass-on type issues, the

1    generic bypass issues, which we detail in the briefs -- or
2    in the status report and are covered in the brief.
3           So we'd like to discuss with you a way forward
4    with respect to getting resolution there, and what we
5    thought might make sense was rather than a re-do of the
6    briefing, it might be appropriate for a submission just to
7    bring you current on where things stand because there have
8    been discussions back and forth among the parties and
9    maybe even development in the case law -- sitting here
10   right now, I'm not a hundred percent sure on that
11   latter -- but some very, you know, very targeted, updating
12   type submission, followed by a hearing. And we'd very
13   much appreciate it if we could get a hearing in the
14   relatively near future, hopefully in September, if
15   possible. But at a high level, I'd say that's where we
16   are and that's what we'd like to discuss today.
17          There's also an issue with respect to, if you
18   will, the big three national wholesalers and the issue
19   about recommencing. We have the subpoenas pending
20   directed at the three -- those three wholesalers and would
21   like to work out an approach with Your Honor as to
22   reopening those and beginning discussions with them about
23   compliance. But it may make sense to get resolution on
24   these issues in the pending -- you know, the live issues
25   on the pending motions before we reopen things with the

```
 1   wholesalers.
 2              THE COURT:  Well, okay.  Just to clarify, I mean
 3   technically the motions were all closed out.  I mean that
 4   doesn't mean that we can't take up the issues, but the
 5   docket is not showing them as open any longer as a result
 6   of the ruling.
 7              So the one thing that would be helpful to me is
 8   to have the issues focused and/or condensed.  You can cut
 9   and paste from your briefs or whatever, but if I go back
10   to the briefs now, I'm going to be reading every page
11   wondering, Okay, is this really at issue or not really at
12   issue?  And so something that saves me that trouble would
13   be greatly appreciated.
14              MR. MILNE:  Okay.  Well, we have no problem
15   doing that quickly for Your Honor.
16              MR. OPPER:  Your Honor, this is Joe Opper
17   speaking for the direct purchaser class plaintiffs.  We're
18   certainly willing to do whatever would make things easiest
19   for the Court, and I understand what Mr. Milne has
20   proposed and that makes sense if it was focused and
21   targeted.  Our request would be, though, since -- and
22   maybe the Court was considering this anyhow -- that we're
23   still unsure exactly how defendants feel their own
24   requests have been modified by the Court's ruling, so we
25   would, if the Court does want some further limited
```

1  submission, request that they go first and then we be
2  given time to respond.
3            And with respect to the national wholesaler
4  issue, I think I understood Mr. Milne to say that maybe we
5  should leave that issue until the Court resolves those
6  other discovery issues, which I think is consistent with
7  what the parties and it was my understanding what the
8  Court had said before when we were discussing the
9  defendants' subpoenas to the third-party plaintiffs.  They
10 have some class member plaintiffs.
11           THE COURT:  Okay, so let me propose this and get
12 everybody's reaction.  What if the defendants filed, in
13 effect, a motion to compel by one week from today, and the
14 plaintiffs oppose that one week thereafter, and we heard
15 argument on Thursday, the 22nd.  Does that give everybody
16 enough time to pull the papers together?
17           MR. MILNE:  Well, for the defendants, Your
18 Honor, pulling together the papers within a week should be
19 no problem.
20           THE COURT:  All right.
21           MR. OPPER:  Well, Your Honor, I think we could
22 do it -- this is Joe Opper again -- I think we could do it
23 in a week, but we're not exactly sure what we're going to
24 get from defendants, so there is a possibility -- and I'm
25 looking at my calendar.  So defendants would file their

