```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

IN RE: AGGRENOX              :    No. 3:14-MD-2516(SRU)
ANTITRUST LITIGATION         :    915 Lafayette Boulevard
                             :    Bridgeport, Connecticut
                             :
                             :    January 12, 2017
- - - - - - - - - - - - - - - x




                        TELEPHONE CONFERENCE




B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.



A P P E A R A N C E S:


    FOR THE PLAINTIFFS:

         GARWIN GERSTEIN & FISHER LLP
              Wall Street Plaza
              88 Pine Street, 10th Floor
              New York, New York  10005
         BY: JOSEPH OPPER, ESQ.
              EPHRAIM R. GERSTEIN, ESQ.

         ODOM & DESROCHES, LLC
              650 Poydras Street, Suite 2020
              New Orleans, Louisiana  70130
         BY: DAN CHIOREAN, ESQ.

         ROCHE PIA LLC
              Two Corporate Drive
              Suite 248
              Shelton, Connecticut  06484
         BY: GERALD C. PIA, ESQ.


(Continued)
```

```
          MILLER LAW LLC
              115 S. LaSalle Street
              Suite 2910
              Chicago, Illinois  60603
          BY: LORI ANN FANNING, ESQ.

          HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
              4400 Deer Path Road
              Suite 200
              Harrisburg, Pennsylvania  17110
          BY: MONICA L. REBUCK, ESQ.

          LOWEY DANNENBERG COHEN & HART, P.C.
              White Plains Plaza
              One North Broadway
              Suite 509
              White Plains, New York  10601
           BY: PETER D. ST. PHILLIP, JR., ESQ.


     FOR THE DEFENDANTS:

          WHITE & CASE LLP
              701 Thirteenth Street, NW
              Washington, DC  20005-3807
          BY: MATTHEW S. LEDDICOTTE, ESQ.

          GOODWIN PROCTER, LLP
              Exchange Place
              53 State Street
              Boston, Massachusetts  02109
          BY: SARAH FREDERICK, ESQ.

          DAY PITNEY
              242 Trumbull Street
              Hartford, Connecticut  06103
          BY: BRYAN JAMES ORTICELLI, ESQ.

          COWDERY & MURPHY, LLC
              280 Trumbull Street
              Hartford, Connecticut  06103
          BY: JOHN P. D'AMBROSIO, ESQ.


  (Continued)
```

```
          FOR GYMA LABORATORIES:

               BLANK ROME LLP
                    The Chrysler Building
                    405 Lexington Avenue
                    New York, New York  10174-0208
               BY:  ROBERT J. KENNEY, JR., ESQ.
                    ANNA SVENSSON, ESQ.
```

Sharon L. Masse, RMR, CRR
 Official Court Reporter
 915 Lafayette Boulevard
Bridgeport, Connecticut  06604
    Tel: (860)937-4177

```
 1                    (10:07 a.m.)
 2         THE COURT:  Stefan Underhill.  Good morning.  We
 3    are on the record.  It probably makes sense to get a quick
 4    list of appearances.
 5         MR. PIA:  Your Honor, Gerry Pia, liaison counsel
 6    for the direct purchaser plaintiffs.
 7         MR. OPPER:  Good morning, Your Honor.  This is
 8    Joe Opper for the direct purchaser class plaintiffs.  I'm
 9    joined by Ephraim Gerstein from my firm and Dan Chiorean,
10    who will be arguing the motion before Your Honor this
11    morning.
12         MR. KENNEY:  Your Honor, Robert Kenney for Gyma
13    Laboratories from Blank Rome.
14         MS. REBUCK:  Good morning, Your Honor.  Monica
15    Rebuck from Hangley Aronchick Segal Pudlin & Schiller on
16    behalf of the CVS and Rite Aid plaintiffs.
17         MR. ST. PHILLIP:  Good morning, Your Honor.
18    Peter St. Phillip on behalf of Humana, Inc.
19         MS. FANNING:  Good morning, Your Honor.  Lori
20    Fanning on behalf of the end-purchaser plaintiff class.
21         MS. FREDERICK:  Good morning, Your Honor.  Sarah
22    Frederick on behalf of the Barr and Teva defendants.
23         MR. LEDDICOTTE:  Good morning, Your Honor.
24    Matthew Leddicotte from White & Case for the Boehringer
25    defendants.
```

1          MR. ORTICELLI:  Good morning, Your Honor.  Bryan
2    Orticelli, Day Pitney, also for the Boehringer defendants.
3          MR. D'AMBROSIO:  Good morning, Your Honor.  John
4    D'Ambrosio, Cowdery & Murphy, also for the Boehringer
5    defendants.
6          THE COURT:  Okay, thank you.
7          MS. SVENSSON:  I'm sorry, Your Honor.  My name
8    is Anna Svensson, and I'm the associate with Rob Kenney on
9    this matter representing Gyma.
10         THE COURT:  Very good, thank you.  Obviously, I
11   have the January 4 and January 10 letters.  Let me start
12   with a comment, and then we can decide how we want to
13   proceed.  My sense is that I don't have a sufficiently
14   detailed record or information to decide what amount of
15   fees are reasonable.  Obviously, reasonable fees need to
16   be paid, but that amount remains elusive based upon what
17   I've seen.
18         My thought is this, there should be a good faith
19   payment made toward the costs of production of perhaps
20   $20,000.  The production should be completed, and once the
21   production is completed, Blank Rome should file a motion
22   for attorney's fees in connection with the production that
23   is sufficiently detailed for me to understand what the
24   fees were, who incurred them, when they were incurred, why
25   they were incurred, etc., as you would in a normal

