UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: AGGRENOX ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Louisiana Health Service Indemnity Co. d/b/a Bluecross/Blueshield of Louisiana Action*<br>(3:15-cv-000964) | Case No. 3:14-md-2516-SRU |

**MEMORANDUM IN OPPOSITION TO GERMAN DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO TIMELY SERVE**

Through counsel, Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of Louisiana, hereinafter "BCBSLA", respectfully submits the following Memorandum to show that the German Defendants' Motion to Dismiss should be denied:

**I.   Introduction**

The German Defendants argue that the length of time taken to serve the complaint pursuant to The Hague Convention protocol requires a dismissal of the complaint. BCBSLA can show that it has taken all reasonable and necessary steps to serve the German Defendants, and the court is not required to dismiss their complaint. The US Boehringer subsidiary agreed to waive service only on September 2nd, 2015, and counsel only clarified their position requiring a service under The Hague Convention on September 3rd, 2015. At no point thereafter did any mandatory legal delays begin to run for BCBSLA to effect service. At no point did counsel for the German Defendants request that Hague service be made within a certain time. The German Defendants have had the benefit of notice and counsel throughout these proceedings and no prejudice has been worked to the German Defendants. It would be unjust and inequitable to dismiss the Complaint under these circumstances. Furthermore, the service of the original Class Action Complaint via

ORAL ARGUMENT NOT REQUESTED

The Hague Convention provides sufficient notice and service of process for the identical claims of BCBSLA, who, at the time of service, was a class member. Therefore, the Motion to Dismiss should be denied.

## II.     Law and Argument

The German Defendants admit that the Federal Rules do not require service to be made in any particular time period. Movants rely on *Yellowave Corp. v. Mana,* 2000 WL 1508249 (S.D.N.Y. Oct. 11, 2000) for the proposition that "a flexible due diligence standard" applies to a plaintiff's duty to effect service on a foreign defendant. *Yellowave Corp.* relies upon *Montalbo v. Easco Hand Tools, Inc.* 766 F.2d 737 (2nd Cir., 1985) for authority to conditionally dismiss a complaint when service on a foreign defendant is not attempted within 120 days. However, *Montalbo* does not establish the rule that a complaint against a foreign defendant must be dismissed if service is not attempted within 120 days. Rather, *Montalbo* stands for the proposition that a flexible, reasonable standard exists that requires the court to determine whether a delay can reasonably be excused under the circumstances. In *Montalbo,* the court reasoned that since the plaintiff "has not exactly bent over backward to effect service" that dismissal was appropriate. In that case no service at all was attempted under The Hague Convention, the foreign defendants were not represented and already participating in the litigation, and there was no indication the foreign defendants otherwise had notice of the claims. This contrasts starkly with the facts in this case where the German Defendants have already been served with the Class Complaint via The Hague Convention while BCBSLA was a part of that class, BCBSLA has actually completed Hague service on the German Defendants (See, Exhibit "A" attached hereto, *in globo*, certificates of service and correspondence from the Rhineland-Palantinate Central Authority), the German Defendants have been represented throughout, actively participating in the litigation on the merits,

and the German Defendants have otherwise been fully apprised of all of the claims against them since the beginning of the case.

Under these circumstances, to require dismissal because service is not attempted within 120 days would effectively rewrite Rule 4. The rule states that "subdivision (m) does not apply to service in a foreign country," not that a litigant has 120 days in which to initiate foreign service. *See, Lucas v. Natoli,* 936 F.2d 43 (9th Cir. 1991). International service of process is plagued by slow and stringent procedures. *Marcantonio v. Primorsk Shipping Corp.*, 206 F.Supp.2d 54 (D.Mass. 2002). Accordingly, the requirement that a complaint must be served within 120 days after filing does not apply to service in a foreign country. *Young's Trading Co. v. Fancy Import, Inc.,* 222 F.R.D. 341 (W.D.Tenn. 2004), *In re South African Apartheid Litigation*, 643 F.Supp.2d 423 (S.D.N.Y.,2009) (rule permitting dismissal without prejudice for noncompliance with the 120-day time period for service does not apply to service in a foreign country.)

When applying the "flexible due diligence standard" to determine the timeliness of service of process, the court looks both to the reasonableness of plaintiff's effort and the prejudice to defendant from any delay. *Papst Licensing GmbH and Co. KG v. Sunonwealtlh Elec. Mach. Ind. Co., Ltd.,* 332 F.Supp.2d 1142 (N.D.Ill. 2004), *James v. Rutil (S.R.L.),* 1997 WL 151174 (S.D.In. Mar. 14, 1997); *People's Ins. Co. of China v. M/V AMALIA DEL BENE*, 1996 WL 337256 (E.D.La. June 18, 1996). Considering the reasonableness of BCBSLA's efforts here, and the lack of any prejudice to the defendant from the delay, the Motion to Dismiss must be denied. BCBSLA's delay has been reasonable, because the German Defendants were already served with identical allegations by the Class Complaint before BCBSLA opted out of the class. This delay is also reasonable because the German Defendants have been represented throughout and participating in the litigation on the merits throughout. As noted, BCBSLA completed Hague service on the

German Defendants. The only effect of the delay in service could conceivably have would be to retard the date by which the German Defendants are required to answer. However, delaying the date of the answer does not result in prejudice to the German Defendants. The court has already approved a stipulation in the case providing the German Defendants until June 8th, 2017 to answer the direct-purchaser claims of CVS. Document No. 628, filed 5/31/2017. That approval acknowledges that there is no problem with an answer coming at this stage of the litigation. As is the case with CVS, there is no question that the Court's prior rulings with respect to motions to dismiss complaints asserting claims based on reimbursements and/or indirect purchases of Aggrenox will apply to the BCBSLA complaint actually served on the German Defendants. Therefore, there the German Defendants have not been prejudiced in the least by the service delay.

### III.     Conclusion

Under these circumstances it would be inappropriate to strictly interpret Rule 4 to require mandatory dismissal if service is not attempted on a foreign defendant in 120 days. BCBSLA has acted reasonably under the circumstance, and no prejudice has worked to the German Defendants. Wherefore, BCBSLA prays the Motion to Dismiss be denied.

Respectfully Submitted:

David L. Belt CT04274
Meaghan M. Miles CT29793
HURWITZ SAGARIN SLOSSBERG &
KNUFF LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460
Telephone: (203) 877-8000
Facsimile: (203) 877-9800

/s/ John Alden Meade La. Bar. 29975, PHV 07680
YOUNG COTTER & MEADE LLC
909 Poydras St., Suite 1600
New Orleans, LA 70112
jameade@ycmlawfirm.com
T: 504-799-3102
F: 504-717-2846

SALIM-BEASLEY LLC
Robert L. Salim (La. Bar 11663)
Barrett Beasley (La. Bar 25984)
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998
robertsalim@cp-tel.met

T. TAYLOR TOWNSEND, LLC
Thomas T. Townsend (La. Bar 20021)
320 St. Denis St.
P.O. Box 784
Natchitoches, LA 71458-0784
Telephone: (318) 238-3612
Facsimile: (318) 238-6103
taylor@taylortownsendlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record in this case via first class mail, postage prepaid, or via email and/or the court's ECF system on June 6th, 2017

/s/ John Alden Meade