UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:  AGGRENOX ANTITRUST LITIGATION | )<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) C.A. No. 3:14-MD-2516 (SRU)<br>) |
| *Louisiana Health Service Indemnity Co. d/b/a*<br>*Bluecross/Blueshield of Louisiana* Action<br>(3:15-cv-000964) | )<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
GERMAN DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT FILED BY BCBSLA FOR FAILURE TO TIMELY SERVE**

**Table of Contents**

Introduction ...................................................................................................................................1

Argument .......................................................................................................................................2

I.   BCBSLA's Reliance on *Yellowave* and *Montalbano* Misconstrues the Law Within the Second Circuit Requiring an Attempt to Serve Foreign Defendants Within the Time Limits Prescribed by Rule 4 .............................................................................................2

II.  BCBSLA Has Not Presented Any Evidence of Good Cause for Its Failure to Serve the German Defendants in a Timely Manner. ................................................................5

Conclusion .....................................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*,
   No. 01 Civ. 9649, 2005 U.S. Dist. LEXIS 26093 ................................................................8

*Brown v. Pratt & Whitney Div., United Techs. Corp.*,
   No. 3:96 CV 0525, 1997 U.S. Dist. LEXIS 14185 (D. Conn. Aug. 28, 1997) .........................7

*DEF v. ABC*,
   366 F. App'x 250 (2d Cir. 2010) ............................................................................................2

*DHL Glob. Forwarding Mgmt. Latin Am. v. Pfizer, Inc.*,
   No. 13-CV-8218, 2014 U.S. Dist. LEXIS 146592 (S.D.N.Y. Oct. 14, 2014) ..........................5

*E. Refractories Co. v. Forty Eight Insulations, Inc.*,
   187 F.R.D. 503 (S.D.N.Y. 1999) ............................................................................................5

*Fallman v. Hotel Insider, Ltd.*,
   No. 14cv10140, 2016 U.S. Dist. LEXIS 140158 (S.D.N.Y. Oct. 7, 2016) .............................9

*Hutchinson v. Civitella*,
   No. 02 Civ. 2407, 2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4, 2003) .........................5, 7

*In re Bozel S.A.*,
   549 B.R. 446 (Bankr. S.D.N.Y. 2016) ....................................................................................7

*In re Crysen/Montenay Energy Co. v. E & C Trading Ltd.*,
   166 B.R. 546 (S.D.N.Y. 1994) ................................................................................................6

*In re S. African Apartheid Litig.*,
   643 F. Supp. 2d 423 (S.D.N.Y. 2009) ....................................................................................4

*In re Vivendi Universal*,
   No. 02 Civ. 5571, 2009 U.S. Dist. LEXIS 55864 (S.D.N.Y. July 1, 2009) ............................4

*James v. Rutil*,
   No. IP 95-530-C-B/S, 1997 U.S. Dist. LEXIS 4029 (S.D. Ind. Mar. 14, 1997) .....................8

*Jonas v. Citibank, N.A.*,
   414 F. Supp. 2d 411 (S.D.N.Y. 2006) .................................................................................7, 9

*Lucas v. Natoli*,
   936 F.2d 43 (9th Cir. 1991) ....................................................................................................4

*Mentor Ins. Co. v. Brannkasse*,
    996 F.2d 506 (2d Cir. 1993)......................................................................................................5

*Montalbano v. Easco Hand Tools, Inc.*,
    766 F.2d 737 (2d Cir. 1985)..................................................................................................2, 3

*Mused v. United States Dep't of Agric. Food & Nutrition Serv.*,
    169 F.R.D. 28 (W.D.N.Y. 1996)..............................................................................................8

*Myers v. City of Hartford*,
    No. 3:03cv652, 2003 U.S. Dist. LEXIS 21008 (D. Conn. Nov. 19, 2003)..............................7

*NBS Trade & Inv. Ltd. v. China Constr. Bank*,
    No. 16cv6324, 2016 U.S. Dist. LEXIS 181711 (S.D.N.Y. Dec. 22, 2016).............................3

*Phills v. Ten Middle Assocs.*,
    No. 3:05CV01838, 2007 U.S. Dist. LEXIS 5966 (D. Conn. Jan. 25, 2007) ...........................9

*Sikhs for Justice v. Nath*,
    850 F. Supp. 2d 435 (S.D.N.Y. 2012)......................................................................................7

*Usha (India), Ltd. v. Honeywell Int'l, Inc.*,
    421 F.3d 129 (2d Cir. 2005)..................................................................................................2, 3

