# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **IN RE AGGRENOX ANTITRUST LITIGATION** | **Master Docket No.**<br><br>**3:14-cv-02516-(SRU)** |
| | **Judge Stefan R. Underhill** |

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is made and entered into on August 15, 2017, by and between Defendants Boehringer Ingelheim Pharma GmbH & Co KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants"); and Direct Purchaser Class Plaintiffs' Lead Counsel acting pursuant to the Court's Order, dated June 16, 2014 (Doc. No. 94), on behalf of Plaintiffs Miami Luken Inc. ("Miami Luken"), Rochester Drug Co-Operative, Inc. ("RDC"), American Sales Company, LLC ("American Sales"), and Cesar Castillo, Inc. ("Castillo") (collectively "Direct Purchaser Class Plaintiffs," "named Plaintiffs," or "Plaintiffs"), and on behalf of the Direct Purchaser Class (as defined in paragraph 1 below) in *In re Aggrenox Antitrust Litigation*, Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.) (the "Direct Purchaser Class Action").

WHEREAS, the parties acknowledge that the United States District Court for the District of Connecticut (the "Court") has jurisdiction over these actions, each of the parties hereto, and all putative members of the Direct Purchaser Class for all manifestations of this case, including

1

this Settlement;

WHEREAS, Plaintiffs alleged that Defendants violated federal antitrust law by wrongfully delaying the introduction of generic versions of the branded prescription drug Aggrenox (extended release aspirin-dipyridamole), a drug indicated to reduce the risk of stroke in patients who have had a transient ischemic attack ("TIA" or "mini-stroke"), in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2, as detailed in the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint and other papers filed with the Court, and Plaintiffs and other members of the Direct Purchaser Class incurred significant damages as a result;

WHEREAS, Defendants deny each and every one of Plaintiffs' allegations of unlawful conduct, deny that any conduct challenged by Plaintiffs caused any damage whatsoever, and have asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Direct Purchaser Class Action or a waiver of any defenses thereto;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and Defendants, including with the assistance of a mediator, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the proposed Direct Purchaser Class (the "Settlement"), has been reached, subject to the final approval of the Court;

WHEREAS, Plaintiffs' counsel have concluded, after extensive fact and expert discovery and investigation of the facts, and after carefully considering the circumstances of the Direct Purchaser Class Action, including the claims asserted, and the possible legal and factual defenses

2

thereto, that it would be in the best interests of the Direct Purchaser Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the Direct Purchaser Class, and, further, that Plaintiffs' counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the Direct Purchaser Class;

WHEREAS, Plaintiffs' economist has concluded that the circumstances that lead to overcharge damages for entities that purchased only generic forms of Aggrenox are not present in this case, and he has executed a declaration to that effect that has been provided to counsel for Defendants;

WHEREAS, Plaintiffs have obtained approval of this settlement from Cardinal Health 110, LLC, Cardinal Health, Inc., AmerisourceBergen Drug Corporation, and McKesson Corporation;

WHEREAS, Defendants have concluded, despite their belief that they are not liable for the claims asserted and that they have good defenses thereto, that it would be in their best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation, and thereby avoid the risks inherent in complex litigation; and

WHEREAS, Defendants (or any employee or agent or representative thereof, including any counsel) agree to refrain from contacting or communicating with any putative member of the Direct Purchaser Class (as defined in paragraph 1), and/or attempting to effectuate any individual settlement with any putative member of the Direct Purchaser Class, regarding the subject matter of this litigation or the settlement thereof without conferring with Lead Counsel for the Direct Purchaser Class, except as provided in Paragraph 5 hereof;

NOW THEREFORE, it is agreed by the undersigned, on behalf of Defendants, Plaintiffs,

and the Direct Purchaser Class, that all claims of Plaintiffs and the Direct Purchaser Class against Defendants be settled, compromised and dismissed with prejudice and, except as hereinafter provided, without costs as to Defendants or Plaintiffs, subject to the approval of the Court, on the following terms and conditions:

      1.    This settlement is on behalf of the Plaintiffs and a class defined as follows ("Direct Purchaser Class"):

> All persons or entities in the United States and its territories and possessions including the Commonwealth of Puerto Rico who directly purchased branded Aggrenox in any form from any of the Defendants from December 1, 2009 through June 30, 2015 (the "Class Period"), or their assignees (the "Class"). Excluded from the Class are Defendants and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities. Also excluded from the Class are CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P. and Albertson's LLC and their officers, directors, management and employees, predecessors, subsidiaries and affiliates who have brought individual claims as direct purchasers or assignees of direct purchasers to the extent they have valid assignments as more fully described in paragraph 10 herein ("Retailer Plaintiffs").

