# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | Master Docket No. |
|---|---|
| **IN RE AGGRENOX ANTITRUST LITIGATION** | 3:14-cv-02516-(SRU) |
| | Judge Stefan R. Underhill |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Direct Purchaser Class Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

**Jurisdiction**

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement among Defendants, Plaintiffs, and the Direct Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over each of the named plaintiffs, Miami Luken Inc., ("Miami Luken"), Rochester Drug Co-Operative, Inc. ("RDC"), American Sales Company, LLC ("American Sales") and Cesar Castillo, Inc. ("Castillo") (collectively the "Named Plaintiffs" or "Direct Purchaser Class Plaintiffs") and Boehringer Ingelheim Pharma GmbH & Co KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc.

("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants"), and jurisdiction over the litigation to which Direct Purchaser Class Plaintiffs and Defendants are parties.

### Certification of the Proposed Class

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

1. Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class," is defined as follows:

> All persons or entities in the United States and its territories and possessions including the Commonwealth of Puerto Rico who directly purchased branded Aggrenox in any form from any of the Defendants from December 1, 2009 through June 30, 2015 (the "Class Period"), or their assignees (the "Class"). Excluded from the Class are Defendants and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities. Also excluded from the Class are CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P. and Albertson's LLC and their officers, directors, management and employees, predecessors, subsidiaries and affiliates who have brought individual claims as direct purchasers or assignees of direct purchasers to the extent they have valid assignments as more fully described in paragraph 10 of the Settlement Agreement ("Retailer Plaintiffs").

2. Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 36 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

3. Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

(a) Whether the conduct challenged by the Class as anticompetitive in the Consolidated Amended Class Action Complaint filed June 16, 2014 (the "Complaint") (ECF No. 98) constituted a conspiracy to monopolize or monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

(b) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy in restraint of trade and violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(c) Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

(d) The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

4. The Court determines that the foregoing classwide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

5. The Named Plaintiffs are hereby appointed as representatives of the Class, for the following reasons:

(a) The Named Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

(b) Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the members of the Class share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, the Class is made up of business entities and any Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs are well qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

6. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. *See Sykes v. Mel S. Harris & Assocs. LLC,* 780 F.3d 70, 81-82 (2d Cir. 2015); *Collins v. Olin Corp.*, 248 F.R.D. 95, 100-102 (D. Conn. 2008).

7. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

8.  Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints Lead Counsel, Liaison Counsel and an Executive Committee ("Class Counsel") for the Direct Purchaser Class, consistent with the Court's Order dated June 16, 2014 (ECF No. 94), and the duties and responsibilities described in that Order.

### Preliminary Approval of the Proposed Settlement

9.  A court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks omitted).  In evaluating a proposed settlement for preliminary approval, however, the Court is required to determine only whether "it is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval."  *O'Connor v. AR Res., Inc.,* No. 3:08-cv-01703(VLB), 2010 U.S. Dist. LEXIS 30345, at *7 (D. Conn. Mar. 30, 2010) (quoting I*n re NASDAQ Mkt.-Makers Antitrust Litig*., 176 F.R.D. 99, 102 (S.D.N.Y. 1997)). *See also Berkson v. Gogo, LLC*, 147 F. Supp. 3d 123, 130 (E.D.N.Y. 2015) (quoting *Cohen v. J.P. Morgan Chase & Co*., 262 F.R.D. 153, 157 (E.D.N.Y. 2009)). A "'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" *Wal-Mart*, 396 F.3d at 116 (quoting Manual for Complex Litigation, Third, § 30.42 (1995)). The proposed settlement satisfies this standard.

10. The Court finds that the proposed settlement, which includes a cash payment of $146,000,000 by Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Direct Purchaser Class

Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by Direct Purchaser Class Plaintiffs and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## **Approval of the Plan of Notice to the Class**

11. The proposed form of Notice to Class Members of the pendency of this Class Action and the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved. Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by _____, 2017 (15 days following the entry of this Order) via first-class mail to the last known address of each entity that purchased Aggrenox and/or generic Aggrenox directly from Defendants during the Class Period.

12. Members of the Class may request exclusion from the Class or object to the Settlement no later than _____, 2017 (30 days from the date that the Notice is mailed to each member of the Class). Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

13. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Defendants shall serve notices as required under CAFA within 10 days from the date Plaintiffs file the Settlement Documents with the Court. Defendants shall contemporaneously provide Class Counsel with copies of any such notices.

14. The Court appoints Berdon Claims Administration LLC to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

15. The Court appoints Berdon Claims Administration LLC to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by Berdon Claims Administration LLC and counsel is annexed as Exhibit D to the Settlement Agreement.

**Final Fairness Hearing**

16. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at _____ on _____, 2017, at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Court Room 410, Bridgeport CT 06604. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Direct Purchaser Class Plaintiffs and Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for

communicating any such notice promptly to the Class by posting a conspicuous notice on the following website of Class Counsel: www.garwingerstein.com.

17. Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604, with copies to the following counsel:

*On behalf of Direct Purchaser Class Plaintiffs and the Class*:

Bruce E. Gerstein, Esq.
Joseph Opper, Esq.
Garwin Gerstein & Fisher LLP
88 Pine St., 10th Floor
New York, New York 10005
Tel: 212-398-0055
www.garwingerstein.com

*On behalf of Boehringer*:

Peter J. Carney
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
Pcarney@whitecase.com

*On behalf of Teva*

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than _____, 2017 (30 days from the date

that the Notice is mailed to each member of the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

18. All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by _____, 2017 (21 days after the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and incentive awards).

19. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be filed with the Court by _____, 2017 (21 days prior to the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and incentive awards).

20. All proceedings in the action between the Direct Purchaser Class Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

21. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed

as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted by Direct Purchaser Class Plaintiffs against Defendants or as to any liability by Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

SO ORDERED this ____ day of _____, 2017

_____
The Honorable Stefan R. Underhill
United States District Judge