# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

# If you bought Aggrenox® directly from Boehringer Ingelheim you could get a payment from a class action settlement.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- The purpose of this notice is to alert you about a proposed settlement relating to a Class Action Lawsuit (the "Lawsuit") brought by Direct Purchasers of Aggrenox® (extended release aspirin-dipyridamole) ("Direct Purchaser Class Plaintiffs"). The lawsuit asserts that Boehringer Ingelheim Pharma GmbH & Co KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd. ("Teva"), Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Barr") (collectively "Defendants") violated antitrust laws relating to the sale of the prescription pharmaceutical Aggrenox®. All Defendants have denied any wrongdoing.

- The Court has determined that the lawsuit between Direct Purchaser Class Plaintiffs and Defendants can be a class action for purposes of this settlement because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts, for those purposes. The class (hereinafter, the "Direct Purchaser Class" or the "Class") includes the following:

  > All persons or entities in the United States and its territories and possessions including the Commonwealth of Puerto Rico who directly purchased branded Aggrenox in any form from any of the Defendants from December 1, 2009 through June 30, 2015 (the "Class Period"), or their assignees (the "Class"). Excluded from the Class are Defendants and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities. Also excluded from the Class are CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P. and Albertson's LLC and their officers, directors, management and employees, predecessors, subsidiaries and affiliates who have brought individual claims as direct purchasers or assignees of direct purchasers to the extent they have valid assignments as more fully described in paragraph 10 of the Settlement Agreement ("Retailer Plaintiffs").

- The Court has preliminarily approved the proposed settlement between the Direct Purchaser Class and Defendants. The proposed settlement will provide for the payment of $146,000,000.00 (one hundred forty six million dollars and no/100) into an escrow account (the "Settlement Fund") for allocation to the members of the Class after payment of Direct Purchaser Class Counsel's attorneys' fees, costs, and incentive awards to the Class Representatives out of the Settlement Fund, as approved by the Court. The full text of the proposed settlement ("Settlement Agreement"), which is dated August 15, 2017, is available for your review at www.garwingerstein.com.

1

- The Court has scheduled a hearing on Final Approval of the proposed settlement, the plan for allocating the Settlement Fund to members of the Class (summarized in Question 7 below), and Class Counsel's request for reimbursement of costs and payment of attorneys' fees out of the Settlement Fund. That hearing is scheduled for _____, 2017, at ___, before U.S. District Court Judge Stefan R. Underhill in Courtroom 410 at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Court Room 410, Bridgeport CT 06604.

- Your legal rights are affected whether you act or do not act, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **WHEN YOU RECEIVE A CLAIM FORM, PROMPTLY COMPLETE AND RETURN IT** | You do not need to do anything now to retain your right to stay in the Class and/or to seek a share of the proposed settlement. If the Court decides to give the proposed settlement Final Approval and you are a Class Member, then you will need to complete, sign and return a Claim Form (which will be mailed to you) to obtain a share of the proposed settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You may choose to exclude yourself (i.e., "opt out") from the Class. If you decide to exclude yourself, you will not be bound by any decision in this Lawsuit relating to Defendants. This is the only option that allows you to ever be part of any lawsuit (other than this Lawsuit) against Defendants relating to the legal claims against Defendants in this case. |
| **STAY IN THE LAWSUIT BUT OBJECT TO THE SETTLEMENT** | If you object to all or any part of the proposed settlement, write to the Court about why you do not like the proposed settlement. |
| **GETTING MORE INFORMATION** | If you would like to obtain more information about the proposed settlement, you can send questions to the lawyers identified in this notice and/or ask to attend the hearing at which the Court will evaluate the proposed settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

2

- The Court in charge of this case still has to decide whether to give Final Approval to the proposed settlement with Defendants. If the Court does not finally approve the proposed settlement for any reason other than that the settlement is not fair, reasonable, and/or adequate, as part of the agreement Direct Purchaser Class Counsel negotiated on your behalf, Defendants have nevertheless agreed to offer you your *pro rata* share of the Settlement Fund (subject to 40% of your proportionate share being placed into escrow while the Court reviews Direct Purchaser Class Counsel's petition for attorney's fees of thirty-three and one-third percent (33⅓%) of the Settlement Fund, costs and expenses, and incentive awards to the Class Representatives. The proportionate amount above the amount approved by the Court will be paid to you).

