# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| IN RE AGGRENOX ANTITRUST LITIGATION | Master Docket No. 3:14-cv-02516-(SRU) |
|---|---|
| | Judge Stefan R. Underhill |

## ESCROW AGREEMENT

This escrow agreement (the "Escrow Agreement") by and among (a) Defendants Boehringer Ingelheim Pharma GmbH & Co KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd, Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants"); (b) Direct Purchaser Plaintiffs' Lead Counsel acting pursuant to the Court's Order, dated June 16, 2014 (Doc. No. 94), on behalf of Plaintiffs Miami Luken Inc., ("Miami Luken"), Rochester Drug Co-Operative, Inc. ("RDC"), American Sales Company, LLC ("American Sales") and Cesar Castillo, Inc. ("Castillo") (collectively "Direct Purchaser Class Plaintiffs," "named Plaintiffs," or "Plaintiffs"), and on behalf of all members of the Direct Purchaser Class in *In re Aggrenox Antitrust Litigation.*, Civil Action No. 3:14-cv-02516-(SRU) (D. Conn.)) (the "Direct Purchaser Class Action").; and (c) Berdon Claims Administration LLC, as directed escrow agent (the "Directed Escrow Agent") is entered into on August 15, 2017, in connection with a settlement agreement dated August 15, 2017 (the "Settlement Agreement"). Capitalized terms not defined herein shall have the meanings specified in the Settlement Agreement.

1. Lead Counsel (on behalf of Plaintiffs and the Direct Purchaser Class) and Defendants, by and through their respective counsel, have entered into the Settlement Agreement wherein they agreed, subject to the final approval of the Court, that the Direct Purchaser Class Action be dismissed with prejudice as to Defendants in exchange for payment by Defendants of the Settlement Fund, consisting of $146,000,000.00 (one hundred forty six million dollars and no/100) in cash.

2. The parties hereto are entering into this Escrow Agreement in order to effectuate certain of the terms of the Settlement Agreement dated August 15, 2017.

3. NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and considerations herein, the parties agree as follows:

   (a) Pursuant to and in accordance with the Settlement Agreement, Defendants shall deposit with the Directed Escrow Agent the Settlement Fund Amount of $146,000,000.00 (one hundred forty six million dollars and no/100) in cash.

   (b) The Directed Escrow Agent shall be directed to invest and reinvest the Settlement Fund in United States Treasury Bills or other similar United States government obligations or federally insured bank certificates of deposit, until the Settlement becomes Final per paragraph 7 of the Settlement Agreement. Subsequent to the Settlement becoming Final, the Settlement Fund shall be invested as directed in writing by Lead Counsel for the Direct Purchaser Class Plaintiffs, Bruce E. Gerstein, Esq., Garwin Gerstein & Fisher LLP, 88 Pine Street, 10th Floor, New York, NY 10005 ("Authorized Plaintiffs' Counsel"). The term of any such investment directed by Authorized Plaintiffs' Counsel shall not exceed ninety (90) days. All interest earned on the Settlement Fund shall become part of the Settlement Fund. Any losses on the Settlement Fund shall be borne by the Settlement Fund and shall not be recoverable from

Defendants.  Defendants shall have no liability, obligation, or responsibility of any kind in connection with the investment, disbursement, or other oversight of the Settlement Fund.

