IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **IN RE AGGRENOX ANTITRUST LITIGATION** | **Master Docket No. 3:14-cv-02516-(SRU)**<br><br>**Judge Stefan R. Underhill** |

**END-PAYOR CLASS PLAINTIFFS' MOTION FOR CERTIFICATION OF
SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVES AND
CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT,
APPROVAL OF FORM AND MANNER OF NOTICE TO CLASS,
AND PROPOSED SCHEDULE FOR FINAL APPROVAL**

Pursuant to Federal Rule of Civil Procedure 23, the End-Payor Class Plaintiffs ("EPP Class") respectfully move for entry of a Preliminary Approval Order, appended hereto, which provides for:

(a)  Certification of a settlement class;

(b)  Appointment of the named EPP Class Plaintiffs as representatives of the Class;

(c)  Appointment as Co-Lead Counsel, Liaison Counsel and the Executive Committee the lawyers whom the Court previously appointed to those interim positions;

(d)  Preliminary approval of the proposed Settlement Agreement between the EPP Class and Defendants;

(e)  Approval of the proposed form and manner of notice to the Class;

(f)  Appointment of A.B. Data, Ltd. to serve as claims administrator and to assist Class Counsel in disseminating Class Notice;

(g)  Appointment of Bank Leumi USA as escrow agent;

(h)  Approval of a schedule leading up to and including the Fairness Hearing.

In support of this motion, the EPP Class relies on the accompanying Memorandum of

Law.  The relevant documents, with an Index, are attached as Exhibits to the accompanying

Declaration of Marvin A. Miller.  The proposed Settlement Agreement is Exhibit 1 to the Miller

Declaration, and the proposed Preliminary Approval Order is Exhibit A to the Settlement

Agreement.

Dated: January 8, 2018                    Respectfully submitted,

                                          End-Payor Class Plaintiffs

                                          By: s/*Marvin A. Miller*
                                          Marvin A. Miller
                                          **MILLER LAW LLC**
                                          115 S. LaSalle Street, Suite 2910,
                                          Chicago, IL 60603
                                          312-332-3400

                                          s/*Renae D. Steiner*
                                          Renae D. Steiner
                                          **HEINS MILLS & OLSON, PLC**
                                          310 Clifton Avenue
                                          Minneapolis, MN 55403
                                          612-338-4605

                                          s/*Steve Shadowen*
                                          Steve Shadowen
                                          **HILLIARD & SHADOWEN LLP**
                                          2407 S. Congress Ave., Ste. E 122
                                          Austin, TX  78704
                                          855-344-3298

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE AGGRENOX<br>ANTITRUST LITIGATION | : <br> : <br> : <br> : | Docket No. 3:14 MD 2516 (SRU) |
| | : <br> : | |
| THIS DOCUMENT RELATES TO: | : <br> : | |
| ALL INDIRECT PURCHASER<br>ACTIONS | : <br> : <br> : | |

**ORDER GRANTING INDIRECT PURCHASER CLASS PLAINTIFFS'
UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS,
APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF
NOTICE TO THE CLASS, AND SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Indirect Purchaser Class Plaintiffs' Unopposed

Motion for Certification of a Settlement Class, Appointment of Class Counsel, Preliminary

Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the

Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, and any hearing

thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is

GRANTED as follows:

**Jurisdiction**

1.      This Order hereby incorporates by reference the definitions in the

Settlement Agreement among Defendants, Plaintiffs, and the Indirect Purchaser Class, and

all capitalized terms used and not otherwise defined herein shall have the meanings set

forth in the Settlement Agreement.

2.      This Court has jurisdiction over each of the named plaintiffs, Plaintiffs, A.F.

of L. – A.G.C. Building Trades Welfare Plan; AFSCME District Council 47 Health and Welfare Fund; AGC-International Union of Operating Engineers Local 701 Health & Welfare Trust Fund; International Union of Operating Engineers Local 49 Health & Welfare Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; Man-U Service Contract Trust Fund; NECA-IBEW Welfare Trust Fund; Painters District Council No. 30 Health & Welfare Fund; Pipefitters Union Local No. 537 Health & Welfare Fund; Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; School Cafeteria Employees Local No. 634 Health and Welfare Fund; Twin City Iron Workers Health and Welfare Fund; United Food and Commercial Workers Local 1776 & Participating Health and Welfare Fund; Welfare Plan of the International Union of Operations Engineers Locals 137, 137A, 137B, 137C, and 137R; The Electrical Workers' Insurance Fund; and Sergeant's Benevolent Association Health & Welfare Fund (collectively "Indirect Purchaser Class Plaintiffs," "named Plaintiffs," or "Plaintiffs") and Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants"), and jurisdiction over the litigation to which Indirect Purchaser Class Plaintiffs and Defendants are parties.

