UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX<br>ANTITRUST LITIGATION | No. 3:14-md-02516 (SRU) |
| THIS DOCUMENT RELATES TO:<br>ALL INDIRECT PURCHASER ACTIONS | |

## RULING AND ORDER

Upon review and consideration of Indirect Purchaser Class Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, Doc. No. 748, IT IS HEREBY ORDERED that the motion is GRANTED as follows:

### Jurisdiction

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement among Defendants, Plaintiffs, and the Indirect Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over each of the named plaintiffs, A.F. of L.–A.G.C. Building Trades Welfare Plan; AFSCME District Council 47 Health and Welfare Fund; AGC–International Union of Operating Engineers Local 701 Health & Welfare Trust Fund; International Union of Operating Engineers Local 49 Health & Welfare Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; Man-U Service Contract Trust Fund; NECA-IBEW Welfare Trust Fund; Painters District Council No. 30 Health &

Welfare Fund; Pipefitters Union Local No. 537 Health & Welfare Fund; Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; School Cafeteria Employees Local No. 634 Health and Welfare Fund; Twin City Iron Workers Health and Welfare Fund; United Food and Commercial Workers Local 1776 & Participating Health and Welfare Fund; Welfare Plan of the International Union of Operations Engineers Locals 137, 137A, 137B, 137C, and 137R; The Electrical Workers' Insurance Fund; and Sergeant's Benevolent Association Health & Welfare Fund (collectively "Indirect Purchaser Class Plaintiffs," "Named Plaintiffs," or "Plaintiffs") and Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants"), and jurisdiction over the litigation to which Indirect Purchaser Class Plaintiffs and Defendants are parties.

## Certification of the Proposed Class

The Court makes the following determinations as required by Rule 23 of the Federal Rules of Civil Procedure solely in connection with the proposed settlement:

1. Pursuant to Rule 23(c)(1)(B), the Class is defined as follows:

> All persons or entities in the Commonwealth of Puerto Rico, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who, in one of the listed states, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded or generic Aggrenox, for consumption by themselves, their families, or their members, employees,

insureds, participants, or beneficiaries, other than for resale, from November 30, 2009 through December 22, 2017.

The following persons or entities are excluded from the Class:

    a.    Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

    b.    All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drug plans;

    c.    All persons or entities who purchased Aggrenox for purposes of resale or who purchased directly from the Defendants or their affiliates;

    d.    Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

    e.    Pharmacy Benefits Managers (but not excluding affiliates, subsidiaries or related companies who would otherwise be included in the class definition);

    f.    Humana Inc. and its subsidiaries as listed in paragraph 4 of Humana's Second Amended Complaint, dated April 13, 2015 (Doc. No. 239);

    g.    Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("BCBSLA");

    h.    Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs);

    i.    Co-payers (consumers) who did not purchase branded Aggrenox before July 1, 2015 and who have a flat generic co-pay, i.e., a fixed dollar copayment (e.g., $10 for generic drugs) regardless of the co-payment applicable to branded drugs;

    j.    All persons who purchased or received branded or generic Aggrenox through a Medicaid program only; and

    k.    The judges in this case and any members of their immediate families;

    l.    All persons or entities who purchased Aggrenox in the State of Rhode Island prior to July 15, 2013; and

    m.  All persons or entities who purchased Aggrenox in the State of Oregon before 2010.

  2.  Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 42,000 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

  3.  Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

   (a) Whether the conduct challenged by the Class as anticompetitive in the Consolidated Amended Class Action Complaint filed June 16, 2014 (the "Complaint") (Doc. No. 98) constituted a conspiracy to monopolize or monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

   (b) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy in restraint of trade and violated Section 1 of the Sherman Act, 15 U.S.C. § 1 and several states' antitrust and consumer protection acts;

   (c) Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

   (d) The amount of overcharge damages, if any, owed to the Class in the aggregate under the several states' antitrust and consumer protection acts.

  4.  The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

5. The Named Plaintiffs are hereby appointed as representatives of the Class, for the following reasons:

(a) The Named Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

(b) Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs have and will continue to fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the members of the Class share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, the Class is made up of business entities and individual consumers and any member of the Class that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs and their Counsel are well qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

6. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims and issues set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. *See Sykes v.*

*Mel S. Harris & Assocs.*, 780 F.3d 70, 81–82 (2d Cir. 2015); *Collins v. Olin Corp.*, 248 F.R.D. 95, 100–02 (D. Conn. 2008).

7. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

8. Pursuant to Rules 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints Lead Counsel, Liaison Counsel and an Executive Committee ("Class Counsel") for the Indirect Purchaser Class, consistent with the Court's Order dated June 16, 2014, Doc. No. 95, and the duties and responsibilities described in that Order.

## Preliminary Approval of the Proposed Settlement

9. A court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores v. Visa U.S.A.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks omitted). In evaluating a proposed settlement for preliminary approval, however, the Court is required to determine only whether "it is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval." *O'Connor v. AR Res.*, 2010 WL 1279023, at *3 (D. Conn. Mar. 30, 2010) (quoting *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)); *see also Berkson v. Gogo, LLC*, 147 F. Supp. 3d 123, 130 (E.D.N.Y. 2015)

(quoting *Cohen v. J.P. Morgan Chase & Co*., 262 F.R.D. 153, 157 (E.D.N.Y. 2009)). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart*, 396 F.3d at 116 (quoting Manual for Complex Litigation, Third, § 30.42 (1995)). The proposed settlement satisfies this standard.

10. The Court finds that the proposed settlement, which includes a cash payment of $54,000,000 by Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation between Indirect Purchaser Class Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by Indirect Purchaser Class Plaintiffs and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## **Approval of the Plan of Notice to the Class**

11. The proposed forms of Notice to members of the Class of the pendency of this Class Action and the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved. Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated beginning March, 21, 2018, via first-class mail to those members of the Class who can reasonably and economically be identified, by publication, and email as set forth in the Notice Plan.

12. Members of the Class may request exclusion from the Class or object to the Settlement no later than May 11, 2018. Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

13. The Claims Administrator shall provide copies of all Objections and Requests for Exclusion to Counsel for Plaintiffs and Defendants as those are received and Plaintiffs' Counsel shall file those Objections and Requests for Exclusion in a single submission.

14. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Defendants shall serve notices as required under CAFA within 10 days from the date Plaintiffs file the Settlement Documents with the Court. Defendants shall contemporaneously provide Class Counsel with copies of any such notices.

15. The Court appoints A.B. Data, Ltd. to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

16. The Court appoints Bank Leumi USA to serve as Escrow Agent pursuant to the terms of the Escrow Agreement for the purpose of administering the escrow account holding the Settlement Fund. Except as the parties have agreed in the Escrow Agreement, all expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

### **Final Fairness Hearing**

17. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 1:00 p.m. Eastern time on July 19, 2018, at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Courtroom

One, Bridgeport, CT 06604. At the Fairness Hearing, the Court will consider, inter alia: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Order and Judgment terminating the litigation between Indirect Purchaser Class Plaintiffs and Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on the following website of the Claims Administrator: InReAggrenoxAntitrustLitigation.com.

18. Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to:

> Aggrenox Settlement
> c/o A.B. Data, Ltd.
> P.O. Box 173046
> Milwaukee, WI 53217

The Claims Administrator shall provide copies of all Objections and Notices of Intention to Appear to the following counsel:

> *On behalf of the Indirect Purchaser Class*:
>
> Marvin A. Miller
> Miller Law LLC
> 115 S. LaSalle Street, Suite 2910
> Chicago, IL 60603

Tel: (312) 332-3400
mmiller@millerlawllc.com

Steven Shadowen
Hilliard & Shadowen LLP
2407 S Congress Avenue, Ste E 122
Austin, TX 78704
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com

Renae Steiner
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Tel: (612) 338-4605
rsteiner@heinsmills.com

*On behalf of Boehringer*:

Peter J. Carney
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: (202) 626-3600
Pcarney@whitecase.com

*On behalf of Teva*

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1679
cholding@goodwinlaw.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than May 11, 2018. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

19. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be filed with the Court by April 14, 2018.

20. All briefs and materials in support of the final approval of the settlement and the entry of Final Order and Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by July 5, 2018.

21. All proceedings in the action between the Indirect Purchaser Class Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Order and Judgment and dismisses such actions with prejudice.

22. Neither this Order, nor the Settlement Agreement, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendants regarding the validity of any claim that has been or could have been asserted by Indirect Purchaser Class Plaintiffs against Defendants, or regarding any liability by Defendants concerning any matter set forth in this Order, or regarding whether any class, in this case or others, may be certified for purposes of litigation and trial.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of March 2018.

                                                /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge