**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| IN RE: AGGRENOX ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Humana Inc.* (3:14-cv-00572-SRU) *Louisiana Health* (3:15-cv-964-SRU) | ) ) ) |

C.A. No. 3:14-MD-2516 (SRU)

HIGHLY CONFIDENTIAL
FILED UNDER SEAL


**DEFENDANTS' MEMORANDUM OF LAW IN**
**SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS**
**TO PRODUCE THEIR CONTRACTS WITH ASO CUSTOMERS**


Oral Argument Requested

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ............................................................................................................... 2

    A.   For ASO Plans, BCBSLA And Humana Do Not Pay for Any Prescription Drugs ... 2

    B.   Humana And BCBSLA's ASO Customers Are Included in the Proposed EPP
        Settlement Class .................................................................................................. 4

    C.   Plaintiffs First Revealed They Are Seeking Damages Based On ASO Plans'
        Purchases During Their Rule 30(b)(6) Depositions in August and December 2017. 5

    D.   BCBSLA and Humana Refuse to Produce Their Contracts That Purportedly
        Authorize Them to Pursue Claims on Behalf of ASO Customers ............................ 8

STANDARD OF REVIEW ................................................................................................ 11

ARGUMENT ..................................................................................................................... 12

  I.    Plaintiffs' ASO Contracts Are Relevant to Whether They Have Authority to Pursue
       Claims on Behalf of Their ASO Customers .................................................... 12

  II.   Defendants Will Be Prejudiced If They Are Unable to Review the ASO Contracts That
       Plaintiffs Have Identified as the Sole Authority Upon Which They Can Bring Claims on
       Behalf of ASO Customers ............................................................................... 13

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Banco Nacional de Cuba v. Chase Manhattan Bank*,
  658 F.2d 875 (2d Cir. 1981)..............................................................................2

*Buturla v. AWTY Prods., LLC*,
  No. 3:12-CV-01758 (CSH), 2015 U.S. Dist. LEXIS 152664
  (D. Conn. Nov. 10, 2015) ...............................................................................11

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips
  Petroleum Co.*,
  105 F.R.D. 16 (S.D.N.Y. 1984) .......................................................................11

*Cortlandt St. Recovery Corp. v. Hellas Telecomms.*,
  790 F.3d 411 (2d Cir. 2015).............................................................................2

*CVS Pharm. V. Boehringer Ingelheim Pharma GmbH & Co. KG*,
  1:16-cv-00159-CCC (M.D. Pa. Jan. 29, 2016), ECF No. 1 ............................6

*Heckler & Koch, Inc. v. German Sport Guns GmbH*,
  No. 1:11-cv-01108-SEB-TAB, 2015 U.S. Dist. LEXIS 108901
  (S.D. Ind. May 22, 2015) ...............................................................................13

*Humana Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG*,
  3:14-cv-00572-AWT (D. Conn. Apr. 28, 2014), ECF No. 1 ............................6

*Humana Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG*,
  3:14-md-2516 (D. Conn. Apr. 13, 2015), ECF No. 239 ...................................6

*In re Namenda Direct Purchaser Antitrust Litig.*,
  2017 U.S. Dist. LEXIS 139983 (S.D.N.Y. Aug. 30, 2017) ...........................11

*Louisiana Health Service Indemnity Co. v. Boehringer Ingelheim Pharma Gmbh
  & Co. KG*,
  3:15-cv-00964-WWE (D. Conn. Aug. 12, 2015), ECF No. 6 ...........................5

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
  380 F. Supp. 2d 243 (S.D.N.Y. 2005)........................................................12, 13

*Rite Aid Corp. v. Boehringer Ingelheim Pharma GmbH & Co. KG*,
  1:15-cv-00663-CCC (M.D. Pa. Apr. 3, 2015), ECF No. 1 ..............................6

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
  289 F.R.D. 41 (E.D.N.Y. 2011).......................................................................13

*Travelers Indem. Co. v. Household Int'l, Inc.*,
   775 F. Supp. 518 (D. Conn. 1991) ..................................................................................13

*Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity &*
   *Apprenticeship Skill Improv. & Safety Funds v. M.C. Landscape Group, Inc.*,
   2015 U.S. Dist. LEXIS 177271 (E.D.N.Y. Oct. 16, 2015) ..............................................14

*Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity &*
   *Apprenticeship Skill Improv. & Safety Funds v. M.C. Landscape Group, Inc.*,
   2016 U.S. Dist. LEXIS 41138 (E.D.N.Y. Mar. 28, 2016) ..............................................14

*Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*,
   2017 U.S. Dist. LEXIS 189911 (N.D.N.Y. Nov. 16, 2017) ............................................14

## STATUTES AND RULES

Ariz. Rev. Stat. § 44-1408 ..................................................................................................12

Cal Bus. & Prof. Code § 16750(a) ......................................................................................12

D. C. Code Ann. § 28-4508(a) ............................................................................................12

D.C. Code Ann. § 28-4509(c) .............................................................................................15

Fed. R. Civ. P. 1002 ...........................................................................................................14

Fla. Stat. Ann. § 501.211(2) ...............................................................................................12

Haw. Rev. Stat. § 480-13 ...............................................................................................12, 15

Ill. Comp. Stat. 10/7 ......................................................................................................12, 15

Iowa Code § 553.12 ............................................................................................................12

Mich. Comp. Laws Ann. § 445.778(2) ...............................................................................12

Minn. Stat. § 325D.57 ...................................................................................................12, 15

N.D. Cent. Code § 51-08.1-08(2) .......................................................................................12

N.H. Rev. Stat. Ann. § 356:11 ...........................................................................................12

N.M. Stat. Ann. § 57-1-3(C) ..............................................................................................15

N.Y. Gen. Bus. Law §§ 340(5) ...........................................................................................12

Nev. Rev. Stat. § 59-821 ...............................................................................................12, 15

Or. Rev. Stat. § 646.780(1)(a) ............................................................................................12

R.I. Gen. Laws § 6-36-7(d) ........................................................................................................15

R.I. Gen. Laws § 6-36-11(a) ......................................................................................................12

S.D. Codified Laws § 37-1-14.3 ................................................................................................12

S.D. Codified Laws § 37-1-33 ...................................................................................................15

Utah Code Ann. § 76-10-3109(6) ..............................................................................................15

W. Va. Code § 47-18-9 ..............................................................................................................12

Wis. Stat. § 133.18(1)(a) ...........................................................................................................12

## **INTRODUCTION**

Plaintiffs Humana, Inc. ("Humana") and Louisiana Heath and Indemnity Co. d/b/a Blue Cross Blue Shield of Louisiana ("BCBSLA") recently confirmed that they are seeking damages on behalf of their Administrative Service Only ("ASO") customers, but neither Plaintiff has produced any evidence that they possess the authority to do so. Humana and BCBSLA have failed to produce any assignment of claims from their ASO customers — in fact they admit they have no such assignments. And now both Humana and BCLSA categorically refuse to produce the ASO contracts that they argue provide the authority to make claims for ASO customers.

As the Court is aware, Humana's lack of authority to act for its ASO customers was recently highlighted in its objections to Preliminary Approval of the End Payor Purchaser Settlement, and Humana failed to produce any evidence it had authority to represent ASO customers in this litigation. *See* Ex. 1, at 2 (ECF No. 759, Humana's Opp'n To Defs.' Mot. To Strike Humana's Jan. 16, 2018 Letter). Accordingly, Defendants move the Court for an order compelling Humana and BCBSLA to produce the ASO contracts under which they claim to have authority to pursue damages for their ASO customers.

Humana and BCBSLA do not reimburse their customers for purchases of Aggrenox under self-funded, ASO plans. Instead, their ASO customers, (who are self-funded employers and health and welfare funds), pay for their members' prescription drugs, including Aggrenox, and Plaintiffs merely administer the plan for a flat fee. Unlike fully-insured plans, under which Humana and BCBSLA undertake the risk of paying for any pharmaceutical claims and must reimburse their ASO customers for purchases of Aggrenox, Plaintiffs did not reimburse their customers for purchases of Aggrenox under ASO plans. Thus, neither BCBSLA nor Humana could have suffered any harm for purchases of Aggrenox under ASO plans, and cannot meet the "actual damages" requirement under state law.

Courts routinely dismiss claims on behalf of unnamed third parties who are the real party in interest. *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 418 (2d Cir. 2015) (affirming dismissal because plaintiff was not assigned claims at issue and not real party in interest); *Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 886 (2d Cir. 1981) (courts dismiss claims "where a clearly different person not a party was the real party in interest"). Humana and BCBLSA should be required to produce their ASO contracts if they wish to make claims for their ASO entities, the relevance is inescapable.

