**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: AGGRENOX ANTITRUST LITIGATION )<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*Louisiana Health* (3:15-cv-964-SRU) )<br>) | C.A. No. 3:14-MD-2516 (SRU)<br><br>HIGHLY CONFIDENTIAL<br>FILED UNDER SEAL |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO COMPEL PLAINTIFFS TO
<u>PRODUCE THEIR CONTRACTS WITH ASO CUSTOMERS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND: UPDATE SINCE FILING MOTION ............................................................. 2

ARGUMENT ................................................................................................................................... 4

    I.  BCBSLA Concedes that It Is Pursuing ASO Claims Based Only on a Purported Agency Theory, and Does Not Dispute That Discovery Regarding Its Agency Authority Is Relevant .................................................................................................................... 4

    II. The ASO Contracts that BCBSLA Has Produced Are Incomplete, and BCBSLA Refuses to Confirm Whether It Intends to Rely on Any Other Contracts ....................... 5

    III. BCBSLA Refuses to Identify the Relevant Provisions in the ASO Contracts, or Any Other Facts and Evidence, Upon Which It Intends to Rely in Support of Its Purported Agency Authority ...................................................................................................... 6

CONCLUSION ................................................................................................................................ 8

**INTRODUCTION**

BCBSLA's two recent productions of ASO contracts do not resolve Defendants' Motion to Compel. The point of the motion is to obtain discovery on the factual bases for BCBSLA's disputed assertion that it has authority to pursue claims on behalf of its ASO customers. BCBSLA's production does not provide that discovery, for several reasons. First, the produced documents (a few of which are not even signed) do not cover all of the ASO-related transactions upon which BCBSLA seeks damages, and therefore it is incomplete. Second, and more troubling, the produced documents are largely non-responsive. BCBSLA has represented to Defendants, prior to the filing of this motion, that it has "agency" authority to pursue ASO claims and that this authority arises from language in its ASO contracts. But the agreements produced do not provide BCBSLA with its alleged authority to pursue claims on behalf of its ASO customers.

Now, BCBSLA has stated that it has authority "without reliance on the ASO contracts." Ex. A [1] (Letter, Meade to Mims, Apr. 6, 2018). Despite its inconsistent and shifting positions, BCBSLA has refused to provide any further information about the facts or evidence it intends to rely on to support its purported authority. BCBSLA will not even identify the provisions in the produced documents that it relies on.

This issue has arisen late in the case because of BCBSLA's own actions. BCBSLA did not mention ASO claims in the complaint. As the Court knows all too well, BCBSLA repeatedly missed discovery deadlines throughout 2017. Since Defendants first became aware during BCBSLA's 30(b)(6) deposition on December 8, 2017 that BCBSLA intends to bring claims on behalf of its ASO customers, (*see* Defs.' Mot. Compel Ex. 2 (BCBSLA Tr. 93:13–17), ECF No.

---

[1] All exhibits are appended to the Declaration of Ross E. Elfand submitted herewith.

1

769-4), Defendants have diligently tried to understand the basis for this purported authority, but BCBSLA refuses to provide discovery that would support its position. Defendants have been unable to uncover any basis for BCBSLA's purported authority to pursue ASO claims, and BCBSLA did not clarify its position in its opposition brief.

This shell game needs to stop. Accordingly, Defendants request that the Court compel BCBSLA, by May 1, 2018, or a date certain that the Court views is appropriate, to (1) produce final, signed versions of all ASO contracts associated with the ASO claims in BCBSLA's transactional data, and (2) either identify all facts and evidence that BCBSLA intends to rely on to support its purported agency authority to pursue antitrust claims on behalf of ASO customers, including the specific provisions of the ASO contracts purportedly providing this authority, or in the alternative, respond to the Interrogatories on these issues attached as Appendix A. Given recent events and BCBSLA's partial production of some of its ASO contracts since Defendants filed their Motion, Defendants attach as Appendix B a revised proposed order granting Defendants' motion.