1  motion when?
2          THE COURT:  The 13th.
3          MR. OPPER:  Well, if we could have -- oh, and
4  you wanted to have the hearing on the 22nd?
5          THE COURT:  Right.
6          MR. OPPER:  So let me -- if I could just confer
7  with my colleague Mr. Kohn.
8          Is that enough time, Peter?
9          MR. KOHN:  Yes, that should be just fine, Joe.
10         MR. OPPER:  Okay.  That's fine, Your Honor.
11         THE COURT:  All right.  My assumption is these
12 issues, in effect, have been briefed but probably and
13 hopefully somewhat narrowed, so that my hope is that each
14 side is kind of cutting and pasting from things they've
15 submitted before.
16         MR. MILNE:  Well, this is Robert Milne again,
17 Your Honor.  From our perspective, that's exactly right.
18 We're not planning on expanding or changing the thrust of
19 anything.  I think we're talking largely cut and paste
20 here, if not narrowing.
21         THE COURT:  Okay.  All right.  That sounds good.
22 Let's do that then.  So we'll make the defendants' motion
23 to compel due 5:00 on the 13th, the opposition 5:00 on the
24 20th, and how does 10:00 in the morning on the 22nd look
25 for everybody in terms of an argument?

1        MR. KOHN:  Your Honor, for the plaintiffs,
2   that's great.  This is Peter Kohn for the direct purchaser
3   plaintiffs, K-o-h-n.
4        THE COURT:  Thank you.
5        MR. MILNE:  And for the defendants, at least for
6   the Boehringer defendants, that will work for us.
7        THE COURT:  Excellent.  Very good.
8        All right.  So that addresses at least a process
9   for bringing these pending discovery motions to decision.
10  The status of document production, are there issues there
11  that we should take up today or can any additional issues
12  there also be rolled into the motion practice?
13       MR. MILNE:  Well, Your Honor, I think for the
14  defense side of this -- this is Robert Milne again -- you
15  know, we certainly, as you can see from the status report,
16  have a number of issues that are percolating that we
17  haven't crystallized into a motion to compel and still are
18  hopeful of resolution.  I think I may defer to my
19  colleague Mr. Kessler as to whether we think a motion may
20  make sense or a continued discussion.
21       THE COURT:  Well --
22       MR. KESSLER:  Your Honor --
23       THE COURT:  Yes, go ahead.  I was going to say
24  if these issues are still immature, if you will, then I'm
25  happy to hear everybody at another hearing in October, if

1  need be, or early November.  So I'm not trying to rush
2  anybody, especially if you're making any progress in your
3  negotiations.  I just wanted to be clear what it is we are
4  setting as the scope for what we're doing on the 22nd.
5              MR. KOHN:  Your Honor, this is Peter Kohn again
6  for the direct purchaser plaintiffs.  As the case
7  management statement reflects, we've had a number of back
8  and forth and prior motion practice on certain search
9  terms that defendants have suggested, and we wanted to
10 engage the defendants in responding to some of the
11 justifications that we've given for not running their
12 terms, such as cumulative with the Court's prior order
13 obviated them, but the defendants don't seem to want to
14 engage us.  And so we're hoping to engage them, and maybe
15 in October maybe some of these issues will be ripe.
16             MR. KESSLER:  Your Honor, this is David Kessler
17 from Norton Rose Fulbright for the Boehringer defendants.
18             We disagree with Mr. Kohn's characterization.
19 We've been meeting and conferring about search terms for
20 well past a year.  This is an issue that was ripe on the
21 November 30th hearing.  We don't believe that your ruling
22 on product market obviated those search terms, and so we
23 would be filing a motion to compel next Tuesday on those
24 issues.  We believe that issue is ripe.  I mean, there are
25 searches that we believe, based on what the DPPs have

1    agreed to produce in this case, that need to be run, and
2    so we think those are crystallized.
3            We do believe, as Your Honor suggested, that
4    these other sort of more immature issues may get resolved,
5    in fact, through the Court's ruling on the search term
6    issue with respect to DPPs may clarify the issues for the
7    other plaintiffs who are behind the DPPs on the
8    negotiations because of when they entered the case, so I
9    think that -- or we think, excuse me, that we'd be
10   prepared to file next Tuesday and to have that heard on
11   the 22nd.
12           MR. OPPER:  Your Honor, this is Joe Opper
13   speaking for the direct purchaser class plaintiffs.  I
14   just wanted to bring to the Court's attention -- and it is
15   mentioned in the status conference report -- that we have
16   an outstanding motion to compel with respect to a third
17   party.  Their time to submit their response hasn't passed
18   yet, but that is another motion that has been briefed, or
19   that at least we have briefed, that is out there.
20           THE COURT:  Right.  I had a question about that,
21   but let me come back to that and let's see whether we can
22   figure out the question of the search terms and the timing
23   of motion practice regarding the search terms.
24           My initial reaction is that I'd rather have one
25   motion rather than two motions on search terms so that if