1   attorney's fees motion.  And then to the extent necessary,
2   we'll have a hearing.  Obviously, there will be a chance
3   for a response to the motion, but it seems to me that I
4   can't really decide it on the information in front of me,
5   but I think we need to produce the documents and then
6   proceed to resolution of the fee amount.
7           So let me hear from anybody who wants to
8   complain about that suggestion.
9           MR. KENNEY:  Your Honor, Rob Kenney from Gyma.
10  That sounds reasonable to me.  I'm not going to complain
11  about it.  I'm happy to hear that, and I'm happy to comply
12  with that.  We would like to move forward and produce
13  these documents and be done with it, and I just have one
14  question when you say "motion."  You're talking about
15  actual motion papers as opposed to a letter motion akin to
16  what we did here?
17          THE COURT:  That was my thought.  I'd like to
18  see contemporaneous time records, perhaps an affidavit --
19          MR. KENNEY:  Sure.
20          THE COURT:  -- as you might usually do in a
21  formal motion for attorney's fees.
22          MR. KENNEY:  Fair enough.
23          MR. CHIOREAN:  Good morning, Your Honor.  This
24  is Dan Chiorean for the direct purchaser class.  I'm also
25  okay with that plan per Your Honor's direction.  I just

1    want to make sure that we're clear.  Your Honor has said
2    that you expect the plaintiffs to pay $20,000 for the
3    initial production and for Gyma to produce at this point,
4    is that correct?
5            THE COURT:  Right.  In other words, the range of
6    a reasonable fee here is quite broad, and it seems to me
7    it's likely to be at least $20,000.  So let's get that
8    paid.  We can figure out later what amount, if any, in
9    addition to that ought to be awarded, but I don't want the
10   dispute over the fees amount to hold up the production,
11   which is going to hold up the case.  So I want to get the
12   documents produced, and once they're produced, then we'll
13   get a motion, and there will be an opposition, and we can
14   take up the fees question.
15           MR. KENNEY:  Your Honor, just to -- I'm sorry, I
16   don't want to interrupt you.  I do want to clear something
17   up that Mr. Chiorean has said.  He was twisting the
18   Court's words.  The Court said that a good faith payment
19   should be made.  Mr. Chiorean twisted it to mean that
20   should be for the initial production.  That's not what the
21   Court said.  I'm okay with what the Court said.  I'm not
22   okay with pigeonholing that $20,000 to any particular
23   production.  I'm happy with it being a good faith payment
24   toward reasonable production costs as the Court said.
25           THE COURT:  All right.  Well, that's what I

1   intended.  That's how I'm going to interpret it going
2   forward.  The $20,000 will be taken into account at the
3   time that we set the reasonable fees.  That's the point.
4   And the reasonable --
5              MR. KENNEY:  Understood.  Thank you, Your Honor.
6              THE COURT:  -- fees can include whatever
7   reasonable fees were incurred in connection with the
8   production or productions of documents.
9              MR. OPPER:  Your Honor, this is Joe Opper for
10  the direct purchaser class plaintiffs.  What the Court is
11  proposing is fine with us.
12             THE COURT:  Okay.  So let's talk about how
13  quickly we can get this done.  Let's start on the document
14  production side.  When, Mr. Kenney, do you think document
15  production will be completed?
16             MR. KENNEY:  I'd have to check with the
17  availability, but I would say within a week to two weeks
18  we should be able to get it out.
19             THE COURT:  Yes.  Okay, that's what I was
20  hoping.  So basically both sides should do what they need
21  to do, that is, produce documents and make the good faith
22  payment within the next two weeks.
23             MR. KENNEY:  Okay.  And we can expect the good
24  faith payment to come while we're producing, I would
25  assume.

1              THE COURT:  Correct.
2              MR. KENNEY:  I don't expect to wait for the
3     payment with the understanding that it is coming.
4              THE COURT:  That's correct.
5              MR. CHIOREAN:  Your Honor, this is Dan Chiorean
6     from the direct purchaser class.  Yes, Gyma can expect the
7     good faith payment in the next one to two weeks.
8              THE COURT:  Okay, very good.  Let's try to get a
9     motion, though, promptly after production is completed.
10    So if you produce documents within two weeks, which is the
11    expectation, and you give notice that the document
12    production is now complete, unless there's a strenuous
13    objection that there's a large group of documents
14    outstanding, obviously there may be dribs and drabs that
15    come in later, but if the document production is
16    substantially complete, that should trigger the time for
17    filing a motion.  Why don't we say 14 days after that
18    date, that is, the completion date, the motion should be
19    filed.
20             MR. KENNEY:  Was that 13, Your Honor?
21             THE COURT:  No, 14.
22             MR. KENNEY:  Fourteen.
23             THE COURT:  Fourteen days from today for
24    production, 14 days after that to file the motion, and
25    then ordinary course under the local rules is 21 days for

1  a response.
2           MR. KENNEY:  Fair enough.
3           THE COURT:  Does that work?
4           MR. KENNEY:  That works for us, Your Honor, for
5  Gyma.
6           MR. CHIOREAN:  This is Dan Chiorean.  That works
7  for us, Your Honor.
8           THE COURT:  Very good.  Anything else we can
9  usefully take up today?
10          MR. KENNEY:  Not from Gyma, Your Honor.
11          THE COURT:  All right, good luck.  Thank you
12 all.
13          MR. KENNEY:  Thank you, Your Honor.
14          (10:16 a.m.)
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

      I, Sharon L. Masse, RMR, CRR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

      January 23, 2017

      <u>/S/ Sharon L. Masse</u>
      Sharon L. Masse, RMR, CRR
      Official Court Reporter
      915 Lafayette Boulevard
      Bridgeport, Connecticut  06604
      Tel: (860)937-4177