*Wells v. Republic of the Sey. Gov't*,
    No. 11 Civ. 1907, 2013 U.S. Dist. LEXIS 64494 (S.D.N.Y. May 6, 2013).............................6

*Yellowave Corp. v. Mana*,
    No. 00 Civ. 2267, 2000 U.S. Dist. LEXIS 14813 (S.D.N.Y. Oct. 11, 2000) ......................2, 3

**STATUTES AND RULES**

Fed. R. Civ. P. 4........................................................................................................... passim

Fed. R. Civ. P. 6........................................................................................................................7

Fed. R. Civ. P. 12......................................................................................................................4

Fed. R. Civ. P. 41......................................................................................................................1

**Introduction**

The Court should dismiss BCBSLA's complaint against Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "German Defendants") because BCBSLA does not dispute that it failed to timely serve, or even attempt timely service, on the German Defendants.[1] BCBSLA provides no explanation for its delay in attempting service. Moreover, BCBSLA does not dispute that when it finally attempted service, it served its original complaint rather than its most recent operative complaint ("Complaint").

BCBSLA's assertions that it somehow had "good cause" for having neglected to serve the German Defendants in excess of 500 days likewise lack merit. BCBSLA does not provide any justification for its delay and does not argue that exceptional circumstances impaired its ability to attempt service within a reasonable time after it had filed suit. Moreover, BCBSLA offers no evidence that it undertook any reasonable or diligent efforts to attempt timely service on the German Defendants. BCBSLA argues only that the German Defendants suffered no prejudice due to the delay, which is a moot point in light of BCBSLA's failure and lack of diligence to comply with the rules, and ignores the prejudice the German Defendants suffered from not knowing—for over 500 days while fact discovery was proceeding—whether BCBSLA was in fact pursuing a lawsuit against them. BCBSLA's request that the Court excuse its delay

---

[1] On June 16, 2017, Plaintiff Humana, Inc. and the German Defendants entered a Stipulation to dismiss with prejudice Plaintiff Humana, Inc.'s claims against the German Defendants. ECF No. 634. The Stipulation arose from the German Defendants' May 16, 2017 Motion to Dismiss the Complaints Filed by BCBSLA and Humana for Failure to Timely Serve ("Motion"), ECF No. 625. On June 19, 2017, this Court entered a minute entry order regarding the Stipulation, ECF No. 635, but then indicated it was entered in error. Under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, the stipulation of dismissal need not be approved by the Court.

is tantamount to ignoring the federal rules and the German Defendants' rights to be put on notice through the appropriate procedures under the Hague Convention.

In light of BCBSLA's failure to explain its delay and lack of diligence, this Court should dismiss the Complaint against the German Defendants.

**Argument**

I. **BCBSLA's Reliance on *Yellowave* and *Montalbano* Misconstrues the Law Within the Second Circuit Requiring an Attempt to Serve Foreign Defendants Within the Time Limits Prescribed by Rule 4**

BCBSLA urges the Court to deny the Motion by cherry-picking a single case cited in the Motion—*Yellowave Corp. v. Mana*, No. 00 Civ. 2267 (SAS), 2000 U.S. Dist. LEXIS 14813 (S.D.N.Y. Oct. 11, 2000)—that it believes unravels the German Defendants' argument that case law requires plaintiffs to at least attempt service within 120 days to avoid dismissal. (BCBSLA's Opp'n at 2). BCBSLA argues that the "flexible due diligence standard" *Yellowave* espouses stems from the Second Circuit's decision in *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737 (2d Cir. 1985), which according to BCBSLA "does not establish the rule that a complaint against a foreign defendant must be dismissed if service is not attempted within 120 days." (BCBSLA's Opp'n at 2). BCBSLA misreads both *Yellowave* and *Montalbano*, and deliberately ignores the remaining (and voluminous) body of precedents that the German Defendants introduced in support of their argument that plaintiffs must at least attempt service within 120 days to avoid dismissal. *See* Defs.' Mot. at 5 (citing *DEF v. ABC*, 366 F. App'x 250, 253-54 (2d Cir. 2010) (affirming dismissal of third-party complaint against foreign third-party defendants where there was no attempt at foreign service within the 120-day limit); *Usha (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005) (dismissing action against foreign defendant because "the plaintiffs did not attempt service" on the defendant within the timeframe

2

prescribed by Rule 4(m)); *NBS Trade & Inv. Ltd. v. China Constr. Bank*, No. 16cv6324(DLC), 2016 U.S. Dist. LEXIS 181711, at *2 (S.D.N.Y. Dec. 22, 2016) ("Where the plaintiff does not commence efforts to serve the defendant in a foreign country within [120] days of filing a lawsuit against that defendant, it is appropriate to dismiss the action.")).