      2.    **Reasonable Best Efforts to Effectuate This Settlement**. Counsel for the undersigned agree to recommend approval of this Settlement by the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to secure approval and to carry out the terms of this Settlement.

      3.    **Motion for Preliminary Approval**. Following the execution of this Settlement Agreement by all parties hereto, Plaintiffs shall file with the Court a motion for preliminary approval of the Settlement. The motion for preliminary approval shall request the entry of a preliminary approval order substantially in the form of Exhibit A hereto (the "Preliminary Approval Order"), including: (i) the preliminary approval of the Settlement set forth in this

4

Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the Direct

Purchaser Class; (ii) approval of the notice and proposed notice plan; (iii) a schedule for a

hearing by the Court after the notice period has expired to approve the Settlement and to consider

Plaintiffs' counsel's applications for attorneys' fees, reimbursement of costs and expenses, and

incentive awards as set forth in this Settlement Agreement; (iv) a stay of all proceedings in the

Direct Purchaser Class Action against Defendants until such time as the Court renders a final

decision regarding the approval of the Settlement as described below in paragraph 17; (v)

approval of an escrow agreement regarding the Settlement consideration described below in

paragraph 8; and (vi) certification of the Direct Purchaser Class as defined in paragraph 1 for

purposes of settlement. After the Court preliminarily approves the Settlement, Plaintiffs shall, in

accordance with the Preliminary Approval Order, provide Direct Purchaser Class members with

notice of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure substantially

in the form attached hereto as Exhibit B. Plaintiffs' counsel will recommend notice to the Class

by means of direct first class mail.

    4.    **Class Certification.** Plaintiffs shall seek Court approval of the certification of

the Direct Purchaser Class for purposes of settlement in light of the proposed Settlement only,

concurrently with their Motion for Preliminary Approval. Defendants will not oppose Plaintiffs'

motion for class certification in connection with the proposed Settlement only. Neither this

Settlement Agreement, nor any other Settlement-related document, nor anything contained

herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in

accordance with the terms set forth in the Settlement Agreement or herein or in any other

Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or

an admission or concession by Defendants as to whether any class, in this case or others, may be

certified for purposes of litigation and trial.

      5.      **Contingency in the Event the Settlement is Not Approved for Reasons Other Than Fairness or an Aggrenox Direct Purchaser Requests Exclusion from the Direct Purchaser Class**.

      (a)     In the event the Settlement is disapproved by the Court or on appeal (including because the Court does not certify the Direct Purchaser Class for purposes of settlement) for any reason other than the Settlement is not fair, reasonable or adequate, Defendants agree to offer, as soon as practical, each entity falling within the definition of "Direct Purchaser Class" (as defined in Paragraph 1) ("Aggrenox Direct Purchaser") at least its *pro rata* share of the Settlement Fund Amount (as defined below in Paragraph 5(e)), net of all known assignments to the Retailer Plaintiffs, after conferring with Lead Counsel for the Direct Purchaser Class in exchange for a release substantively equivalent to the one set out in Paragraph 14, below.

      (b)     If the Settlement is approved by the Court and becomes final as defined in paragraph 7, and one or more Aggrenox Direct Purchaser(s) had properly excluded itself (themselves) from the Direct Purchaser Class (other than a Retailer Plaintiff) prior to the expiration of the opt-out period prescribed by the Court, the Settlement Fund (as discussed in Paragraph 8) will be reduced by the amount of the *pro rata* share for that Aggrenox Direct Purchaser, net of all known assignments to the Retailer Plaintiffs (as defined below, in Paragraph 5(e)). Nothing herein will preclude an Aggrenox Direct Purchaser(s) who has sought exclusion from the Direct Purchaser Class from seeking leave of court to rescind its (their) decision to exclude itself (themselves) from the Direct Purchaser Class until such time the Settlement becomes final pursuant to paragraph 7. Nothing precludes Class Counsel or counsel for Defendants from contacting such Aggrenox Direct Purchaser(s) concerning its (their) decision(s) to opt out of the Class. A decision by one or more Aggrenox Direct Purchasers to opt out of the Direct Purchaser Class will have no impact on the validity and enforceability of this Settlement

Agreement as to the remaining members of the Direct Purchaser Class, including the release provisions in Paragraph 14.