BASIC INFORMATION ............................................................................................. PAGE 4
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this lawsuit a class action?
    4. Has the Court identified Class Claims, Issues, or Defenses?
    5. Why is there a settlement with Defendants?

WHO IS IN THE CLASS AND SETTLEMENT .................................................................. PAGE 6
    6. Am I part of the Class and the settlement with Defendants?

THE SETTLEMENT BENEFITS - WHAT YOU GET ....................................... .PAGE 7
    7. What does the settlement with Defendants provide?
    8. How much will my payment be?
    9. How can I get a payment?
    10. When would I get my payment?

EXCLUDING YOURSELF FROM THE CLASS & THE SETTLEMENT ........ PAGE 8
    11. Can I get out of the settlement with Defendants?
    12. If I don't exclude myself, can I sue Defendants for the same thing later?

THE LAWYERS REPRESENTING YOU ....................................................... PAGE 9
    13. Do I have a lawyer in this case?
    14. Should I get my own lawyer?
    15. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT ............................................................ PAGE 10
    16. How do I tell the Court that I don't like the settlement with Defendants?

THE COURT'S FAIRNESS HEARING ....................................................... ..PAGE 11
    17. When and where will the Court decide whether to approve the settlement with Defendants?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

IF YOU DO NOTHING ............................................................................... PAGE 12
    20. What happens if I do nothing at all?

GETTING MORE INFORMATION ................................................................. PAGE 12
    21. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because according to Defendants' sales records, you may have purchased Aggrenox® directly from Boehringer at some point between December 1, 2009 through June 30, 2015, and therefore you may be a member of the Class that was certified by the Court for purposes of the proposed settlement with Defendants.

### 2. What is this lawsuit about?

The Direct Purchaser Class Plaintiffs allege that Defendants violated federal antitrust laws by engaging in an unlawful scheme to delay or block the market entry of less expensive, generic versions of Aggrenox®. The Direct Purchaser Class Plaintiffs allege that Boehringer entered into several unlawful, non-competition agreements, or horizontal market allocation agreements, with its prospective generic competitor, Barr, whereby Boehringer agreed to pay Barr, in exchange for agreements by Barr to delay selling its generic version of Aggrenox.  After the challenged agreements were entered into, Barr was acquired by Teva.

A copy of the Direct Purchaser Class Plaintiffs' Consolidated Amended Class Action Complaint filed June 16, 2014 (the "Complaint") is available at www.garwingerstein.com. Direct Purchaser Class Plaintiffs allege that Defendants' conduct violated the antitrust laws, and reduced competition from less expensive generic versions of Aggrenox®. Direct Purchaser Class Plaintiffs further allege that they and the other members of the Class were injured by losing the opportunity to purchase less expensive, generic versions of Aggrenox®.

Defendants deny all these allegations, including that any Class member is entitled to damages or other relief. Defendants also respond that none of their conduct violated any applicable law or regulation. The settlement between Direct Purchaser Class Plaintiffs and Defendants is not an admission of wrongdoing by any Defendant. No trial has yet been held.

Following investigation of relevant facts, and the partial completion of fact discovery, and following negotiations utilizing an independent mediator, the class representatives of the Direct Purchaser Class, on behalf of the Class, entered into the Settlement Agreement with Defendants.

THE COURT HAS NOT DECIDED WHETHER ANY DEFENDANT VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF DIRECT PURCHASER CLASS PLAINTIFFS' CLAIMS AGAINST ANY DEFENDANT OR THE DEFENSES ASSERTED BY ANY DEFENDANT.

The class action is known as *In re Aggrenox Antitrust Litigation.,* Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.). Judge Stefan R. Underhill of the United States District Court for the District of Connecticut is overseeing this class action.

| 3. Why is this lawsuit a class action? |
|---|

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, the Class Representatives are Miami Luken Inc., ("Miami Luken"), Rochester Drug Co-Operative, Inc. ("RDC"), American Sales Company, LLC ("American Sales") and Cesar Castillo, Inc. ("Castillo").