   (c) Upon written authorization as described below in this paragraph, the Directed Escrow Agent may withdraw from the Settlement Fund disbursements sufficient for the Claims Administrator to pay costs associated with notice to the Direct Purchaser Class and taxes or estimated taxes payable by the Claims Administrator on behalf of the Settlement Fund and related expenses in accordance with paragraph 3(d)(4) herein, except that such withdrawals for notice to the Direct Purchaser Class and administration of the Settlement, before the Settlement becomes Final, may not exceed ten thousand dollars ($10,000.00).  Before the Settlement becomes Final, the written authorization required by this paragraph shall be granted by Authorized Plaintiffs' Counsel, with a copy to Peter J. Carney, White & Case, L.L.P 701 Thirteenth Street, NW, Washington DC 20005-3807 and Christopher T. Holding, Goodwin Procter L.L.P., 100 Northern Avenue, Boston, MA, 02210 ("Counsel for Defendants").  After the Settlement becomes final, the written authorization required by this paragraph shall be granted by Authorized Plaintiffs' Counsel alone.  Authorized Plaintiffs' Counsel is authorized, after obtaining approval of Counsel for Defendants, to appoint an administrator (and any successors) for the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) (the "Claims Administrator").  Authorized Plaintiffs' Counsel shall be responsible for assuring that the Claims Administrator qualifies as an "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) and is performing its duties hereunder.  Defendant shall have no responsibility for any fees or the performance of the Claims Administrator.

   (d) Provided the Court preliminarily approves the Settlement, the Claims

Administrator shall, within thirty (30) days after the date thereof, take all steps necessary for qualifying the Settlement Fund as a "Qualified Settlement Fund" within the meaning of Section 1.468B-1 of the Treasury Regulations. These obligations include, without limitation, the following:

(1)     The Claims Administrator will prepare a "Regulation Section 1.468B-3 Statement" pursuant to Treasury Regulation Section 1.468B-3(e) on behalf of Defendants Teva and Boehringer and provide copies to Counsel for Defendants for review and approval.

(2)     The Claims Administrator will prepare and attach to the Settlement Fund's first income tax return a "Regulation Section 1.468B-1 Relation Back Election" pursuant to Treasury Regulation Section 1.468B-1(j) for execution by Defendants and the Claims Administrator. The Claims Administrator will promptly forward a copy of the "Regulation Section 1.468B-1 Relation Back Election" to Counsel for Defendants within thirty (30) days after the date hereof.

(3)     The Claims Administrator will timely prepare and file on behalf of the Settlement Fund (i) federal tax returns in accordance with Section 1.468B-2 of the Treasury Regulations and the other provisions of the Internal Revenue Code of 1986, as amended (the "Code"), and (ii) all necessary state, local and foreign tax returns.

(4)     Notwithstanding any effort, or failure, of the Claims Administrator and the parties hereto to treat the Settlement Fund as a "Qualified Settlement Fund" within the meaning of Section 1.468B-1 of the Treasury Regulations effective as of the date hereof, any additional tax liability or penalties incurred by Defendants resulting from income earned by the Settlement Fund (or the receipt of any payment under this paragraph 3(d)(4)) shall be reimbursed

from the Settlement Fund in the amount of such additional tax liability or penalties upon written request from Defendants to the Directed Escrow Agent. The Directed Escrow Agent shall withdraw from the Settlement Fund (i) at the request of the Claims Administrator, monies to pay all applicable federal, state, local and foreign taxes which the Settlement Fund owes or is estimated to owe, as well as related expenses, and (ii) monies to pay any reimbursements to Defendants as described in this subparagraph (4).

(e) The Directed Escrow Agent shall be reimbursed for all its reasonable out-of-pocket expenses, including attorneys' fees, telephone and facsimile transmission costs, postage (including express mail and overnight delivery charges), copying charges and the like. All such fees and expenses shall constitute a direct charge against the Settlement Fund.

The Directed Escrow Agent is authorized to, and may, disburse to itself, from the Settlement Fund, from time to time, the amount of reimbursement of out-of-pocket expenses due and payable hereunder. Prior to the Settlement becoming Final, the Directed Escrow Agent shall notify, and obtain approval from, Authorized Plaintiffs' Counsel and Counsel for Defendants of any disbursement from the Settlement Fund to itself and provide copies of all related invoices and other statements. After the Settlement becomes Final, such notification need be provided to, and approval obtained from, only Authorized Plaintiffs' Counsel.