### Certification of the Proposed Class

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

1.      Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class," is defined as follows:

> All persons or entities in the Commonwealth of Puerto Rico, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who, in one of the listed states, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded or generic Aggrenox, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, from November 30, 2009 through December 22, 2017.

The following persons or entities are excluded from the proposed Indirect Purchaser Class:

a. Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

b. All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drug plans;

c. All persons or entities who purchased Aggrenox for purposes of resale or who purchased directly from the Defendant or their affiliates;

d. Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

e. Pharmacy Benefits Managers (but not excluding affiliates, subsidiaries or related companies who would otherwise be included in the class definition);

a. Humana Inc. and its subsidiaries as listed in paragraph 4 of Humana's Second Amended Complaint, dated April 13, 2015 (Doc. No. 239);

b. Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("BCBSLA");

c. Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs);

d.   Co-payers (consumers) who did not purchase branded Aggrenox before July 1, 2015 ***and*** who have a flat generic co-pay, *i.e.* a fixed dollar copayment (*e.g.*, $10 for generic drugs) regardless of the co-payment applicable to branded drugs;

e.   All persons who purchased or received branded or generic Aggrenox through a Medicaid program only; and

f.   The judges in this case and any members of their immediate families;

g.   All persons or entities who purchased Aggrenox in the State of Rhode Island prior to July 15, 2013; and

h.   All persons or entities who purchased Aggrenox in the State of Oregon before 2010.

2.   Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 42,000 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

3.   Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

(a)   Whether the conduct challenged by the Class as anticompetitive in the Consolidated Amended Class Action Complaint filed June 16, 2014 (the "Complaint") (Doc. No. 98) constituted a conspiracy to monopolize or monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

(b)   Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy in restraint of trade and violated Section 1 of the Sherman Act, 15 U.S.C. § 1 and several states' antitrust and consumer protection acts;

(c)     Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

(d)     The amount of overcharge damages, if any, owed to the Class in the aggregate under the several states' antitrust and consumer protection acts.

4.      The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

5.      The Named Plaintiffs are hereby appointed as representatives of the Class, for the following reasons:

(a)     The Named Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

(b)     Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs have and will continue to fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the members of the Class share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, the Class is made up of business entities and individual consumers and any member of the Class that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs and their Counsel are well qualified to represent the Class

5

in this case, given their experience in prior cases, and the vigor with which

they have prosecuted this action thus far.

6.      Pursuant to Rule 23(b)(3), the Court determines that, in connection with and

solely for purposes of settlement, common questions of law and fact predominate over

questions affecting only individual members. In light of the class-wide claims, issues, and

defenses set forth above, the issues in this action that are subject to generalized proof, and

thus applicable to the Class as a whole, predominate over those issues that are subject only

to individualized proof. *See Sykes v. Mel S. Harris & Assocs.*, 780 F.3d 70, 81–82 (2d Cir.

2015); *Collins v. Olin Corp.*, 248 F.R.D. 95, 100–02 (D. Conn. 2008).

7.      Also pursuant to Rule 23(b)(3), the Court determines that, in connection

with and solely for purposes of settlement, a class action is superior to other available

methods for the fair and efficient adjudication of this action. The Court believes it is

desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the

Class in a single action. The Court also believes that there are few manageability problems

presented by a case such as this, particularly in light of the Settlement preliminarily

approved in this Order.

8.      Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having

considered the factors provided in Rule 23(g)(1)(A), the Court appoints Lead Counsel,

Liaison Counsel and an Executive Committee ("Class Counsel") for the Indirect Purchaser

Class, consistent with the Court's Order dated June 16, 2014 (ECF No. 95), and the duties

and responsibilities described in that Order.