## BACKGROUND

### A.   For ASO Plans, BCBSLA And Humana Do Not Pay for Any Prescription Drugs

As health insurance companies, BCBSLA and Humana have two main types of plans: (1) "fully-insured" health plans; and (2) ASO plans, also called "self-insured" or "self-funded" plans. Elfand Decl.,[1] ███████████████████████████████████ *id.* ████████
███████████        █████████████████████████████████); █████████████
████████        ██████████████████████████████████).

Fully-insured plans characterize what most people consider to be "health insurance." Humana and BCBSLA set a premium which the customer pays monthly or annually in exchange for a set amount of insurance coverage and access to the insurers' network, which includes access to the prices for health care services and pharmaceuticals that the insurer has negotiated. *See, e.g.*, ███████████████████ When a person who is insured under a fully-insured plan receives covered health care services or prescriptions, Humana and BCBSLA pay most or all of the cost for the service or prescription and the patient pays only a co-pay (sometimes

---

[1] All Exhibits referenced herein are exhibits to the Declaration of Ross E. Elfand in Support of Defendants' Motion to Compel Plaintiffs to Produce Their Contracts With ASO Customers ("Elfand Decl."), submitted herewith.

subject to meeting a deductible).  Said differently, the "risk" of paying the costs of medical treatment under fully-insured plans is borne by Humana and BCBSLA: █████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████. *See, e.g.,* ████████████████████ ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████).

In contrast, the services Humana and BCBSLA provide under ASO plans are not "insurance" at all.  Instead, self-insured customers (who are groups, *i.e.* employers and health and welfare funds) pay a fixed administrative service fee in exchange for Humana and BCBSLA to "administer" a health plan to their employees / members, which includes providing access to the insurer's network of providers and discounts, and facilitating the employer's / fund's payment of health care services to providers and pharmacies.  *See* █████████████████

█████████████████████████ ████████████████████████████████

██████████████████████████████████████████████████████████

*see also* ██████████████████████████ ██████████████████████████

██████████████

Under ASO plans, it is the customer — the employer or health and welfare fund — who bears the risk and pays for the actual health expenditures of their employees / members, not Humana and BCBSLA.  ██████████████████████ ████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████); *id.* at ████████████████████████████

█████████████████████████████████████████████████████████████

██████████);  █████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████); █████████████ ████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████).

Humana and BCBSLA are therefore never out of pocket for purchases of Aggrenox made under these ASO plans, the same way a payroll company is not out of pocket for employees' salaries — employees' pay checks may come from the payroll company, but they are cashed with the employer's money. *See,* █████████████████████████ ████████████████████

██████); ████████████████████ ██████████████████████████████████

█████████████████████████████████████████████████████████████

██████).

## B.    Humana and BCBSLA's ASO Customers Are Included in the Proposed EPP Settlement Class

The putative "End Payor Purchaser" settlement class is defined as: "All persons or entities . . . who . . . indirectly purchased, paid and/or provide reimbursement for some or all of the purchase price for branded or generic Aggrenox, for consumption by themselves, their families, or their members, employees." Memo. in Support of Unopposed Mot. for Cert. of Settlement Class at 8, ECF No. 748-1 ("EPP Class Settlement Motion"). Importantly, "fully insured health plans" are excluded from the class definition because the insurers, not the fully-insured health plans, paid for Aggrenox under those plans. Self-insured employers and funds, on

4

the other hand, are included in the class because they, not their insureds administering the plans,

paid for Aggrenox under those plans. *Id.* Humana admits that its ASO customers are included in

the EPP class. Ex. 1 (ECF No. 759, Humana's Opp'n To Defs.' Mot. To Strike Humana's Jan.

16, 2018 Letter) (acknowledging that the EPP settlement includes claims on behalf of Humana's

ASO customers).

Indeed, many of the named EPP class representatives have ASO plans through health

insurance companies like Humana and BCBSLA. For example, named EPP class member



By

definition, therefore, the EPP class includes Humana's and BCBSLA's ASO customers.

## C. Plaintiffs First Revealed They Are Seeking Damages Based On ASO Plans' Purchases During Their Rule 30(b)(6) Depositions in August and December 2017

Nothing in BCBSLA's and Humana's complaints indicated that they are seeking

damages on behalf of others or that they are pursuing assigned claims. *See* BCBSLA Amended

Compl. ¶ 17, *Louisiana Health Service Indemnity Co. v. Boehringer Ingelheim Pharma Gmbh &*

*Co. KG*, 3:15-cv-00964-WWE (D. Conn. Aug. 12, 2015), ECF No. 6 ("BCBSLA Compl.");

Humana Compl. ¶¶ 2, 24–26, *Humana Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG*,

3:14-cv-00572-AWT (D. Conn. Apr. 28, 2014), ECF No. 1; Humana Second Am. Compl. ¶¶ 1,

4, 7, *Humana Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG*, 3:14-md-2516 (D. Conn.