## BACKGROUND: UPDATE SINCE FILING MOTION

**BCBSLA Produced Some ASO Contracts After Defendants Filed This Motion.** On March 26, 2018, BCBSLA produced 120 ASO contracts to Defendants.[2] On March 27,

---

[2] The production failed to comply with the ESI protocol and instead consisted of one, large bookmarked PDF. In its proposed April 6 Sur-Reply to Defendants' separate motion for sanctions (ECF No. 781), BCBSLA asserts that the ESI protocol is a formality and that Defendants' ability to review the ASO contracts proves that BCBSLA's non-compliance is harmless. This is not true. There are hundreds of thousands of documents and millions of pages produced in this MDL, and the ESI Protocol was designed to ensure that all parties produce documents in a certain format with accompanying metadata that allows the parties to organize, review, and tag them with issue coding, so that they can be found and used later in the litigation. BCBSLA never objected to the ESI protocol or sought modification, and Defendants relied on the ESI Protocol when developing a system for managing the complex information in this case. Moreover, Defendants' motion for sanctions, and this motion, are about much more than

BCBSLA produced a "look up" spreadsheet that cross references the produced ASO contracts with the purchases of Aggrenox in BCBSLA's transactional data that are purportedly covered by the contracts.  On March 28, BCBSLA attempted to produce a second set of ASO contracts (after representing to Defendants that the first production on March 26 was complete) immediately before filing its opposition.  *See* Ex. B (Email, Meade to Mims, Mar. 28, 2018, attaching production cover letter); BCBSLA's Opp'n Defs.' Mot. Compel, ECF No. 777 ("Opp'n").  In fact, BCBSLA failed to actually upload this second set of ASO contracts, and it did not become available to Defendants until a day later, on March 29.  *See* Ex. C (Email chain between Meade and Mims, ending Mar. 29, 2018).

**BCBSLA's Opposition Mischaracterizes Defendants' Position.**  BCBSLA incorrectly states in its opposition that Defendants categorically refused to withdraw their Motion.  Opp'n 3.  BCBSLA first asked Defendants to withdraw the motion on March 27, and Defendants responded the same day (one day before BCBSLA filed its opposition) that Defendants were reviewing the contracts, which were produced a day earlier, "as fast as [they] can."  *See* Ex. D (Email, Mims to Meade, Mar. 27, 2018).

**None of the Produced ASO Contracts Contain Any Provisions Authorizing BCBSLA to Pursue ASO Claims.**  Defendants could not find any terms in any of the produced ASO contracts that provide BCBSLA with authority to pursue any ASO claims.  *See, e.g.*, Exs. E–G (sample ASO contracts produced by BCBSLA).  Accordingly, in an April 3, 2018 letter, Defendants requested that BCBSLA identify the provisions in the contracts purportedly

---

BCBSLA's non-compliance with the ESI protocol, although BCBSLA's repeated violations of that order continue to prejudice Defendants.  For example, Defendants were unable to upload the ASO contracts to their document review platform in time for contract attorneys to review the documents before this Reply was due.

authorizing them to pursue ASO claims. Ex. H. BCBSLA refused to provide this information. Ex. A (Letter, Meade to Mims, Apr. 6, 2018).

**BCBSLA Rejected Defendants' Proposal to Resolve the Motion.** In their April 3 letter, after quickly reviewing the contracts in under a week, Defendants offered to withdraw this Motion if BCBSLA would provide an interrogatory response confirming that all ASO contracts have been produced and identifying all facts and evidence on which BCBSLA intends to rely in support of its purported authority to pursue ASO claims. Ex. H. BCBSLA agreed to "fill in the gaps" for the missing ASO contracts, but did not provide an estimate as to when it would do so. Ex. A (Letter, Meade to Mims, Apr. 6, 2018). BCBSLA refused to respond to any interrogatories or provide any further information regarding the basis for its purported agency authority. *Id.*

## ARGUMENT

**I.    BCBSLA Concedes that It Is Pursuing ASO Claims Based Only on a Purported Agency Theory, and Does Not Dispute That Discovery Regarding Its Agency Authority Is Relevant**

BCBSLA concedes in its opposition that it did not suffer damages for alleged "overcharges" incurred by its ASO customers and instead seeks to recover damages for ASO claims as an "agent" with "authority" to recover on behalf of ASO customers. Opp'n 2. And BCBSLA does not dispute that Defendants are entitled to discovery regarding this purported agency authority. BCBSLA merely reserves the right to object to the relevance of the ASO contracts it produced, but fails to explain why they would be irrelevant. *Id.* BCBSLA's only apparent argument that the ASO contracts are irrelevant is that no other plaintiff in the MDL produced them. *Id.* But BCBSLA and Humana are the only named plaintiffs in the MDL who are insurers with ASO customers, and thus the other plaintiffs have no ASO customers and no ASO contracts to produce. Defendants also filed this Motion against Humana and would have

4

continued to seek ASO contracts from Humana had they not recently reached a settlement in principle.