1  less than all of the search term issues are going to be
2  ripe in September, then perhaps we ought to hold the
3  search term issues until we can do that in October.  But
4  if all of them are ripe, then, yes, sure, why don't we go
5  ahead and get that done on the current schedule, assuming
6  plaintiffs feel they can respond within that week.
7          MR. KESSLER:  Your Honor, this is David Kessler
8  again from Norton Rose Fulbright.  In our view, the issues
9  are ripe and complete with respect to the direct purchaser
10 plaintiff, and that was the subject of our original motion
11 that was set for hearing on November 30 of last year that
12 never got heard.  They aren't ripe as to several of the
13 other plaintiffs.  I don't know if it's really that
14 efficient to address them all together as how search terms
15 apply to certain data and what they're seeking is going to
16 be different for the different classes of plaintiffs, and
17 so what --
18         THE COURT:  Yes, fair enough. I get it.  Fair
19 enough.  So can the DPPs be ready to go; that is, can you
20 get your briefing done by the 20th and be ready to argue
21 on the 22nd?
22         MR. KOHN:  It's Peter Kohn again for the direct.
23 Yes, we can, Your Honor.
24         THE COURT:  All right, sure.
25         MR. KOHN:  It's just cut and paste.

```
 1            THE COURT:  All right.  So let's do that then.
 2  We'll take up the direct purchaser plaintiff search term
 3  issues on the 22nd as well.
 4            All right.  Now, in terms of the third party, as
 5  I understood the report, this is a motion to enforce
 6  compliance with a subpoena served on a third party?
 7            MR. OPPER:  That's correct, Your Honor.
 8            THE COURT:  And where was the subpoena served?
 9            MR. OPPER:  It was served out of the District of
10  Connecticut.
11            THE COURT:  Oh, it was.  Okay.  On a party that
12  resides in Connecticut?
13            MR. OPPER:  I believe that is correct, Your
14  Honor.
15            THE COURT:  Okay.  All right.  And has the third
16  party appeared in any way?  Have they shown up, ready
17  to --
18            MR. OPPER:  Well, they've appeared to the extent
19  they requested time, additional time to file their
20  opposition.
21            THE COURT:  Okay.  All right.  Well, that sounds
22  like a fairly discrete proceeding, and so once that's
23  fully briefed, we can schedule that maybe separately from
24  these larger group arguments.  Does that make sense?
25            MR. OPPER:  That makes sense.  The third party's
```

```
 1   brief is currently due September 27.
 2            THE COURT:  Okay.
 3            MR. OPPER:  So I think we would want to file a
 4   reply; so, yes, so it would probably have to be addressed
 5   by the Court at a later date.
 6            THE COURT:  Fair enough, okay.  All right.  Is
 7   there anything else, then, that we can usefully take up
 8   today?
 9            MR. MILNE:  Not from the perspective of the
10   Boehringer defendants, Your Honor.
11            MR. OPPER:  I think that's fine for the
12   plaintiffs as well.
13            THE COURT:  Very good.  All right.  Well, we
14   have our schedule in place.  I'll look for the motion to
15   compel and the opposition in the next two weeks, and we'll
16   see interested counsel here at 10:00 on the 22nd.
17            MR. MILNE:  Very good.  Thank you.
18            THE COURT:  Thank you all.
19            MR. OPPER:  Thank you, Your Honor.
20            MR. KOHN:  Thank you, Your Honor.
21            THE COURT:  Bye-bye.
22            (Whereupon, the proceedings adjourned at 3:27
23   p.m.)
24
25
```

C E R T I F I C A T E

     I, Sharon L. Masse, RMR, CRR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

               September 12, 2016

               /S/ Sharon L. Masse
            Sharon L. Masse, RMR, CRR
             Official Court Reporter
             915 Lafayette Boulevard
        Bridgeport, Connecticut  06604
              Tel: (860)937-4177