BCBSLA's reading of *Yellowave* and *Montalbano* veers far from the truth. Specifically, it ignores the crucial fact that in both *Yellowave* and *Montalbano*, the courts held that the time limit for service under Rule 4(m) *does* apply to foreign service in situations where the plaintiff has failed to even attempt such service. *Yellowave*, 2000 U.S. Dist. LEXIS 14813, at *6-7; *Montalbano*, 766 F.2d at 740. BCBSLA would like to have the Court believe that it has passed this test, because it has already served summons and a copy of its original complaint on the German Defendants. (BCBSLA's Opp'n at 2). From BCBSLA's perspective, it simply does not matter that BCBSLA undertook no effort to serve the German Defendants during the timeframe prescribed by Rule 4(m) or, for that matter, at any point prior to the actual date on which the German Defendants were finally served—which was **well over 600 days** after BCBSLA had filed its original complaint. To this day, BCBSLA has still failed to serve the Complaint on the German Defendants.

The "flexible due diligence standard" for the timeliness of foreign service that *Yellowave* and *Montalbano* articulated is about *when* service was attempted, rather than whether that service was ultimately successful: "Under this standard, the 120-day time limit is appropriate where plaintiff has not even attempted service in the foreign county." *Yellowave*, 2000 U.S. Dist. LEXIS 14813, at *6-7. Indeed, this is precisely the view that the Second Circuit has adopted in the wake of *Yellowave* and *Montalbano*. *See DEF*, 366 F. App'x at 253-54; *Usha*, 421 F.3d at 133-34; *NBS Trade & Inv. Ltd.*, 2016 U.S. Dist. LEXIS 181711, at *2.

BCBSLA's effort to shore up its flawed interpretation by citing decisions from outside the Second Circuit is unavailing. (BCBSLA's Opp'n at 3). Not only do these decisions lack any controlling authority over how this Court will rule on the Motion, they have been explicitly rejected by courts in the Second Circuit. *See, e.g., In re Vivendi Universal*, No. 02 Civ. 5571 (RJH)(HBP), 2009 U.S. Dist. LEXIS 55864, at *19 n.1, 20 (S.D.N.Y. July 1, 2009) (declining to follow *Lucas v. Natoli*, 936 F.2d 43 (9th Cir. 1991) in adjudicating the foreign defendant's Rule 12(b)(5) motion to dismiss because two Second Circuit decisions—*Montalbano* and *Usha*—were controlling and necessitated dismissal of the complaint for untimely service of process).

The one case from the Second Circuit that BCBSLA does try to marshal in support of its position, *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423 (S.D.N.Y. 2009), is easily distinguishable from the present action. Most significantly, the plaintiffs in *South African Apartheid* had undertaken several meaningful steps to effect service on the foreign defendant shortly after commencing their lawsuit. *S. African Apartheid Litig.*, 643 F. Supp. 2d at 427-28, 437. BCBSLA has not exhibited anything resembling this level of promptness or diligence in their efforts to serve the German Defendants, having chosen to wait more than ***570 days*** after filing their original complaint before even requesting a summons for service from this Court. Far from bolstering BCBSLA's contention that Rule 4(m)'s time limit for service is completely inapplicable to service in a foreign country, *South African Apartheid* squarely illustrates that courts require dismissal where foreign service is not attempted within the timeframe prescribed by Rule 4(m).

Because BCBSLA has misread the Second Circuit's law on the applicability of Rule 4(m)'s timeline for service abroad, and because it has failed to present any controlling authority

suggesting that its service of an old complaint on the German Defendants over 600 days after filing was timely, the Court should dismiss the Complaint against the German Defendants.