(c)     Any offer to an individual Aggrenox Direct Purchaser under Paragraph 5(a) shall be expressly subject to the condition that the Aggrenox Direct Purchaser(s) receiving the offer(s) submit to the jurisdiction of the United States District Court for the District of Connecticut regarding the issue of its obligation to pay its proportionate share of the Direct Purchaser Class Counsel's attorneys' fees, costs and expenses, and incentive awards.  Each Aggrenox Direct Purchaser that chooses to accept an offer from Defendants shall be given written notice by Defendants (the content of which is to be agreed to by Lead Counsel for the Direct Purchaser Class) of Lead Counsel's intent to apply for Direct Purchaser Class Counsel's attorneys' fees, costs, expenses, and incentive awards and to seek the awards out of the escrowed funds (described below), and an opportunity to respond to the application.  Defendants shall inform Lead Counsel for the Direct Purchaser Class of any subsequent private offers made to, and accepted by, Aggrenox Direct Purchasers within five (5) days of the acceptance of the offer by the Aggrenox Direct Purchaser.

(d)     For any offer accepted by an Aggrenox Direct Purchaser under Paragraph 5(a), Defendants agree to place 40% of the accepted offer into escrow to cover the Aggrenox Direct Purchaser's proportionate share of Direct Purchaser Class Counsel's attorneys' fees, costs and expenses, and incentive awards.  The amount of any such attorneys' fees, costs, expenses, and incentive awards awarded shall be determined by the Court.  Any funds placed into escrow pursuant to this provision that exceed the amount of attorneys' fees, costs, expenses, and/or incentive awards awarded by the Court shall be paid out to the Aggrenox Direct Purchaser.

(e)     The amount of each Aggrenox Direct Purchaser's *pro rata* share of the Settlement

Fund Amount shall be based on the schedule prepared by Dr. Jeffrey J. Leitzinger, which Direct Purchaser Class Counsel represents is based on BIPI's sales data and data related to the Retailer Plaintiffs' assignments available to the Plaintiffs at the time of this Settlement Agreement. The schedule has been provided to counsel for Defendants.

(f)  The parties will use their best efforts to implement this Paragraph 5.

6.  **Motion for Final Approval and Entry of Final Judgment**. If the Court certifies the Direct Purchaser Class for purposes of settlement and preliminarily approves the Settlement, Plaintiffs shall submit a motion for final approval of this Settlement by the Court, after appropriate notice to the Direct Purchaser Class, and shall seek entry of a Final Judgment and Order substantially in the form attached hereto as Exhibit C, with any additional findings of fact and conclusions of law (the "Final Judgment and Order"):

a.  finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the members of the Direct Purchaser Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b.  providing for payment of reasonable attorneys' fees and reimbursement of the costs and expenses from the Settlement Fund (as defined below);

c.  providing for payment solely from the Settlement Fund of incentive awards to the named Plaintiffs in addition to whatever monies they will receive from the Settlement Fund pursuant to a Court-approved plan of allocation;

d.  directing that the Direct Purchaser Class Action be dismissed with prejudice as to Defendants and, except as provided for herein, without attorney's fees recoverable under 15 U.S.C. §15(a) or costs;

e.  reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the provisions of paragraph 5, the administration and consummation of this Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of incentive awards to each of the named Plaintiffs, if allowed by the Court; and

f.  directing that the judgment of dismissal of all Direct Purchaser Class

8

claims against Defendants shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

7.      **Finality of Settlement.** This Settlement Agreement shall become final upon the occurrence of the following:

      a.      it is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

      b.      entry, as provided for in paragraph 6 herein, is made of the Final Judgment and Order of dismissal with prejudice against the Plaintiffs and the members of the Direct Purchaser Class; and

      c.      the time for appeal from the Court's approval of this Settlement and entry of the Final Judgment and Order has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court or approval of this Settlement and the Final Judgment and Order has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

8.      **Settlement Fund**.