The Class Representatives and the entities on whose behalf they have sued together constitute the "Class" or "Class Members." They are also called the "Direct Purchaser Class Plaintiffs" or "Plaintiffs." Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."

The companies that have been sued are called the "Defendants." In this case, the Defendants are Boehringer Ingelheim Pharma GmbH & Co KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd. (collectively "Teva"), Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) (collectively "Barr").

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves (i.e., "opt out") from the class. The Court, by order dated _____ 2017, has determined that the lawsuit between Direct Purchaser Class Plaintiffs and Defendants can proceed as a class action for purposes of settlement. A copy of the Court's order may be found at www.garwingerstein.com.

Specifically, the Court has found, for purposes of settlement, that:

- The number of Class members is so numerous that joining them all into one suit is impractical.
- Members of the Class share common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts predominate over questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.
- A class action is the superior method to resolve these claims.

| 4. Has the Court identified Class Claims, Issues, or Defenses? |
|---|

The Court has identified the following classwide issues:

(a) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy to monopolize or monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

(b) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy in restraint of trade and violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(c) Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

(d) The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

### 5. Why is there a settlement with Defendants?

The Direct Purchaser Class Plaintiffs and Defendants were preparing to proceed with the litigation and eventually to go to trial, but they have now agreed to a proposed settlement. By settling, both the Direct Purchaser Class Plaintiffs and Defendants avoid having to litigate the case to trial and incur the continued costs and delays of litigation. The Class Representatives and Class Counsel believe that the proposed settlement is fair, adequate, and reasonable and in the best interests of the Class.

## WHO IS IN THE CLASS AND SETTLEMENT

To see if you are in the Class, and if so, how you will be able to share in the Settlement Fund, you first have to decide if you are a Class Member.

### 6. Am I part of the Class and the settlement with Defendants?

You are in the Class if you are a person or entity in the United States and its territories and possessions including the Commonwealth of Puerto Rico who directly purchased branded Aggrenox from Boehringer at any time during the Class period of December 1, 2009 to June 30, 2015.  Excluded from the Class are Defendants and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities.  Also excluded from the Class are CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P. and Albertson's LLC and their officers, directors, management and employees, predecessors, subsidiaries and affiliates who have brought individual claims as direct purchasers or assignees of direct purchasers to the extent they have valid assignments as more fully described in paragraph 10 of the Settlement Agreement.

If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 13 below. If you wish to exclude yourself from the Class, please refer to Question 11.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement with Defendants provide?

Defendants have agreed to pay $146,000,000.00 in cash into the Settlement Fund (which will include any interest that accrues). Direct Purchaser Class Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees (of thirty-three and one-third percent (33⅓%) of the Settlement Fund) and expenses, incentive awards to the Class Representatives of $75,000.00 each for Miami-Luken, RDC, ASC, and Castillo for their services to the Class, a proportionate share of the interest, and payment for costs of administering the settlement from the fund. The remainder (the "Net Settlement Fund") will be divided among Class Members. The proposed settlement also provides that, in the event the Court does not approve the Settlement for any reason other than that the settlement is not fair, reasonable, and/or adequate, Defendants nevertheless agreed to offer you your *pro rata* share of the Settlement Fund (subject to 40% of your proportionate share being placed into escrow while the Court reviews Direct Purchaser Class Counsel's petition for attorney's fees, costs and incentive awards to the Class Representatives). This *pro rata* share is based on an estimate of relative purchases prepared by the Direct Purchaser Class Plaintiffs' economist based on the best information available to Direct Purchaser Class Plaintiffs' Counsel at the time the Settlement Agreement was entered into. These estimates may be different from the final plan of allocation in the event that there is additional data that becomes available.

In exchange, the litigation between the Direct Purchaser Plaintiffs and Defendants will be dismissed with prejudice and Defendants will be released by Direct Purchaser Class Plaintiffs from certain claims. The full text of the Settlement Agreement is available at www.garwingerstein.com.

### 8. How much will my payment be?

Your share of the Net Settlement Fund will depend on the amount of Aggrenox® you directly purchased from Defendants between December 1, 2009 through June 30, 2015.

Generally, those who purchased more Aggrenox® during that period will get a higher recovery.