(f) Pursuant to paragraphs 5(b) and 8(b) of the Settlement Agreement, if the Settlement is approved by the Court and becomes final as provided for in paragraph 7 of the Settlement Agreement, and one or more Aggrenox Direct Purchaser(s) had properly excluded itself (themselves) from the Direct Purchaser Class (other than a Retailer Plaintiff) prior to the expiration of the opt-out period prescribed by the Court, the *pro rata* share for that Aggrenox

5

Direct Purchaser, as calculated pursuant to paragraph 5(e) of the Settlement Agreement, plus any accrued interest attributable to that *pro rata* share and less any taxes attributable to that *pro rata* share, shall be returned to Defendants eight (8) business days after the Settlement becomes final as provided for in paragraph 7 of the Settlement Agreement.

(g)     Upon authorization as described below in this paragraph, the Directed Escrow Agent may sell or present for redemption any investment described in paragraph 3(b) above, whenever it shall be necessary in order to provide funds to meet any payment required pursuant to this Escrow Agreement or the Settlement Agreement.  Before the Settlement becomes Final, the authorization required by this paragraph shall be granted by Authorized Plaintiffs' Counsel and Counsel for Defendants acting jointly.  After the Settlement becomes Final, the authorization required by this paragraph shall be granted by Authorized Plaintiffs' Counsel alone.

(h)     Only upon the Settlement becoming Final, may distributions (other than those contemplated herein to pay taxes and costs of notice and administration, and as provided in paragraph 3(f)) be made as authorized by Court order.  Upon the Settlement becoming Final, Authorized Plaintiffs' Counsel shall have the authority to appoint a Successor Escrow Agent and direct that all funds be transferred to the Successor Escrow Agent, which Successor Escrow Agent shall not be one of Defendants or an affiliate of one of Defendants.  Upon the Settlement becoming Final, the interest of Defendants in the Settlement Fund shall cease in its entirety.

(i)     In the event of any of the following: the Settlement is not preliminarily approved; the Settlement is not approved after a fairness hearing; the Settlement is approved but that approval is reversed, vacated, or otherwise materially modified on appeal; or the Settlement Agreement does not become Final for any reason; the Directed Escrow Agent shall, subject only

to the expiration of any time deposit investment(s) not to exceed ninety (90) days, return the remaining Settlement Fund including all interest thereon, less any costs and expenses referred to in ¶¶ 3(c), 3(d)(4), and 3(e) and less fifty percent (50%) of the costs for notice of the Settlement, to Defendants as soon as practicable after the Directed Escrow Agent receives notice.

(j) The Directed Escrow Agent may rely upon any notice, certificate, instrument, request, paper or other documents reasonably believed by it to be genuine and to have been made, sent or signed by counsel for the respective party or parties in accordance with this Escrow Agreement, and shall not be liable for any action taken or omitted by it, consistent with the terms hereof, in connection with the performance by it of its duties pursuant to the provisions of this Escrow Agreement, except for its own default, negligence or breach of the terms of this Escrow Agreement.

(k) The Directed Escrow Agent's acceptance and administration of the Settlement Fund shall constitute the submission of the Directed Escrow Agent to the jurisdiction of the Court in the above-described litigation for the purpose of carrying out this Escrow Agreement pursuant to the Settlement Agreement.

(l) The Directed Escrow Agent has been appointed in compliance with the Settlement Agreement and is subject to the orders of the Court.

(m) This Escrow Agreement shall be governed by and interpreted according to the substantive laws of the State of Connecticut, without reference to choice-of-law principles.

(n) The Directed Escrow Agent is and shall be independent, provided that as parties hereto, Plaintiffs and Defendants shall be entitled to institute actions to compel or require performance by the Directed Escrow Agent of its obligations hereunder. The Directed Escrow Agent hereby agrees to submit to the jurisdiction and venue of the Court with respect to issues

relating to the Settlement Fund for purposes of enforcement, clarification, or amendment of the provisions of this Escrow Agreement, and to comply with all directions given by that Court.