## **Preliminary Approval of the Proposed Settlement**

9.      A court may approve a class action settlement if it is "fair, adequate, and

reasonable, and not a product of collusion." *Wal-Mart Stores v. Visa U.S.A.*, 396 F.3d 96,

116 (2d Cir. 2005) (internal quotation marks omitted). In evaluating a proposed settlement

for preliminary approval, however, the Court is required to determine only whether "it is

the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval." *O'Connor v. AR Res.*, 2010 U.S. Dist. LEXIS 30345, at *7 (D. Conn. Mar. 30, 2010) (quoting *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)); *see also Berkson v. Gogo, LLC*, 147 F. Supp. 3d 123, 130 (E.D.N.Y. 2015) (quoting *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009)). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart*, 396 F.3d at 116 (quoting Manual for Complex Litigation, Third, § 30.42 (1995)). The proposed settlement satisfies this standard.

10.     The Court finds that the proposed settlement, which includes a cash payment of $54,000,000 by Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation between Indirect Purchaser Class Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by Indirect Purchaser Class Plaintiffs and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

<u>**Approval of the Plan of Notice to the Class**</u>

11.     The proposed form of Notice to members of the Class of the pendency of this Class Action and the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved. Class Counsel shall cause the

Notice substantially in the form attached to the Settlement Agreement to be disseminated by _____, 2018, *via* first-class mail to those members of the Class who can reasonably and economically be identified, by publication, and email as set forth in the Notice Plan.

12.     Members of the Class may request exclusion from the Class or object to the Settlement no later than _____, 2018 (65 days after this order). Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

13.     Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Defendants shall serve notices as required under CAFA within 10 days from the date Plaintiffs file the Settlement Documents with the Court. Defendants shall contemporaneously provide Class Counsel with copies of any such notices.

14.     The Court appoints A.B. Data, Ltd. to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

15.     The Court appoints Bank Leumi USA to serve as Escrow Agent pursuant to the terms of the Escrow Agreement for the purpose of administering the escrow account holding the Settlement Fund. Except as the parties have agreed in the Escrow Agreement, all expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

**<u>Final Fairness Hearing</u>**

16.     A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 1:00 p.m. on _____,  2018, at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Courtroom One, Bridgeport, CT  06604. At the Fairness Hearing, the Court will consider, inter alia: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement

8

should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Order and Judgment terminating the litigation between Indirect Purchaser Class Plaintiffs and Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on the following website of the Claims Administrator: INSERT DEDICATED WEBSITE ESTABLISHED BY CLAIMS ADMIN.

17.    Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport CT 06604, with copies to the following counsel:

*On Behalf of Indirect Purchaser Class*

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
mmiller@millerlawllc.com

Steven Shadowen
Hilliard & Shadowen LLP
2407 S Congress Avenue, Ste E 122
Austin, TX 78704
Tel: (855) 344-3928

steve@hilliardshadowenlaw.com

Renae Steiner
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Tel: (612) 338-4605
rsteiner@heinsmills.com


*On behalf of Boehringer*:

Peter J. Carney White & Case LLP
701 Thirteenth Street, NW Washington, DC 20005-3807
Tel: 202-626-3600
Pcarney@whitecase.com

*On behalf of Teva*

Christopher T. Holding Goodwin Procter LLP 100 Northern Avenue
Boston, MA 02210
Tel: 617-570-1679
cholding@goodwinlaw.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary

statement must be postmarked no later than _____. Except as herein provided, no

person or entity shall be entitled to contest the terms of the proposed Settlement. All

persons and entities who fail to file an Objection and/or Notice of Intention to Appear as

well as a Summary Statement as provided above shall be deemed to have waived any such

objections by appeal, collateral attack or otherwise and will not be heard at the Fairness

Hearing.

18.     All briefs and materials in support of the final approval of the settlement

and the entry of Final Order and Judgment proposed by the parties to the Settlement

Agreement shall be filed with the Court by _____, 2018.

19.     All briefs and materials in support of the application for an award of

attorneys' fees and reimbursement of expenses, and incentive awards for the Named

Plaintiffs, shall be filed with the Court by _____, 2018.

20.     All proceedings in the action between the Indirect Purchaser Class

Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Order and Judgment and dismisses such actions with prejudice.

21.     Neither this Order, nor the Settlement Agreement, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted by Indirect Purchaser Class Plaintiffs against Defendants or as to any liability by Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

So ordered.

Dated at Bridgeport, Connecticut, this __th day of _____ 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

11