Apr. 13, 2015), ECF No. 239 ("Humana Compl.").   BCBSLA and Humana have brought their

actions only in their own names.  *See* BCBSLA Compl.; Humana Compl.  Humana's Complaint

seeks damages only "for the injuries *it* suffered," Humana Compl. ¶¶ 29, 36, 43 (emphasis

added), and BCBSLA's Complaint has the same language, BCBSLA Compl. ¶¶ 151,

171.  Because BCBSLA and Humana have not reimbursed anyone for Aggrenox purchased

under ASO plans, and because their complaints seek damages suffered only by BCBSLA and

Humana, there was nothing on the face of the complaints to give Defendants notice or reason to

believe that Plaintiffs are seeking damages on behalf of their ASO customers. Nor does either

complaint allege that BCBSLA or Humana brings any claims on behalf of or on assignment from

any third parties (other than perfunctory assignments from subsidiaries not at issue here).

*Compare* Humana Compl., *and* BCBSLA Compl., *with* CVS Compl. ¶ 19, *CVS Pharm. V.*

*Boehringer Ingelheim Pharma GmbH & Co. KG*, 1:16-cv-00159-CCC (M.D. Pa. Jan. 29, 2016),

ECF No. 1 ("CVS brings this action on its own behalf and as the assignee of McKesson

Corporation . . . .") *and* Rite Aid Compl. ¶ 19, *Rite Aid Corp. v. Boehringer Ingelheim Pharma*

*GmbH & Co. KG*, 1:15-cv-00663-CCC (M.D. Pa. Apr. 3, 2015), ECF No. 1 (same).

Moreover, Defendants' document requests explicitly sought all documents concerning

assignments of any claims being pursued by Plaintiffs.  *See* Ex. 8 (Defs.' First Doc. Reqs. to

Humana, Nos. 99–101) (seeking "all documents reflecting . . . any assignment . . . of any claim

asserted in the Complaint," all "communications concerning any assignment," and "documents

sufficient to show . . . each agreement in place between Your assignor and any customer of Your assignor"); Ex. 9 (Defs.' First Doc. Reqs. to BCBSLA, Nos. 99–101) (same).   Plaintiffs responded by agreeing to produce documents sufficient to show any assignments.  *See* Ex. 10 (Humana's Resps. & Objs., Nos. 99–101) (agreeing to "produce non-privileged, responsive documents within [Humana's] possession, custody and control"); Ex. 11 (BCBSLA's Resps., Nos. 99–101) (agreeing to produce responsive documents "to the extent that such documents exist, are not privileged, [and] are in BCBSLA's possession, custody, or control").

Defendants also requested "all documents . . . relied upon as the basis for any allegation" in Plaintiffs' complaints.  Ex. 8 (Defs.' First Doc. Reqs. To Humana, No. 88); Ex. 9 (Defs. First Doc. Reqs. To BCBSLA, No. 88).  Again, Humana and BCBSLA agreed to produce responsive documents.  Ex. 10 (Humana's Resps. & Objs., No. 88); Ex. 11 (BCBSLA's Resps., No. 88) (initially refusing to produce on boilerplate objections); Ex. 12 (Letter, Elliott to Elfand, Dec. 2, 2016, at 13) (agreeing to produce); Ex. 13 (Letter, Elfand to Meade, June 13, 2017, at 1) (establishing Defendants' understanding that BCBSLA agreed to produce).   Humana and BCBSLA have each stated that their productions are complete, but their productions do not include assignments or documents reflecting any authority to bring claims on behalf of their ASO customers.

Not until BCBSLA's and Humana's Rule 30(b)(6) depositions in December and August of 2017, respectively, did Defendants learn that Plaintiffs intend to seek damages suffered by their ASO customers.  *See* ██████████████████████  ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ );  ████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████).  Plaintiffs also acknowledged ████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████  █████████████████

████████████  ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████);  ████████████████████  █████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████).