BCBSLA only recently revealed at its 30(b)(6) deposition in December 2017 that it is pursuing ASO claims, (*see* Defs.' Mot. Compel Ex. 2 (BCBSLA Tr. 93:13–17), ECF No. 769-4), and mentioned its agency theory for the first time in its April 6 letter to Defendants, (Ex. A), but the factual and legal basis for its agency authority remains a mystery to Defendants, even after reviewing BCBSLA's production of ASO contracts.  Although BCBSLA has refused to provide any information that would clarify its position, it is undisputed that discovery relating to its purported agency theory is relevant.

## II.     The ASO Contracts that BCBSLA Has Produced Are Incomplete, and BCBSLA Refuses to Confirm Whether It Intends to Rely on Any Other Contracts

The ASO contracts that BCBSLA has produced fail to satisfy Defendants' Motion in several respects:

- BCBSLA produced a spreadsheet purportedly identifying the contracts covering each ASO claim in its transactional data, but some transactions appear to fall outside of the effective date ranges for the contracts purportedly covering those transactions.

- BCBSLA represented several times to Defendants in emails and also in its Opposition that it produced 121 contracts in its first production and 13 contracts in its second production, but these productions in fact included only 120 and 11 contracts, respectively.

- Several produced contracts are not signed and thus do not appear to be final versions.

Defendants asked BCBSLA to produce the missing contracts, or confirm that BCBSLA has produced all ASO contracts on which they intend to rely.  *See* Ex. H (Email, Mims to Meade, Apr. 3, 2018).  BCBSLA responded on April 6 that it is merely "amenable" to replacing the three unsigned ASO contracts and "upon verification" would "fill the gaps," but did not commit to a date certain by which it would do so and refused to confirm whether it intends to rely on any

5

other contracts. Ex. A (Letter, Meade to Mims, Apr. 6, 2018). Defendants request an order compelling BCBSLA by May 1, or a date certain that the Court finds appropriate, to produce all final, signed versions of all ASO contracts associated with the ASO claims in BCBSLA's transactional data.

**III.    BCBSLA Refuses to Identify the Relevant Provisions in the ASO Contracts, or Any Other Facts and Evidence, Upon Which It Intends to Rely in Support of Its Purported Agency Authority**

Defendants have repeatedly informed BCBSLA, including in their opening Motion, of their position that BCBSLA failed to adequately plead its ASO claims in its complaint (*see, e.g.*, Defs.' Mem. Supp. Mot. Compel 5–6, ECF No. 770), BCBSLA lacks the authority to bring claims on behalf of BCBSLA's ASO customers (*see, e.g.*, Defs.' Mot. Compel Ex. 25 (Letter, Mims to Meade, Jan. 11, 2018), ECF No. 769-27), and Defendants intend to challenge its purported authority (*see, e.g.*, *id.*). Yet, BCBSLA mischaracterizes Defendants' position: "Defendants take the position that BCBSLA's *conceded* agency authority is somehow insufficient to permit it to seek recovery on behalf of its ASO clients[.]" Opp'n 2 (emphasis added). Defendants have not "conceded" that BCBSLA has agency authority – this is *precisely* what is disputed and why Defendants are seeking discovery regarding the facts and evidence that BCBSLA claims is the basis for its purported authority.

The produced ASO contracts do not shed any light on BCBSLA's purported agency authority. Setting aside that the produced contracts do not appear to cover all ASO transactions, no produced contract contains any provision that grants BCBSLA the "authority" it claims to have. *See, e.g.*, Exs. E–G (sample ASO contracts produced by BCBSLA). Accordingly, Defendants asked BCBSLA whether it will respond to an interrogatory identifying what provisions it relies on, but BCBSLA has refused to provide even this basic information. *See* Ex. H (Letter, Mims to Meade, Apr. 3, 2018); Ex. A (Letter, Meade to Mims, Apr. 6, 2018).