**II.     BCBSLA Has Not Presented Any Evidence of Good Cause for Its Failure to Serve the German Defendants in a Timely Manner.**

Since BCBSLA failed to serve the German Defendants in a timely manner, it must establish "good cause" to avoid dismissal. *See, e.g.*, *Mentor Ins. Co. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) (dismissing action against a foreign defendant where the plaintiff failed to show "good cause" as to why it never attempted to serve the defendant within the time period prescribed by Rule 4(m)). Within the Second Circuit, "good cause" is found "only in *exceptional* circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (emphasis added); *see also DHL Glob. Forwarding Mgmt. Latin Am. v. Pfizer, Inc.*, No. 13-CV-8218 (KBF), 2014 U.S. Dist. LEXIS 146592, at *15 (S.D.N.Y. Oct. 14, 2014) (noting that "good cause" for delay of service on a foreign defendant requires the presence of "exceptional" factors that were "beyond the plaintiff's control"). The plaintiff bears the burden of showing that it had good cause in not timely attempting to serve the defendants. *Hutchinson v. Civitella*, No. 02 Civ. 2407 (CBM), 2003 U.S. Dist. LEXIS 15417, at *28 (S.D.N.Y. Sept. 4, 2003). Here, BCBSLA has not advanced any explanation that would qualify as "good cause" for its failure to attempt timely service on the German Defendants.

*First*, BCBSLA argues that the Court should forgive its extremely belated service of process on the German Defendants because "[i]international service of process is plagued by slow and stringent procedures." (BCBSLA's Opp'n at 3). This argument ignores the fact that BCBSLA did not even attempt service within 120 days of filing its original Complaint. The

5

"slow and stringent" international procedures are all the more reason that BCBSLA should have started the process within 120 days. BCBSLA does not even argue that it made such an attempt or that the process is what caused the delay. The only reason for BCBSLA's failure to attempt service within 120 days was BCBSLA's own lack of diligence.

*Second*, BCBSLA also contends that service of the complaint in the purported end-payor class action on the German Defendants back when BCBSLA was still a member of that purported, uncertified class somehow constitutes effective service of process on the German Defendants in BCBSLA's opt-out lawsuit. This is a fundamentally flawed argument. When BCBSLA instituted its own action against the German Defendants, it was required to notify the German Defendants under the procedures set forth under the Federal Rules of Civil Procedure and the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1), (h)(2). The German Defendants' notice of a prior, separate action is not a proxy for notice of a subsequent action.

*Third*, BCBSLA relies on the fact that it finally managed to serve the original complaint—the wrong one—on the German Defendants. The sheer amount of time that elapsed before this happened, however, totally undermines and contradicts any claim of reasonableness or diligence that BCBSLA attributes to it. *See Wells v. Republic of the Sey. Gov't*, No. 11 Civ. 1907 (LBS), 2013 U.S. Dist. LEXIS 64494, at *3 (S.D.N.Y. May 6, 2013) (holding that due diligence will only be found if a plaintiff serves a foreign defendant within a "reasonable time" after filing suit); *In re Crysen/Montenay Energy Co. v. E & C Trading Ltd.*, 166 B.R. 546, 553 (S.D.N.Y. 1994) ("In the case at bar, the bankruptcy court appropriately found that the *fourteen months* which transpired, before [plaintiff] attempted to perfect service of process, precluded a finding of diligence.") (emphasis added). This conclusion is underscored by the fact that BCBSLA never once requested from this Court an extension of time to serve process on the

6

German Defendants. *See Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) ("Courts have dismissed cases in similar instances noting that plaintiff's failure to seek an extension of time undermines the defense of good cause."); *Hutchinson*, 2003 U.S. Dist. LEXIS 15417, at *10 ("In particular the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under Fed. R. Civ. P. 6(b) for an extension of time in which to serve the defendant."). In situations such as this, courts in the Second Circuit have not hesitated to dismiss claims against foreign defendants for lack of timely service of process (even where, in contrast to BCBSLA, the plaintiff had actually served the correct, operative complaint on the defendant). *See In re Bozel S.A.*, 549 B.R. 446, 449-51 (Bankr. S.D.N.Y. 2016) (dismissing action against the foreign defendant where service of the operative complaint was perfected twenty five months after the filing).

*Fourth*, BCBSLA also argues that the German Defendants had notice of the claims brought against them through their participation in the MDL. (BCBSLA's Opp'n at 1, 3). Courts in the Second Circuit have routinely held that actual notice of a lawsuit does not dispense with the requirements for proper service of process. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012) ("[A]ctual notice cannot cure a failure to comply with the statutory requirements for serving process. [The foreign defendant] had actual notice of this action, a point he does not contest, but that does not, as a matter of law, waive the service defect."); *Myers v. City of Hartford*, No. 3:03cv652 (PCD), 2003 U.S. Dist. LEXIS 21008, at *10-11 (D. Conn. Nov. 19, 2003) ("Actual knowledge is not, however, a dispositive factor in determining whether process has been sufficiently rendered."); *Brown v. Pratt & Whitney Div., United Techs. Corp.*, No. 3:96 CV 0525 (GLG), 1997 U.S. Dist. LEXIS 14185, at *8 (D. Conn. Aug. 28, 1997) ("We

also reject plaintiff's argument that, because defendant had actual notice of the pending suit, we should excuse his failure to properly serve.").