      (a)      Subject to the terms and conditions of this Settlement Agreement and the Escrow Agreement (as defined below), within ten (10) business days after entry by the Court of the Preliminary Approval Order without material change, Defendants shall deposit the Settlement Fund Amount (as defined below) into an escrow account (the "Escrow Account") held and administered by Berdon Claims Administration LLC (the "Escrow Agent" or "Berdon"). Subject to Paragraphs 5(b) and 8(b), the Settlement Fund Amount shall be one hundred and forty six million dollars and no/100 ($146,000,000.00). The Settlement Fund Amount deposited by Defendants into the Escrow Account and any accrued interest after deposit shall become part of and shall be referred to as the "Settlement Fund."

      (b)      Pursuant to paragraph 5(b), if the Settlement is approved by the Court and becomes final as provided for in paragraph 7, and one or more Aggrenox Direct Purchaser(s) had

properly excluded itself (themselves) from the Direct Purchaser Class (other than a Retailer

Plaintiff) prior to the expiration of the opt-out period prescribed by the Court, the *pro rata* share

for that Aggrenox Direct Purchaser, as calculated pursuant to paragraph 5(e), plus any accrued

interest attributable to that *pro rata* share and less any taxes attributable to that *pro rata* share,

shall be returned to Defendants within eight (8) business days of the Settlement becoming final

as provided for in paragraph 7.

        (c)    The Escrow Account shall be established and administered pursuant to the

Escrow Agreement attached hereto as <u>Exhibit D</u> (the "Escrow Agreement"). It is intended that

the Escrow Account be treated as a "qualified settlement fund" for federal income tax purposes

pursuant to Treas. Reg. § 1.468B-1 and that any taxes due as a result of income earned by the

Settlement Fund will be paid from the Settlement Fund. Except as otherwise expressly permitted

by paragraph 3(d)(4) of the Escrow Agreement, the Escrow Agent shall disburse funds from the

Escrow Account only pursuant to and consistent with the express terms of this Settlement

Agreement, the Preliminary Approval Order, the Final Judgment and Order, the Escrow

Agreement, and as expressly authorized by any other applicable order of the Court. Interest

earned by the Settlement Fund shall become part of the Settlement Fund, less any taxes imposed

on such interest.

        (d)    The Settlement Fund shall be available for distributions to members of the

Direct Purchaser Class upon the Settlement becoming final pursuant to paragraph 7 of this

Settlement Agreement, subject to deductions for payments of:  (1) reasonable attorneys' fees,

costs and expenses approved by the Court (and any interest awarded thereon); (2) any Court-

approved incentive awards to the named Plaintiffs in this Direct Purchaser Class Action; (3)

taxes payable on the Settlement Fund; and (4) any and all administrative and notice expenses

associated with this litigation or the Settlement.  The total consideration that Defendants will pay for this Settlement shall be the Settlement Fund Amount only.  No portion of the Settlement consideration shall constitute, or shall be construed as constituting, a payment in lieu of treble damages, fines, penalties, punitive damages or forfeitures.

9.      **No Injunctive Relief.**  This Settlement does not include any provision for injunctive relief, and Plaintiffs waive any such claim as to any of the matters released or discharged in paragraph 14.

10.      **Full Satisfaction; Limitation of Interest and Liability**.  Members of the Direct Purchaser Class shall look solely to the Settlement Fund for settlement and satisfaction against Defendants of any and all Released Claims as defined in paragraph 14 herein, including any costs, fees or expenses of any of the Settling Plaintiffs or their attorneys, experts, advisors, agents and representatives, including with respect to the negotiation, execution and performance of their obligations under this Settlement Agreement.  In the event that the Settlement becomes final pursuant to paragraph 7 herein, the Settlement Fund will fully satisfy any and all Released Claims as defined in paragraph 14 herein.  Except as provided by order of the Court, no Direct Purchaser Class member shall have any interest in the Settlement Fund or any portion thereof. Defendants shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved plan of allocation.  It is expressly understood that any settlement agreement entered into between Defendants and the Retailer Plaintiffs is not part of this Settlement, and that any payments in any settlement agreement between Defendants and the Retailer Plaintiffs will not in any way reduce the payments made to the Direct Purchaser Class or to the Direct Purchasers pursuant to this Settlement.