Your share of the Net Settlement Fund will also depend on the number of valid claim forms that Class Members submit. If less than 100% of the Class sends in a claim form, you could get a larger *pro rata* share.

### 9. How can I get a payment?

If the Court gives Final Approval to the settlement, and you do not exclude yourself from the Class, then you will receive a Claim Form in the mail by which you can request your *pro rata* share of the Settlement Fund. (See Question 7 above). You may be asked to verify the accuracy of the information in the Claim Form, and to sign and return the form according to the directions on the form. If the Court does not give Final Approval to the settlement for any reason other than that the settlement is not fair, reasonable,

and/or adequate, Defendants must still offer you your *pro rata* share of the Settlement Fund (subject to 40% of your proportionate share being placed into escrow while the Court reviews Direct Purchaser Class Counsel's petition for attorney's fees, costs and incentive awards to the Class Representatives).

### 10. When would I get my payment?

When you get your payment depends on several matters, including whether the Court decides to give Final Approval to the settlement.

If you decide not to exclude yourself from the Class, when you get a payment depends on the timing of Final Approval and any appeal of that Final Approval. The Net Settlement Fund will be allocated to Class Members as soon as possible after Final Approval has been obtained for the proposed settlement. You will not be responsible for calculating the amount you may be entitled to receive. The Plan of Allocation is as follows: the allocation will be on a *pro rata* basis in proportion to how much Aggrenox® and/or generic Aggrenox you purchased. If the proposed settlement is given Final Approval, but there is an appeal of the Final Approval, the appeal could take several years to resolve. Any accrued interest on the Settlement Fund will be included, *pro rata*, in the amount paid to the Class Members.

If you do decide to exclude yourself from the Class, which means that you are choosing not to be a part of the Class and the settlement, then you will not receive a share of the Settlement Fund.

## EXCLUDING YOURSELF FROM & CLASS AND THE SETTLEMENT

### 11. Can I get out of the settlement with Defendants?

Yes, if you exclude yourself from the Class (*i.e.,* "opt out" of the Class) on or before _____, 2017. To exclude yourself, you must send a letter via first class U.S. mail saying that you want to exclude yourself from the Direct Purchaser Class Action in *In re Aggrenox Antitrust Litigation,* Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.). Be sure to include your name, address, telephone number, and your signature. Mail the exclusion to the lawyer listed in Question 13 below. Your letter requesting exclusion must be postmarked no later than _____, 2017.

If you exclude yourself from the Class, you will not be legally bound by anything that happens in the lawsuit between Direct Purchaser Class Plaintiffs and Defendants, and you may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case. If you exclude yourself from the Class so that you can start, or continue, your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims will be subject to a statute of limitations, which means that your claims will expire if you do not take timely action. You need to contact your own lawyer about this issue.

If you do not exclude yourself from the Class, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants arising from the

8

claims released as part of the settlement, including claims brought in the case between Direct Purchaser Class Plaintiffs and Defendants. All of the Court's orders in the case between Direct Purchaser Class Plaintiffs and Defendants will apply to you and legally bind you. You will also be bound by the proposed settlement between Direct Purchaser Class Plaintiffs and Defendants if the Court grants Final Approval to the proposed settlement and enters final judgment in the case between the Direct Purchaser Class Plaintiffs and Defendants.

### 12. If I don't exclude myself, can I sue Defendants for the same thing later?

No. If you remain in the Class and the Settlement is approved by the Court, you give up your right to sue Defendants relating to your purchases of Aggrenox®. That is called "releasing" your claims and potential claims relating to your purchases of Aggrenox® and/or generic Aggrenox from the Defendants. The full text of the release is included in the Settlement Agreement at Paragraph 14.