(o) Upon sixty (60) days prior written notice to Authorized Plaintiffs' Counsel and, only if such prior written notice is sent prior to the Settlement becoming Final, Counsel for Defendants, the Directed Escrow Agent may resign and be discharged from its duties and responsibilities under this Agreement for any reason, and shall promptly deposit the Escrow Amount (Redemption Value) with a successor escrow agent pursuant to and in accordance with written instructions from Authorized Plaintiffs' Counsel and, only if prior to the Settlement becoming Final, Counsel for Defendants.  If the Directed Escrow Agent is compelled to resign to comply with action by the government or self-regulating organizations (such as FINRA), the notice requirement set forth in this paragraph may be a reasonable time shorter than 60 days.  If no successor escrow agent shall have been appointed by the effective date of the Directed Escrow Agent's resignation, the Directed Escrow Agent's sole responsibility shall thereafter be to hold the Escrow Amount (Redemption Value), invested until receipt of designation of a successor escrow agent or the disbursement of the Escrow Amount (Redemption Value) in accordance with written instructions from Authorized Plaintiffs' Counsel and, only if prior to the Settlement becoming Final, Counsel for Defendants; provided, however, that the Directed Escrow Agent may petition the Court to name a successor, or may deposit the Escrow Amount (Redemption Value) in the registry of the Court having general jurisdiction.

(p) The Directed Escrow Agent may be removed from this Escrow Agreement at any time and thereby become discharged from the obligations hereby created subsequent to the date of discharge, by notice in writing given to the Directed Escrow Agent not less than thirty (30) days before such removal is to take effect.  Prior to any of the Settlements becoming Final,

8

such notice must be given by Authorized Plaintiffs' Counsel and Counsel for Defendants acting jointly; after the Settlement becomes Final, such notice may be given by Authorized Plaintiffs' Counsel alone. Upon approval of the Court, and subject to arrangements being made for a replacement Escrow Agent as specified in the next sentence, the Directed Escrow Agent may terminate this Escrow Agreement, by notice in writing given to the undersigned counsel not less than thirty (30) days before such termination is to take effect, and thereby become discharged from the obligations hereby created subsequent to the date of termination. In the event that the Directed Escrow Agent is removed or terminates this Escrow Agreement, arrangements shall be made for a replacement Escrow Agent, who shall assume the Directed Escrow Agent's duties hereunder as of the date and time that the replacement is to take effect. Prior to the Settlement becoming Final, such arrangements must be made by Authorized Plaintiffs' Counsel and Counsel for Defendants acting jointly; after the Settlement becomes Final, such arrangements may be made by Authorized Plaintiffs' Counsel alone.

(q) Copies of all notices and correspondence sent pursuant to this Escrow Agreement shall be served by mail upon Authorized Plaintiffs' Counsel, Counsel for Defendants, and the Directed Escrow Agent. After the Settlement becomes Final, such notices and correspondence need only be provided to Authorized Plaintiffs' Counsel.

(r) The Directed Escrow Agent shall, upon request as described below in this paragraph, advise counsel for the parties of any maturities, conversion privileges, and other matters of a like manner concerning the investments held in accordance with this Escrow Agreement. Before the Settlement becomes Final, the request required by this paragraph shall be made by Authorized Plaintiffs' Counsel and Counsel for Defendants acting jointly. After the Settlement becomes final, the request required by this paragraph shall be made by Authorized

Plaintiffs' Counsel alone.

(s) The Directed Escrow Agent shall, upon request as described below in this paragraph, furnish to undersigned counsel the monthly Escrow Account statements or confirmations of transactions. Before the Settlement becomes Final, the request required by this paragraph shall be made by Authorized Plaintiffs' Counsel and Counsel for Defendants acting jointly. After the Settlement becomes Final, the request required by this paragraph shall be made by Authorized Plaintiffs' Counsel alone.

(t) The parties reserve the right to modify this Escrow Agreement upon written agreement of all parties other than the Directed Escrow Agent, subject to approval of the Court, except any modification which shall affect the duties or responsibilities of the Directed Escrow Agent may be made only upon agreement of all parties including the Directed Escrow Agent.