## D.    BCBSLA and Humana Refuse to Produce Their Contracts That Purportedly Authorize Them to Pursue Claims on Behalf of ASO Customers

**Defendants Timely Requested Plaintiffs' Contracts.**  After Humana's August 22–23, 2017 deposition, Defendants wrote a letter to Humana explaining that its transactional data did not identify which purchases were made under ASO plans, and Humana had not produced the contracts setting forth the terms of its relationship with ASO customers.  *See* Ex. 14, at 1 (Letter, Letourneau to St. Phillip, Sept. 20, 2017) (explaining Defendant's concern that ASO claims were passed-through, or absorbed by the ASO customer and requesting contracts).   Defendants requested that Humana produce the contracts and reproduce data identifying the plan type (self-funded or fully insured) for each claim.  *Id.*

On September 28, 2017, Defendants and Humana met and conferred on the phone regarding Defendants' September 20 letter, during which Humana represented that it would consider the issues Defendants raised and would respond in writing.  *See* Ex. 15, (Email, Letourneau to St. Phillip, Oct. 5, 2017).  Humana did not respond for almost a month.  *Id.*, Ex. 16, (Email, Letourneau to St. Phillip, Oct. 30, 3017) (noting the delay and asking for a response).

8

On November 4, Humana responded and refused to produce the contracts, arguing that they are "irrelevant," but agreed to look into re-producing the data to include a column to reflect the plan type. *See* Ex. 17, (Email, Risener to Letourneau, Nov. 4, 2017).

On November 8, Defendants reiterated to Humana that the ASO contracts and data identifying the plan type is important because Defendants have no evidence that Humana has authority to seek damages for purchases of Aggrenox made under ASO plans. *See* Ex. 18, (Letter Mims to Ruggiero, Nov. 10, 2017) (explaining that Defendants need the information because they "need to evaluate Humana's authority to pursue claims on behalf of members / participants of plans that are less than fully insured"). On November 17, Humana re-produced its claims data with a column identifying the plan type (and provided a full data dictionary explaining the column entries on November 21). *See* Ex. 19, (Email, Risener to Mims, Nov. 21, 2017). On November 29, defendants further elaborated on their need for the requested contracts, (Ex. 20, (Letter, Mims to Ruggiero, Nov. 29, 2017); *see* Joint Status Report, ECF No. 736 at 8–9), and Humana responded December 15, refusing to produce its contracts, (Ex. 21, (Letter, Rabinovitz to Mims, Dec. 15, 2017)).

Negotiations with BCBSLA followed a similar path. After BCBSLA's December 8, 2017, deposition, during which BCBSLA first mentioned that it was pursuing claims on behalf of its ASO customers, Defendants requested that BCBSLA produce its contracts and reproduce its transactional claims data to identify the plan type for each transaction. *See* Ex. 22, at 1 (Letter, Mims to Meade, Dec. 17, 2017).

Like Humana, BCBSLA agreed to re-produce its data to identify the plan type for each claim, which BCBSLA did between December 29 and 31, 2017. *See* Ex. 23, (Email, Elliot to Mims and Kessler, Dec. 29, 2017); Ex. 24 (Email, Elliot to Kessler and Mims, Dec. 31, 2017).

BCBSLA did not, however, respond to Defendants' December 17 letter requesting the contracts. *See* Ex. 25, (Letter, Mims to Meade, Jan. 11, 2018).  On January 11, 2018, Defendants followed up, reiterating their need for BCBSLA's contracts.

On January 13, BCBSLA confirmed that it will continue to assert claims for its ASO customers, but declined to confirm — one way or the other — whether it intended to produce any ASO contracts.  Ex. 26, (Email, Meade to Mims, Jan. 13, 2018).  Instead, BCBSLA reported that it made a "substantial" production and Defendants could review it.  *Id.*  Defendants noted that the production (as of that date) contained over 70,000 documents and sought to confirm BCBSLA's position.  Ex. 27, (Email, Mims to Meade, Jan. 13, 2018).  BCBSLA did not respond.

**Plaintiffs Refuse to Produce the Contracts Despite Identifying Them as the Sole Basis for Their Authority to Pursue Their ASO Customers' Claims.**  On February 1, after receiving the remainder of BCBSLA's document production, Defendants asked for a final meet-and-confer with BCBSLA and Humana regarding the ASO contracts.  Ex. 28, (Letter, Mims to Rabinovitz and Meade, Feb. 1, 2018).  During the final discussions, both Humana and BCBSLA admitted that they are not pursuing such claims based on any assignments.  Ex. 29, (Letter, Elfand to St. Phillip, Elliot, and Meade, Feb. 15, 2018) (memorializing Feb. 7 meet-and-confer call).  Instead, they asserted that the only "authority" for their ability to pursue claims on behalf of ASO customers would be found in their contracts with those customers.  Yet, Plaintiffs continued to refuse to produce the contracts sufficient to establish their authority to pursue claims for each purchase under ASO plans, and instead represented to Defendants — for the first time — that they intend to prove their purported authority to pursue such claims via a live witness at trial, or that they have such authority "by default."  *Id.*