6

BCBSLA's descriptions of its purported agency theory have been contradictory and ambiguous. In its April 6 letter, BCBSLA stated that its "status as agent on behalf of all its customers is already clear, prior to and without reliance on the ASO contracts themselves." Ex. A. This is contrary to BCBSLA's position in an earlier discussion in which it represented that the ASO contracts were the basis for its alleged authority, (*see* Defs.' Mot. Compel Ex. 29 (Letter, Elfand to St. Phillip, Elliot, and Meade, Feb. 15, 2018), ECF No. 769-31 at 3), and is contradicted by the very next sentence of the April 6 letter in which BCBSLA states that "[t]he language in [the contracts] is itself also quite clear regarding BCBSLA's authority to pursue these claims." Ex. A (Letter, Meade to Mims, Apr. 6, 2018). This contradiction and the ambiguity underlying BCBSLA's position demonstrate why Court involvement is necessary.

BCBSLA also stated in its April 6 letter that it is refusing to provide any further discovery regarding its agency theory because fact discovery has closed. *Id.* As explained in more detail in Defendants' opening brief (ECF No. 770 at 5–8) and its separate motion for sanctions (ECF No. 760), Defendants did not learn that BCBSLA is pursuing ASO claims until its 30(b)(6) deposition in December 2017, and Defendants are only just now addressing this issue with BCBSLA due to repeated delays and obstruction by BCBSLA. Indeed, the Court specifically allowed Defendants to continue pursuing fact discovery from BCBSLA after the fact discovery deadline due to BCBSLA's late production of documents and ongoing discovery deficiencies when fact discovery closed. Ex. I (Excerpt, Oct. 12, 2017 Hrg. Tr. 19:5–14).

The fact that BCBSLA produced ASO contracts only after Defendants filed this motion is further evidence of BCBSLA's obstructionist tactics. BCBSLA has repeatedly set up road blocks for Defendants to obtain basic discovery, and then agrees to produce basic discovery only after Defendants file a motion or raise the issue with the Court. The requested discovery here is

not insignificant or ancillary to BCBSLA's case. It is central to BCBSLA's damages claims. Indeed, Defendants' preliminary estimates are that ASO claims make up at least ▮ of the claims in BCBSLA's transactional data.

In short, BCBSLA has failed to present any argument that discovery regarding its purported agency theory is irrelevant or burdensome, and Defendants have been diligent and timely in pursuing this discovery since these ASO claims became known to them in December 2017. Therefore, BCBSLA should be compelled to identify all facts and evidence that it intends to rely on to support its agency theory.

## **CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant Defendants' Motion and issue the amended proposed order attached as Appendix B.

Dated: April 11, 2018            Respectfully submitted,

*/s/ Ross E. Elfand*
J. Mark Gidley (ct 22743)
Peter J. Carney (ct 24721)
Matthew S. Leddicotte (pro hac vice)
Kathryn J. Mims
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com
mleddicotte@whitecase.com
kmims@whitecase.com

Jack E. Pace III (pro hac vice)
Ross E. Elfand (phv 08491)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

jpace@whitecase.com
relfand@whitecase.com

Richard P. Colbert (ct 08721)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
rpcolbert@daypitney.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG*

Christopher T. Holding (ct 29474)
Robert D. Carroll
Sarah Frederick (pro hac vice)
GOODWIN PROCTER LLP
Exchange Place
100 Northern Ave.
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
cholding@goodwinlaw.com
rcarroll@goodwinlaw.com
sfrederick@goodwinlaw.com

James T. Shearin (ct 01326)
PULLMAN & COMLEY, LLC
850 Main Street, PO Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
jtshearin@pullcom.com

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals Inc. (n/k/a Barr Pharmaceuticals, LLC), Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceuticals Sales Corp. (n/k/a Teva Sales and Marketing, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 11, 2018, a redacted copy of the foregoing Reply In Support Of Defendants' Motion to Compel Plaintiffs to Produce Their Contracts With ASO Customers was filed electronically and an unreacted version was emailed to counsel of record for the parties.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access a redacted version of this filing through the Court's CM/ECF System.

Date: April 11, 2018    By: */s/  Ross E. Elfand*
                WHITE & CASE LLP
                1221 Avenue of the Americas
                New York, New York 10020
                Telephone: (212) 819-8695
                Facsimile: (212) 354-8113
                relfand@whitecase.com