Finally, because BCBSLA lacked any diligence in even attempting service, BCBSLA's argument that the German Defendants suffered no prejudice is effectively moot. Courts in the Second Circuit weigh the plaintiff's reasonableness and diligence in attempting service against the prejudice to the defendant resulting from the delay *only* when the plaintiff actually presents some evidence of diligence. *See Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*, No. 01 Civ. 9649 (JFK), 2005 U.S. Dist. LEXIS 26093, at *13 (finding an absence of "good cause" solely on the basis of the complainant's insufficient diligence and effort to timely effect foreign service); *see also Mused v. United States Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996) ("Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service."). As BCBSLA admits in its Opposition, "the court looks *both* to the reasonableness of plaintiff's effort and the prejudice to defendant from any delay" in service. (BCBSLA's Opp'n at 3 (emphasis added)). Where there is no reasonableness of effort on the plaintiff's part, the lack of prejudice to the defendant is simply not enough to support a finding of "good cause." Even BCBSLA's own authorities support this point. *See, e.g., James v. Rutil*, No. IP 95-530-C-B/S, 1997 U.S. Dist. LEXIS 4029, at *15-16 (S.D. Ind. Mar. 14, 1997) (noting that even though the foreign defendant suffered no real prejudice as a result of the plaintiff's delay in service, the plaintiff offered no evidence that the delay had been reasonable).

In any event, the German Defendants have suffered prejudice in the sense that they did not know whether BCBSLA would prosecute its case against them even after years of discovery had proceeded in this MDL, and they had a right to receive proper notice under the Federal Rules

of Civil Procedure and the Hague Convention. *See Fallman v. Hotel Insider, Ltd.*, No. 14cv10140 (DLC), 2016 U.S. Dist. LEXIS 140158, at *11-12 (S.D.N.Y. Oct. 7, 2016) (dismissing complaint against the foreign defendant where service was attempted only after motion practice had already begun and discovery had been substantially completed).

In short, BCBSLA cannot support an argument for "good cause" here because it has failed to present any evidence explaining why it waited over 570 days before even requesting the issuance of summons as to the German Defendants. The only reasonable inference that can be drawn from this silence is that the excessive delay in serving the German Defendants was not caused by any exceptional circumstance beyond BCBSLA's control. Rather, it was simply a product of BCBSLA's carelessness and/or lack of diligence, which courts in the Second Circuit have repeatedly rejected as a basis for a finding of "good cause." *See, e.g.*, *Phills v. Ten Middle Assocs.*, No. 3:05CV01838(AVC), 2007 U.S. Dist. LEXIS 5966, at *5 (D. Conn. Jan. 25, 2007) ("An attorney's inadvertence, neglect, mistake, or misplaced reliance does not constitute good cause for the purposes of Rule 4(m)."); *Jonas*, 414 F. Supp. 2d at 416 (holding that neither neglect, inadvertence, nor mistaken belief in the adequacy of service suffices to support a finding of "good cause" under Rule 4(m)).

Therefore, BCBSLA has failed to show any "good cause" for its failure to effect timely service of process on the German Defendants.

## **Conclusion**

For the foregoing reasons, this Court should dismiss the Complaint against the German Defendants.

| | |
|---|---|
| Dated:  July 6, 2017 | Respectfully Submitted, |

/s/ *Ross E. Elfand*
J. Mark Gidley (ct 22743)
Peter J. Carney (ct 24721)
Matthew S. Leddicotte (pro hac vice)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

Robert A. Milne (pro hac vice)
Jack E. Pace III (pro hac vice)
Alison Hanstead (pro hac vice)
Ross E. Elfand (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Richard P. Colbert (ct 08721)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301

*Counsel for Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharma GmbH & Co. KG*

**CERTIFICATE OF SERVICE**

I, Ross E. Elfand, certify that on July 6, 2017, I caused a true and correct copy of the foregoing Reply Memorandum of Law in Reply to German Defendants' Motion to Dismiss the Complaint Filed by Louisiana Health Service Indemnity Co. d/b/a Bluecross/Blueshield of Louisiana to be served through the CM/ECF system.

Date: July 6, 2017

By: */s/ Ross E. Elfand*
Ross E. Elfand (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113