11.      **Reimbursement of Costs and Expenses**.  Plaintiffs and their counsel will be

reimbursed and indemnified solely out of the Settlement Fund for all costs, fees, and expenses including, but not limited to, the costs of notice of this Settlement to Direct Purchaser Class members, administration of the Settlement Fund, escrow administration, and taxes.  Defendants shall not be liable for any costs, fees or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents and representatives, or for any costs, fees or expenses for notice, administration or other costs of implementing this Settlement, but all such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

      12.    **Disbursement of the Settlement Fund**.  If this Settlement Agreement becomes final pursuant to the provisions of paragraph 7 herein, the Settlement Fund shall be distributed to Direct Purchaser Class members as ordered by the Court.  Prior to the Settlement becoming final pursuant to the provisions of paragraph 7, disbursements for the costs and expenses of the notice to the Direct Purchaser Class and for administration of the Settlement Fund, up to $10,000.00, may be made from the Settlement Fund only upon written notice from the Lead Counsel for the Direct Purchaser Class Plaintiffs to the Escrow Agent in the manner provided in the Escrow Agreement, with a copy provided to counsel for Defendants.  Defendants shall have no liability or responsibility with respect to disbursements from or administration of the Settlement Fund. To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control.

      13.    **Attorneys' Fees and Incentive Awards to the Named Plaintiffs**.  Class counsel intend to seek, solely from the Settlement Fund, attorneys' fees of 33 1/3 % of the Settlement Fund plus the reimbursement of reasonable costs and expenses incurred in the prosecution of the Direct Purchaser Class Action against Defendants plus interest thereon, and an incentive award

of seventy-five thousand dollars ($75,000.00) for each of Miami Luken, RDC, ASC, and

Castillo.  Defendants agree to take no position with respect to the application by Class counsel

for attorneys' fees, reimbursement of expenses and costs, and the incentive awards set forth

above.  Any attorneys' fees, expenses, costs and incentive awards approved by the Court shall

be payable solely out of the Settlement Fund, and Plaintiffs, members of the Direct Purchaser

Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs

or incentive awards from Defendants in this action, or in any other action related to the Released

Claims (as defined in paragraph 14 hereof), from any source other than the Settlement Fund,

except as provided for in paragraph 5.  The Released Parties (as defined in paragraph 14 hereof)

shall have no responsibility for, and no liability whatsoever with respect to, any payment or

disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys'

fees, expenses, costs or incentive awards among Class counsel and/or Plaintiffs, or with respect

to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or

entity who may assert any claim thereto.

14.    **Releases**.    (a)    Upon this Settlement Agreement becoming final in

accordance with paragraph 7 hereof, Plaintiffs and the Direct Purchaser Class shall

unconditionally, fully and finally release and forever discharge Defendants, any past, present,

and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers,

directors, management, supervisory boards, insurers, general or limited partners, employees,

agents, trustees, associates, attorneys and any of their legal representatives, or any other

representatives thereof (and the predecessors, heirs, executors, administrators, successors and

assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims,

rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred,

liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or

contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part,

in law or equity, that Plaintiffs or any member or members of the Direct Purchaser Class

(including any of their past, present, or future officers, directors, insurers, general or limited

partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees,

parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators,

predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"),

whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may

have, directly, representatively, derivatively or in any other capacity, arising out of or relating in

any way to any claim under federal or state laws that was alleged or could have been alleged in

the Direct Purchaser Class Action, prior to the date of this Settlement, including but not limited

to:

> (1) the alleged delayed entry of generic Aggrenox;

> (2) conduct with respect to the procurement, maintenance and enforcement of
United States Patent Number 6,015,577; and

> (3) the sale, marketing or distribution of Aggrenox or generic Aggrenox except as
provided for in paragraph 15 herein (the "Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to

establish or impose liability against any Released Party based, in whole or in part, on any

of the Released Claims.  For the avoidance of doubt, the release provided herein applies,

without limitation, to any conduct relating to the procurement, maintenance or

enforcement of United States Patent 6,015,577, including any commencement,

maintenance, defense or other participation in litigation concerning any such patent, that

was alleged in, could be fairly characterized as being alleged in, is related to an allegation made in, or could have been alleged in the Direct Purchaser Class Action.