If you have your own pending lawsuit, speak to your lawyer in that case immediately, because you must exclude yourself from this Class to continue your own lawsuit against Defendants. Remember, the exclusion deadline is _____, 2017.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The law firm listed below has been appointed by the Court as Lead Class Counsel. Lead Class Counsel is experienced in handling similar cases against other companies. Lead Class Counsel is:

Bruce E. Gerstein, Esq.
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: 212-398-0055
Fax: 212-764-6620

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Lead Class Counsel is working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

### 15. How will the lawyers be paid?

If the Court gives Final Approval to the settlement, then the Court will be asked to approve a fee to the lawyers of thirty three and one-third percent (33⅓%) of the Settlement Fund (including accrued interest) plus reimbursement to the lawyers for the costs and expenses they have paid. If you decide not to exclude yourself from the Class, you will not have to pay these fees, costs and expenses out of your own pocket. If the Court grants Class Counsel's requests, these amounts would be deducted from the

Settlement Fund. Class Counsel also will apply for incentive awards to the Class Representatives for their services to the Class of $75,000.00 to each of Miami-Luken, RDC, ASC, and Castillo. If the Court does not give Final Approval to the settlement for any reason other than that the settlement is not fair, reasonable, and/or adequate, and you accept the *pro rata* share of the Settlement Fund that is offered to you by Defendants (see Question 7 above above), then 40% of any amount agreed to by you and Defendants will be placed in escrow to cover your proportionate share of attorney's fees, costs and incentive awards to the Class Representatives while the Court reviews Direct Purchaser Class Counsel's petition for attorney's fees, costs and incentive awards to the Class Representatives).

Any application by Class Counsel for an award of attorneys' fees, reimbursement of expenses and incentive awards to the Class Representatives will be filed with the Court and made available for download and/or viewing on or before_____ , 2017 on www.garwingerstein.com, as well as at the office of the Clerk of the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604, during normal business hours.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with all or any part of the proposed settlement, and/or the application for attorneys' fees, costs, and expenses, and/or incentive awards to the Class Representatives. If you exclude yourself from the Class, however, you cannot object to the proposed settlement or the application for attorneys' fees, costs, expenses and/or incentive awards to the Class Representatives.

| 16.   How do I tell the Court that I do not like the settlement with Defendants ? |
|---|

If you are a Class Member (and have not excluded yourself), you can object to all or any part of the proposed settlement if you do not like all or any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via first class U.S. mail saying that you object to the settlement in the Direct Purchaser Class Action in *In re Aggrenox Antitrust Litigation.,* Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Clerk of the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604, with copies to all of the following:

Bruce E. Gerstein, Esq.
Garwin Gerstein & Fisher LLP
Wall Street Plaza
88 Pine St., 10th Floor
New York, New York 10005
(212)398-0055
bgerstein@garwingerstein.com

Peter J. Carney
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
Pcarney@whitecase.com

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

Your objection **must be postmarked no later than _____**.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give Final Approval to the settlement. You may attend and, if you have not excluded yourself from the Class, you may ask to speak, but you do not have to.

### 17. When and where will the Court decide whether to approve the settlement with Defendants?

The Court will hold a Fairness Hearing at \_\_\_ on _____, 2017, in Courtroom 410, United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to give Final Approval the settlement. We do not know how long the decision will take.

### 18.   Do I have to come to the hearing?

No. Class Counsel will answer questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. So long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Moreover, attendance is not necessary to receive a *pro rata* share of the Net Settlement Fund.

### 19.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter via first class U.S. mail saying that it is your "Notice of Intention to Appear in *In re Aggrenox Antitrust Litigation.,* Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2017**,** and must be sent to the Clerk of the Court, Class Counsel and Defendants' counsel, at the addresses set forth in the response to Question 16. You cannot speak at the hearing if you excluded yourself as a Class Member or do not send a notice of intention to appear.

11

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |

If you are a Class Member and you do nothing, you will remain in the Class and be eligible to participate in the settlement as described in this notice, if the settlement is approved. However, you will need to complete, sign and return the Claim Form (once it is sent to you) in order to obtain a payment.

## GETTING MORE INFORMATION

| 21. | How do I get more information? |

If you have questions about this case or want to get additional information, you may call or write to the lawyer listed in answer to Question 13 or visit the website www.garwingerstein.com. This notice is only a summary of the proposed settlement and is qualified in its entirety by the terms of the actual Settlement Agreement. A copy of the Settlement Agreement is on public file with the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604 during normal business hours and is also available for download and/or viewing at www.garwingerstein.com.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: _____, 2017                     BY THE COURT

                                                Honorable Stefan R. Underhill
                                                United States District Judge

12