(u) The Directed Escrow Agent shall treat the fact of the Settlement and the Settlement Agreement referred to herein, as well as all facts or other information pertaining to the Settlement and the Settlement Agreement, as confidential and shall not disclose or use such information in any way other than as necessary to fulfill its role as Directed Escrow Agent and/or comply with any laws or regulations, including those of self-governing organizations, such as FINRA.

(v) This Escrow Agreement may be signed by all parties on separate copies, including by facsimile or other electronic means, and shall have full force and effect when all parties have signed one of the copies.

10

IN WITNESS WHEREOF, the undersigned have executed and delivered this Escrow Agreement as of the date first written above.

| FOR DIRECT PURCHASER CLASS PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|

FOR DIRECT PURCHASER CLASS PLAINTIFFS:

GARWIN GERSTEIN & FISHER LLP

By:_____
Bruce E. Gerstein
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: (212)398-0055
Fax: (212)764-6620

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

FOR DIRECTED ESCROW AGENT:

By: _____

Michael Rosenbaum
Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753

*Authorized Signatory for Berdon Claims Administration LLC*

FOR DEFENDANTS:

WHITE & CASE LLP

By:_____
Jack E. Pace III
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8520
jpace@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTER

By /s/ Christopher T. Holding
Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

*Counsel for Teva*

11

IN WITNESS WHEREOF, the undersigned have executed and delivered this Escrow Agreement as of the date first written above.

FOR DIRECT PURCHASER CLASS PLAINTIFFS:

GARWIN GERSTEIN & FISHER LLP

By:_____
Bruce E. Gerstein
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: (212)398-0055
Fax: (212)764-6620

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

FOR DIRECTED ESCROW AGENT:

By: _____

Michael Rosenbaum
Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753

*Authorized Signatory for Berdon Claims Administration LLC*

FOR DEFENDANTS:

WHITE & CASE LLP

By:_____
Jack E. Pace III
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8520
jpace@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTER

By_____
Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

*Counsel for Teva*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Escrow Agreement as of the date first written above.

| | |
|---|---|
| FOR DIRECT PURCHASER CLASS PLAINTIFFS: | FOR Defendants: |
| GARWIN GERSTEIN & FISHER LLP | WHITE & CASE LLP |
| By: *Bruce Gerstein* (signed)<br>Bruce E. Gerstein<br>Garwin Gerstein & Fisher LLP<br>88 Pine Street, 10th Floor<br>New York, NY 10005<br>Tel.: (212)398-0055<br>Fax: (212)764-6620 | By:_____<br>Peter J. Carney<br>White & Case LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005-3807<br>Tel: 202-626-3600<br>Pcarney@whitecase.com |
| *Co-Lead Counsel for the Direct Purchaser Class Plaintiffs* | *Counsel for Boehringer* |
| | GOODWIN PROCTER |
| | By_____<br>Christopher T. Holding<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel: 617-570-1679<br>cholding@goodwinlaw.com |
| FOR DIRECTED ESCROW AGENT:<br><br>By: _____<br><br>Michael Rosenbaum<br>Berdon Claims Administration LLC<br>P.O. Box 9014<br>Jericho, NY 11753<br><br>*Authorized Signatory for Berdon Claims Administration LLC* | *Counsel for Teva* |

11

IN WITNESS WHEREOF, the undersigned have executed and delivered this Escrow Agreement as of the date first written above.

| FOR DIRECT PURCHASER CLASS PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| GARWIN GERSTEIN & FISHER LLP | WHITE & CASE LLP |

By:_____
Bruce E. Gerstein
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: (212)398-0055
Fax: (212)764-6620

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

By:_____
Jack E. Pace III
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8520
jpace@whitecase.com

*Counsel for Boehringer*

GOODWIN PROCTER

By_____
Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

*Counsel for Teva*

FOR DIRECTED ESCROW AGENT:

By /s/ *[signature]*

Michael Rosenbaum
Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753

*Authorized Signatory for Berdon Claims Administration LLC*