Humana stated that it would consider producing representative samples, *id.*, but ultimately neither Humana nor BCBSLA produced any samples. Humana did not respond to a February 15 letter requesting such samples; BCBSLA stated that it would produce the samples, but never did, Ex. 30 (Email, Meade to Elfand, Feb. 20, 2018). And in its Opposition to Defendants' Motion to Strike Humana's January 16, 2018 Letter (which Humana filed in opposition to the proposed EPP Class settlement), Humana reaffirmed that the contracts are the source of its authority: "Humana's ASO clients specifically contract to allow Humana to pursue recoveries on their behalf." Ex. 1 at 2 (ECF No. 759, Humana's Opp'n To Defs.' Mot. To Strike Humana's Jan. 16, 2018 Letter).

## <u>STANDARD OF REVIEW</u>

"Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation." *Buturla v. AWTY Prods., LLC*, No. 3:12-CV-01758 (CSH), 2015 U.S. Dist. LEXIS 152664, at *4 (D. Conn. Nov. 10, 2015); *see Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 24 (S.D.N.Y. 1984) ("It is well established that mutual knowledge of all relevant facts is essential to proper litigation. To that end, the Federal Rules of Civil Procedure authorize either party to compel the other, with limited exceptions, to disgorge whatever relevant documents it has in its possession."). If the evidence sought is relevant, "[t]he party resisting discovery bears the burden of showing why a discovery request should be denied." *Buturla*, 2015 U.S. Dist. LEXIS 152664 at *4; *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 U.S. Dist. LEXIS 139983, at *12 (S.D.N.Y. Aug. 30, 2017) ("A two-step analytical framework governs a motion to compel discovery. First, the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant. Second, [o]nce relevance has been shown, it is up to the responding party to justify curtailing discovery.").

## **ARGUMENT**

### I.    **Plaintiffs' ASO Contracts Are Relevant to Whether They Have Authority to Pursue Claims on Behalf of Their ASO Customers**

Plaintiffs' claims for damages arise under various state antitrust and consumer protection laws — all of which require that Plaintiffs prove they suffered "actual" or "sustained" damages.[2] Here, however, BCBSLA and Humana suffered no *actual* damages for the purchases of Aggrenox made under ASO plans because they paid no money and reimbursed no one for these purchases. *See* Background, Part A.

Instead, BCBSLA and Humana claim that they have the "authority" to recover damages on behalf of their ASO customers.                    Ex. 29 (Letter, Elfand to St. Phillip, Elliot, and Meade, Feb. 15, 2018); Ex. 1 at 2 (ECF No. 759, Humana's Opp'n To Defs.' Mot. To Strike Humana's Jan. 16, 2018 Letter) (claiming that "Humana's ASO clients specifically contract to allow Humana to pursue recoveries on their behalf"). Because Plaintiffs' ASO customers, not Plaintiffs, purchased Aggrenox under any ASO plans and were not reimbursed by Plaintiffs, the ASO customers are in fact the real parties in interest for ASO claims. "Rule 17(a) states that 'every action shall be prosecuted in the name of the real party in interest.'" *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 380 F. Supp. 2d 243, 246 (S.D.N.Y. 2005). As it is Plaintiffs' burden to prove their damages, it is also their burden to

---

[2] *See, e.g.*, Ariz. Rev. Stat. § 44-1408 ("damages sustained"); Cal Bus. & Prof. Code § 16750(a) ("actual damages"); Fla. Stat. Ann. § 501.211(2) (same); Haw. Rev. Stat. § 480-13(a)(1) ("damages sustained"); Iowa Code § 553.12("actual damages"); Mich. Comp. Laws Ann. § 445.778(2) ("actual damages sustained"); Minn. Stat. § 325D.57 (same); Nev. Rev. Stat. § 59-821 ("actual damages"); N.H. Rev. Stat. Ann. § 356:11 ("actual damages sustained"); N.Y. Gen. Bus. Law §§ 340(5) ("sustain damages"); Or. Rev. Stat. § 646.780(1)(a) ("damages sustained"); N.D. Cent. Code § 51-08.1-08(2)(same); R.I. Gen. Laws § 6-36-11(a) (same); S.D. Codified Laws § 37-1-14.3 (same); W. Va. Code § 47-18-9 (same); Wis. Stat. § 133.18(1)(a) (same); *see also* D. C. Code Ann. § 28-4508(a) ("Any person who is injured in that person's business or property . . .may bring a civil action for damages."); 740 Ill. Comp. Stat. 10/7 (same).