(b)     In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs and members of the Direct Purchaser Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 14, but each Plaintiff and member of the Direct Purchaser Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Each Plaintiff and member of the Direct Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law

15

of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

15.     **Reservation of Claims**.  This settlement is not intended to and does not release claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in the Direct Purchaser Class Action.

16.     **Stay of Proceedings**. Pending Court approval of the Settlement embodied in this Settlement Agreement, the parties agree to stay any and all proceedings against Defendants in the Direct Purchaser Class Action other than those incident to the settlement process, and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

17.     **Effect of Disapproval**.  If the Court declines to finally approve this Settlement, or if the Court does not enter the Final Judgment and Order in substantially the form provided for in paragraph 6, or if the Court enters the Final Judgment and Order and appellate review is sought, and on such review, the Final Judgment and Order is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement, with the exception of the parties' obligations under paragraph 5 herein which shall remain in full force and effect, shall be terminated upon the election of any of Defendants or Lead Counsel for Plaintiffs (Garwin Gerstein & Fisher LLP) by providing written notice to the parties designated to receive such notice hereunder in accordance with paragraph 25 hereof and the Escrow Agent within ten (10) business days following the occurrence of any such event.  An Order by the Court awarding attorneys' fees, costs, expenses, and/or incentive awards from the Settlement Fund in any amount lower than requested by Plaintiffs' counsel pursuant to this Settlement Agreement (including

16

paragraph 13) shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Judgment and Order and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Plaintiffs' counsel's fees, costs and expenses awarded by the Court from the Settlement Fund, or the amount of incentive awards from the Settlement Fund to Plaintiffs in the Class Action, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Judgment and Order and shall not give rise to any right of termination.

18.     **Termination**.  In the event that the Settlement is terminated pursuant to paragraph 17 hereof, then (a) this Settlement Agreement, with the exception of paragraph 5, shall be of no force or effect, (b) any amount of the Settlement Fund attributable to this Settlement, including any and all interest earned thereon, but less fifty percent (50%) of the costs expended for notice of the Settlement, settlement administration, escrow administration, and taxes paid on the Settlement Fund shall be paid to Defendants, as soon as practicable after the Escrow Agent receives notice of termination as provided for in paragraph 17 hereof, and (c) any release pursuant to paragraph 14 above shall be of no force or effect.

19.     **Preservation of Rights**.  The parties hereto agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in the complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used directly or indirectly, in any way (except in accordance with the terms of this Settlement; and that the provisions of this Settlement Agreement can be used by the

17

parties to enforce the provisions of the Settlement Agreement), whether in the Direct Purchaser Class Action or in any other action or proceeding. The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement. Upon the Settlement becoming final, nothing in this paragraph shall prevent Defendants from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

20. **Resumption of Litigation**. The parties agree, subject to approval of the Court, that in the event that the Settlement Agreement is not approved by the Court or the Settlement does not become final pursuant to paragraph 7 and Defendants do not perform under paragraph 5 herein, litigation of the Direct Purchaser Class Action against Defendants will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

21. **Confidentiality**. The fact of settlement of the Direct Purchaser Class Action and the terms of this Settlement Agreement shall remain confidential until Plaintiffs move for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement and the Settlement Fund Amount, unless Defendants and Lead Counsel for the Direct Purchaser Class agree otherwise. However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and each Defendant shall be entitled to make such disclosures of the Settlement Agreement as it, in its sole discretion, determines are appropriate under the law. The parties further agree that neither the Parties nor their counsel will issue any press release or make any affirmative statement to any media outlet regarding this Agreement.

22. **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto, the Released Parties, the Releasors, and the successors and

assigns of each of them.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Direct Purchaser Class and the Releasors and their respective successors and assigns.

23.    **Names of Parties.**  The undersigned counsel for Plaintiffs warrant that all of their clients in the Direct Purchaser Class Action are parties to this Settlement Agreement even if one or more of them is mistakenly identified in this Settlement Agreement by an incorrect name (for example, if "Rochester Drug Cooperative, Inc." were actually "Rochester Drug, Inc.").