demonstrate that they are the real parties in interest. *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 524 (D. Conn. 1991) ("Here, the burden was on Travelers to ensure that it initiated this action in the name of the proper plaintiff and the proper state of incorporation."); *OSRecovery*, 380 F. Supp. 2d at 246 ("The plaintiff bears the burden of 'showing that he has a substantive right to recover and thus is the real party in interest.'" (quoting 20 Charles A. Wright et al., Federal Practice & Procedure Deskbook § 75 (2002)).

Courts routinely compel production of contracts under which a plaintiff claims the authority to pursue claims on behalf of a third party. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 52–53 (E.D.N.Y. 2011) (compelling production of documents relating to assignment of claims); *see also Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-cv-01108-SEB-TAB, 2015 U.S. Dist. LEXIS 108901, at *35 (S.D. Ind. May 22, 2015) (documents concerning when a claim was assigned were relevant in the motion to compel context). BCBSLA and Humana's ASO contracts here are relevant and Plaintiffs should be compelled to produce them.

## II.  Defendants Will Be Prejudiced If They Are Unable to Review the ASO Contracts That Plaintiffs Have Identified as the Sole Authority Upon Which They Can Bring Claims on Behalf of ASO Customers

Defendants have repeatedly questioned whether Plaintiffs in fact have the authority they claim to have under the ASO contracts, and should not be required to blindly accept Plaintiffs' interpretation of the (unproduced) contracts. Defendants are entitled to examine the source of the purported authority under which Plaintiffs are pursuing their claims, and question witnesses about them.

Plaintiffs claim that they intend to satisfy their burden merely through live witnesses without producing the underlying contracts. *See* Ex. 29, (Letter, Elfand to St. Phillip, Elliot, and

Meade, Feb. 15, 2018) (memorializing Feb. 7 meet-and-confer call).  This approach is improper and prejudicial to Defendants in several ways:

*First*, generalizations and summaries of the contracts are insufficient.  Fed. R. Civ. P. 1002 ("An original writing . . . is required in order to prove its content . . . .").  If BCBSLA and Humana's witnesses will be summarizing the contents of the ASO contracts, Defendants are entitled to the documents themselves.  *See id.*; *see also Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 2017 U.S. Dist. LEXIS 189911, at *18–19 (N.D.N.Y. Nov. 16, 2017) (precluding evidence of prices from agreements where party did not produce the underlying agreements because "it would violate the best evidence rule to permit something other than the original documents to establish that information"); *Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship Skill Improv. & Safety Funds v. M.C. Landscape Group, Inc.*, 2015 U.S. Dist. LEXIS 177271, *62–70 (E.D.N.Y. Oct. 16, 2015), *R. & R. adopted by*, 2016 U.S. Dist. LEXIS 41138 (E.D.N.Y. Mar. 28, 2016) (holding declaration describing contents of books and records inadmissible because the books and records were not produced). Indeed, in BCBSLA's Rule 30(b)(6) deposition, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Defendants cannot effectively cross-examine the witness on contents of documents Defendants do not have.

*Second*, by using a witness to summarize the purported authority found in the ASO contracts, Defendants cannot ascertain the identity of each ASO customer and evaluate whether the transactional data produced by Plaintiffs is covered by these ASO contracts.

14

*Third*, Defendants have not had the opportunity to depose this anonymous witness, and Plaintiffs have not disclosed that person during discovery.  If this witness intends to testify at trial, Defendants are entitled to depose and examine him or her on the contracts.

*Fourth*, Defendants face a significant risk of duplicative liability here.  As explained in Defendants' motion to strike Humana counsel's letter challenging the proposed EPP class settlement, ECF No. 755-1 at 11–13, the risk of duplicative liability here is not hypothetical. Plaintiffs' ASO customers are in the proposed EPP settlement class.  The state laws under which Plaintiffs have pursued their claims require the Court to take all steps to avoid such duplicative recovery.[3]

## CONCLUSION

For the foregoing reasons Defendants request that the Court compel BCBSLA and Humana to produce all contracts with ASO customers purportedly authorizing Plaintiffs to seek damages based on their customers' purchases of Aggrenox.[4]