24.    **Notice**.  Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, or by express courier, or by electronic transmission (such as e-mail) followed by postage prepaid mail, to the following persons, and shall be addressed as follows:

> To Plaintiffs and the Direct Purchaser Class:
>
> > Bruce E. Gerstein, Esq.
> > Garwin Gerstein & Fisher LLP
> > 88 Pine Street, 10th Floor
> > New York, NY 10005
> > Tel.: 212-398-0055
> > Fax: 212-764-6620
> > bgerstein@garwingerstein.com
> >
> > *Lead Counsel for the King Drug Direct Purchaser Class Plaintiffs*
>
> To Defendants:
>
> > Peter J. Carney
> > White & Case LLP
> > 701 Thirteenth Street, NW
> > Washington, DC 20005-3807
> > Tel: 202-626-3600
> > Pcarney@whitecase.com

*Counsel for Boehringer*

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

*Counsel for Teva*

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered, by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

25. **Integrated Agreement**. This Settlement Agreement (including the exhibits hereto) contains an entire, complete, and integrated statement of each and every term and provision agreed to, by and among the parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

26. **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

27. **No Party is the Drafter**. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

28. **Choice of Law**. All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of Connecticut without regard to its

choice of law or conflict of laws principles.

29.     **Consent to Jurisdiction**.  Defendants and each member of the Direct Purchaser Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for District of Connecticut for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.  Nothing in this paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

30.     **No Admission of Liability**.  Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Defendants including, without limitation, that Defendants have engaged in any conduct or practices that violates any antitrust statute or other law.  This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms or as otherwise provided in paragraphs 5, 20 and 30 hereof.

31.     **Execution in Counterparts**.  This Settlement Agreement may be executed in counterparts.  Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the parties hereto through their fully authorized

representatives have agreed to this Settlement Agreement as of August 15, 2017.

GARWIN GERSTEIN & FISHER LLP

By: *Bruce Gerstein*

      Bruce E. Gerstein, Esq.
      Garwin Gerstein & Fisher LLP
      88 Pine Street, 10th Floor
      New York, NY 10005
      Tel.: 212-398-0055
      Fax: 212-764-6620
      bgerstein@garwingerstein.com

*Lead Counsel for Plaintiffs and the Direct Purchaser Class*

WHITE & CASE, L.L.P.

By_____

      Peter J. Carney
      White & Case LLP
      701 Thirteenth Street, NW
      Washington, DC 20005-3807
      Tel: 202-626-3600
      Pcarney@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTOR LLP

By_____

      Christopher T. Holding
      Goodwin Procter LLP
      100 Northern Avenue
      Boston, MA 02210
      Tel: 617-570-1679
      cholding@goodwinlaw.com

*Counsel for Teva*

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of August 15, 2017.

GARWIN GERSTEIN & FISHER LLP

By:_____
       Bruce E. Gerstein, Esq.
       Garwin Gerstein & Fisher LLP
       88 Pine Street, 10th Floor
       New York, NY 10005
       Tel.: 212-398-0055
       Fax: 212-764-6620
       bgerstein@garwingerstein.com

*Lead Counsel for Plaintiffs and the Direct Purchaser Class*

WHITE & CASE, L.L.P.

By_____
       Jack E. Pace III
       White & Case LLP
       1221 Avenue of the Americas
       New York, NY 10020
       Tel: 212-819-8520
       jpace@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTER LLP

By_____
       Christopher T. Holding
       Goodwin Procter LLP
       100 Northern Avenue
       Boston, MA 02210
       Tel: 617-570-1679
       cholding@goodwinlaw.com

*Counsel for Teva*

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of August 15, 2017.

GARWIN GERSTEIN & FISHER LLP

By:_____
       Bruce E. Gerstein, Esq.
       Garwin Gerstein & Fisher LLP
       88 Pine Street, 10th Floor
       New York, NY 10005
       Tel.: 212-398-0055
       Fax: 212-764-6620
       bgerstein@garwingerstein.com

*Lead Counsel for Plaintiffs and the Direct Purchaser Class*

WHITE & CASE, L.L.P.

By_____
       Jack E. Pace III
       White & Case LLP
       1221 Avenue of the Americas
       New York, NY 10020
       Tel: 212-819-8520
       jpace@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTER LLP

By_____
       Christopher T. Holding
       Goodwin Procter LLP
       100 Northern Avenue
       Boston, MA 02210
       Tel: 617-570-1679
       cholding@goodwinlaw.com

*Counsel for Teva*

22