---

[3] *See, e.g.*, 740 Ill. Comp. Stat. Ann. 10/7 ("[T]he court shall take all steps necessary to avoid duplicate liability."); Minn. Stat. Ann. § 325D.57 (same); Neb. Rev. Stat. § 59-821.01(2) (2017) ("The court . . . [should] avoid multiplicity of suits and duplication of recovery of damages . . . ."); D.C. Code Ann. § 28-4509(c) ("In any case in which claims are asserted by both direct purchasers and indirect purchasers, the court may transfer and consolidate cases, apportion damages and delay disbursement of damages to avoid multiplicity of suits and duplication of recovery of damages, and to obtain substantial fairness."); Haw. Rev. Stat. Ann. § 480-13(c)(5) (same); N.M. Stat. Ann. § 57-1-3(C) (permitting defendants to rely on pass-on evidence to "avoid duplicative liability"); 6 R.I. Gen. Laws § 6-36-7(d) (excluding "[duplicate] amounts" from any monetary relief); S.D. Codified Laws § 37-1-33 ("[T]he court may take any steps necessary to avoid duplicative recovery against a defendant."); Utah Code Ann. § 76-10-3109(6) (allowing a pass-on defense to "avoid duplication of recovery of damages").

[4] Defendants reserve all rights to file for partial summary judgment dismissing Plaintiffs' claims based on ASO purchasers, including but not limited to the grounds that Plaintiffs lack sufficient evidence of authority to bring these claims and that they are barred by res judicata if ASO customers do not opt out of the EPP settlement class.

Dated:  March 7, 2018                    Respectfully submitted,

                                         */s/  Peter J. Carney*
                                         J. Mark Gidley (ct 22743)
                                         Peter J. Carney (ct 24721)
                                         Matthew S. Leddicotte (pro hac vice)
                                         Kathryn J. Mims
                                         WHITE & CASE LLP
                                         701 Thirteenth Street, NW
                                         Washington, DC  20005
                                         Telephone:  (202) 626-3600
                                         Facsimile:  (202) 639-9355
                                         mgidley@whitecase.com
                                         pcarney@whitecase.com
                                         mleddicotte@whitecase.com
                                         kmims@whitecase.com

                                         Jack E. Pace III (pro hac vice)
                                         Ross E. Elfand (phv 08491)
                                         WHITE & CASE LLP
                                         1221 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone: (212) 819-8200
                                         Facsimile: (212) 354-8113
                                         jpace@whitecase.com
                                         relfand@whitecase.com

                                         Richard P. Colbert (ct 08721)
                                         DAY PITNEY LLP
                                         One Canterbury Green
                                         201 Broad Street
                                         Stamford, CT 06901
                                         Telephone: (203) 977-7300
                                         Facsimile: (203) 977-7301
                                         rpcolbert@daypitney.com

                                         *Counsel for Defendants Boehringer*
                                         *Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim*
                                         *International GmbH, and Boehringer Ingelheim Pharma*
                                         *GmbH & Co. KG*

                                         Christopher T. Holding (ct 29474)
                                         Robert D. Carroll
                                         Sarah Frederick (pro hac vice)
                                         GOODWIN PROCTER LLP
                                         Exchange Place

100 Northern Ave.
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
cholding@goodwinlaw.com
rcarroll@goodwinlaw.com
sfrederick@goodwinlaw.com

James T. Shearin (ct 01326)
PULLMAN & COMLEY, LLC
850 Main Street, PO Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
jtshearin@pullcom.com

*Counsel for Defendants Teva Pharmaceuticals USA, Inc.,
Barr Pharmaceuticals Inc. (n/k/a Barr Pharmaceuticals,
LLC), Duramed Pharmaceuticals Inc. (n/k/a Teva Women's
Health Inc.), and Duramed Pharmaceuticals Sales Corp.
(n/k/a Teva Sales and Marketing, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2018, a redacted copy of the foregoing Memorandum of Law In Support Of Defendants' Motion To Compel Plaintiffs to Produce Their Contracts With ASO Customers was filed electronically and an unreacted version was emailed to counsel of record for the parties.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access a redacted version of this filing through the Court's CM/ECF System.

Date:   March 7, 2018                    By:      */s/  Peter J. Carney*
                                                 WHITE & CASE LLP
                                                 701 Thirteenth Street, NW
                                                 Washington, DC  20005
                                                 Telephone:  (202) 626-3600
                                                 Facsimile:  (202) 639-9355
                                                 pcarney@whitecase.com