**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: AGGRENOX ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Indirect Purchaser Actions* | C.A. No. 3:14-MD-2516 (SRU) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO ENFORCE FINAL JUDGMENT AND ORDER AND FOR A PERMANENT INJUNCTION AGAINST THE ORANGE COUNTY DISTRICT ATTORNEY'S RESTITUTION CLAIMS PENDING IN CALIFORNIA STATE COURT**

# TABLE OF CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 2

JURISDICTION .......... 5

ARGUMENT .......... 6

I. An Injunction Against the OCDA's Restitution Claims In California State Court Is Necessary to Protect and Effectuate This Court's Final Judgment Order .......... 7

II. An Injunction Is Necessary in Aid of This Court's Jurisdiction .......... 12

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbott Labs. v. The Superior Court of Orange County / The People of the State of California*, 24 Cal. App. 5th 1 (Cal. App. 2018) ....................9

*Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1987) ....................9, 11, 13

*California v. IntelliGender*, 771 F.3d 1169 (9th Cir. 2014) .................... passim

*Carlough v. Amchem Prods.*, 10 F.3d 189 (3d Cir. 1993)....................12, 13, 14

*Corporacion Mexicana De Mantenimiento Integral, S. de R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92 (2d Cir. 2016)....................5

*Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972)....................6

*In re "Agent Orange" Prod Liab. Litig.*, 818 F. 2d 145 (2d Cir. 1986)....................5

*In re Am. Inv. Life Insurance Co. Annuity Marketing and Sales Practices Litigation*, No. 05-MD-1712, 2013 U.S. Dist. LEXIS 96449 (E.D. Pa. July 10, 2013)....................2, 8, 10, 11

*In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985)....................2, 6, 10, 12

*In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332 (5th Cir. 1981) *cert. denied*, 456 U.S. 936 (1982)....................13

*In re Mexico Money Transf. Litig.*, No. 98 C 2407, 1999 U.S. Dist. LEXIS 17268 (N.D. Ill. 1999)....................13

*In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218 (4th Cir. 2017) ....................9

*In re Nat'l Life Ins. Co.*, 247 F. Supp. 2d 486 (D. Vt. 2002)....................9

*In re Painewebber Ltd. P'ships Litig.*, No. 94-Civ. 854, 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996)....................13

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
261 F.3d 355 (3d Cir. 2001)....................................................................................9

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
314 F.3d 99 (3d Cir. 2002)....................................................................................11

*Indymac Mortg. Holdings, Inc. v. Reyad*,
167 F. Supp. 2d 222 (D. Conn. 2001)....................................................................6

*Johnson v. Am. Airlines, Inc.*,
157 Cal. App. 3d 427 (Cal. Ct. App. 1984) ...........................................................7

*Juris v. Inamed Corp.*,
685 F.3d 1294 (11th Cir. 2012) ...........................................................9, 12, 13

*McCormick v. Am. Equity Inv. Life Ins. Co.*,
No. 2:05-cv-06735-CAS, 2016 U.S. Dist. LEXIS 26272
(C.D. Cal. Feb. 29, 2016)....................................................................................9

*People v. Boehringer Ingelheim Pharms., Inc.*,
Case No. 30-2017-00914577 (Cal. Super. Ct. Apr. 11, 2017)...............................8

*Wafios Mach. Corp. v. Nucoil Indus. Co.*,
Case No. 03 Civ. 9865, 2004 U.S. Dist. LEXIS 13674 (S.D.N.Y. July 21,
2004) .....................................................................................................................6

**STATUTES AND RULES**

28 U.S.C. § 1332(d) .............................................................................................2, 5

28 U.S.C. § 1651.......................................................................................................7

28 U.S.C. § 2283.......................................................................................................7

**MISCELLANEOUS**

17A Wright & Miller, Federal Practice & Procedure Jurisdiction § 4226 (3d ed.
2010) .....................................................................................................................5

# INTRODUCTION

The Orange County District Attorney ("OCDA") is attempting to collaterally attack this Court's Final Judgment and Order granting final approval of the EPP Class Settlement by continuing to pursue in California state court its claims for restitution on behalf of California class members. This Court rejected the OCDA's argument that he had opted California residents out of the EPP settlement class merely by filing his own copycat action in state court, and explicitly ruled that California purchasers of Aggrenox are in the class and their claims against Defendants are released. ECF No. 821, Order Granting Final Judgment and Order of Dismissal Approving Indirect Purchaser Class Settlement and Dismissing Indirect Purchaser Class Claims Against Boehringer and Teva, at ¶ 2 ("Final Judgment and Order") (class definition includes California purchasers); ECF No. 823 (July 19, 2018 Tr. 25:16-18) ("Fairness Hearing Tr.") (overruling the OCDA's objection). Despite the Court's Final Judgment and Order, the OCDA continues to pursue restitution claims in state court on behalf of California class members that are duplicative of claims released in the EPP settlement. The OCDA has stated that he intends to attack, in California state court, this Court's authority to have entered its Final Order, based on the same arguments that this Court already considered and overruled. Fairness Hearing Tr. 14:10-17, 25:16-18. And since the Court's Final Judgment and Order, the OCDA has refused to dismiss its claims for restitution, even as the parties were required to meet and confer to provide a joint status report to the state court.

The released restitution claims pending in the OCDA's state court action are unquestionably barred by *res judicata*. Because this Court has retained exclusive jurisdiction to enforce the EPP Settlement, (ECF No. 821 at ¶19), it should enter an order to enjoin those restitution claims. Courts have routinely ordered an injunction in similar circumstances. *See*

*California v. IntelliGender*, 771 F.3d 1169, 1176 (9th Cir. 2014) (enjoining California local district attorney's claims for restitution because restitution claims were released by federal class action settlement); *In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985) (enjoining multiple state attorneys general from pursuing claims in state court to allow federal class action on verge of settlement to proceed to final approval); *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, No. 05-MD-1712, 2013 U.S. Dist. LEXIS 96449, at *24, *26–27 (E.D. Pa. July 10, 2013) (enjoining Pennsylvania Attorney General's restitution claims in state court after class action settlement, even though the Attorney General's claims were filed contemporaneously with the class action claims).

Therefore, Defendants request that this Court enter an Order enforcing the EPP settlement by enjoining the OCDA from pursuing claims that have already been released by the California class members.

## BACKGROUND

**The EPP Class Settlement.** After almost four years of litigation, well over a million pages of document discovery exchanged, dozens of depositions, and intense, arms-length negotiations, on December 22, 2017, EPPs and Defendants reached a settlement agreement in this complex, multi-district litigation under which Defendants paid over $50 million to the class members. *See* ECF No. 821 ¶ 8 (approving settlement amount of $50,229,193 which represents the settlement of $54 million less the agreed-upon drawdown). This Court preliminarily approved the settlement on March 6, 2018, (ECF No. 766), and subsequently, notice was sent to all putative class members, explaining the settlement and each class member's opt out and objection rights. No California resident objected or opted out. Notice also went to the California Attorney General pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

The California Attorney General did not object or attempt to opt out any class members and did not appear at the fairness hearing.

**The OCDA's Objection.** The sole objection to the EPP settlement was asserted by the OCDA.[1] ECF No. 794 (Objection, Notice of Intention to Appear and Summary Statement by the People of the State of California). Citing no authority, the OCDA argued that his later-filed state court action which sought, among other things, restitution on behalf of California residents, had the effect of opting out California residents from the EPP settlement class and / or that by virtue of the OCDA's action, EPP class representatives lacked authority to include California residents in the settlement class. *Id.* at *passim*; *see also* ECF No. 810 (The People of California's Opposition to End-Payor Plaintiffs' Motion for an Order to Reject Certain Opt Out Requests). Thus, the basis of the OCDA's objection was effectively that the EPP settlement—if approved with California residents remaining in the class—would have *res judicata* effect on the OCDA's restitution claims, and the OCDA believed that such a bar on the his claims was impermissible.

**The Court's July 19, 2018 Fairness Hearing.** On July 19, 2018, the Court held a hearing to consider the fairness of the EPP settlement and heard oral argument on the OCDA's objection. Notably, however, in colloquy with the Court, the OCDA revealed that if his objection was overruled, he did not intend to be bound by this Court's ruling; instead, he stated, he intended to challenge, in California state court, this Court's authority to have made its ruling. Fairness Hearing Tr. 14:3-19 ("if we lose here and we lose an appeal, we'll essentially be back in the same place where what will happen in California . . . we will be consenting to the jurisdiction of the state court and . . . [we will be] saying that [this ruling] was a mistake that the federal courts made, and it's unenforceable here in California . . . ."). Nonetheless, the Court stated that

[1] Opt-out Plaintiff Blue Cross and Blue Shield of Louisiana also initially filed an objection but later withdrew it. ECF No. 797.

the EPP settlement would "bind" the absent class members' restitution claims (Fairness Hearing Tr. at 24:13-21) and overruled the OCDA's objection (*id.* at 25:16-18).

**The Court Enters the Final Judgment and Order Releasing All Claims.** Later the same day, the Court entered its Final Judgment and Order, granting final approval of the EPP settlement, releasing and dismissing EPPs' claims against Defendants. ECF No. 821, at ¶ 2 (class definition explicitly includes California residents); *id.* at ¶ 11 (California residents not listed among opt outs); *id.* at ¶ 12 (class members "shall unconditionally, fully and finally release and forever discharge Defendants . . . from any and all manner of claims . . . that Plaintiffs or any member or members of the Indirect Purchaser Class . . . ever had, now has, or hereafter can, shall or may have . . . arising out of or relating in any way to any claim under federal or state laws that was alleged or could have been alleged in the Indirect Purchaser Class Action . . . ."). The Court also found that the settlement is fair, reasonable, and adequate, and that class members—including California residents—were adequately represented. ECF No. 821, at ¶¶ 5-8. And the Court retained "exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein . . . and over this Final Order and Judgment." ECF No. 821, at ¶ 19.

**The OCDA Intends to Continue to Pursue His Restitution Claims.** After the Court entered its Final Judgment and Order, Defendants asked the OCDA to let Defendants know by July 24 if he would voluntarily dismiss the duplicative and released restitution claims pending in state court. Ex. 1.[2] The OCDA did not reply. In a status report submitted to the California state court, the OCDA stated that he intends to appeal this Court's Final Judgment and Order. Ex. 2.

[2] All exhibits are attached to the Declaration of Ross E. Elfand, submitted herewith.

Because the OCDA is attempting to collaterally attack this Court's Order in California state court by continuing to pursue the released claims for restitution on behalf of California residents—unquestionably exposing Defendants to liability for duplicative recovery to California purchasers—Defendants request that this Court enjoin the OCDA from pursuing the released restitution claims.

**JURISDICTION**

This Court has jurisdiction to enter the requested injunction. This Court has subject matter jurisdiction by virtue of the Final Judgment and Order itself, and CAFA, 28 U.S.C.§ 1332(d). ECF No. 821 at ¶19 (retaining exclusive jurisdiction over the EPP settlement and its "administration and consummation"); *see also* 17A Wright & Miller, Federal Practice & Procedure Jurisdiction § 4226 (3d ed. 2010) ("No independent basis of jurisdiction is required for a federal court to entertain an application to enjoin relitigation in state court" because "the jurisdiction that the federal court had when it entered its original judgment is enough to support its issuance of an injunction.").

This Court also has personal jurisdiction over the OCDA, on two distinct grounds. *First*, the Class Action Fairness Act affords this Court nationwide personal jurisdiction. *See e.g*, *In re "Agent Orange" Prod Liab. Litig.*, 818 F. 2d 145, 163 (2d Cir. 1986) (explaining that Congress has provided courts presiding over an MDL with nationwide personal jurisdiction, and that such jurisdiction is consistent with due process regardless of whether a litigant has minimum contacts with the forum state).

*Second*, this Court also has personal jurisdiction over the OCDA by virtue of the OCDA's objection to the EPP class settlement. It is axiomatic that a party waives an objection to personal jurisdiction when it seeks affirmative relief from a court. *See, e.g.*, *Corporacion*

*Mexicana De Mantenimiento Integral, S. de R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 101 (2d Cir. 2016) ("[B]ecause PEP affirmatively and successfully sought relief from this Court . . . it forfeited its argument that personal jurisdiction is lacking."); *Indymac Mortg. Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 234 (D. Conn. 2001) (party "waived any jurisdictional defenses" by seeking "affirmative relief"). For instance, in *Baldwin*, the Second Circuit exercised personal jurisdiction over state attorneys general outside the circuit in similar circumstances when it affirmed an injunction against the attorneys general of multiple states, including ones outside New York and the Second Circuit. *See Baldwin*, 770 F.2d at 331-33. Although the OCDA named his first appearance (its Objection, ECF No. 794) a "special appearance," the OCDA did not object to personal jurisdiction in that appearance but instead sought substantive action from this Court when it requested that the Court reject approval of the EPP settlement. *See, e.g.*, *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (recognizing that special appearances have "vanished"); *Wafios Mach. Corp. v. Nucoil Indus. Co.*, Case No. 03 Civ. 9865 (RWS), 2004 U.S. Dist. LEXIS 13674, at *5 (S.D.N.Y. July 21, 2004) ("The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by 'special appearance.'") (citation omitted). The OCDA's subsequent assertion at the fairness hearing that he was "not consenting to personal jurisdiction," (Fairness Hearing Tr. 5:20-21), was thus ineffective, both because it came too late and because the OCDA made the strategic decision to appear and seek affirmative relief from the Court.

## **ARGUMENT**

Though federal courts generally do not interfere with state court actions, the Anti-Injunction Act provides two exceptions to that rule and empowers federal courts to enjoin

proceedings in a State court (1) "where necessary in aid of its jurisdiction," or (2) "to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also* All Writs Act, 28 U.S.C. § 1651 ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."). An injunction against the OCDA's restitution claims purportedly on behalf of California residents is appropriate under both exceptions.

## I. An Injunction Against the OCDA's Restitution Claims in California State Court Is Necessary to Protect and Effectuate This Court's Final Judgment Order

This Court has authority to enforce its judgments. Known as the "relitigation exception" to the general premise that federal courts should not interfere with state court actions, the Anti-Injunction Act "empowers a district court to issue injunctions to enforce judgments and to reinforce the effects of the doctrines of res judicata and collateral estoppel." *IntelliGender*, 771 F.3d at 1176. This Court has authority under the relitigation exception to enforce its judgment in the EPP class action against the released restitution claims pending in the OCDA's action in state court.

*First*, the elements of *res judicata* are satisfied here. *Res judicata* bars a parallel state litigation where the federal court suit: (1) "reached a final judgment;" (2) "involved the same cause of action or claim;" and (3) involved "identical parties or privies." *Id.*; *see also Johnson v. Am. Airlines, Inc.*, 203 Cal. Rptr. 638, 640 (Cal. Ct. App. 1984) ("Under both California and federal law, res judicata bars a subsequent suit if the same cause of action has been adjudicated in a suit between the same parties.") (internal citation omitted). There is no dispute that the Court's Final Judgment and Order was a final judgment that merits *res judicata* treatment. *See* ECF No. 821; *IntelliGender*, 771 F.3d at 1176 (finding that the finalized class action settlement was a "final judgment" satisfying the first *res judicata* element). Nor is there any dispute that the OCDA's California state claims for restitution on behalf of California residents stem from the

same operative facts and embody identical allegations as those settled by the EPP class. *Compare* ECF No. 120 (Corrected End-Payor Consolidated Class Action Complaint, dated June 27, 2014) *with* Compl., *People v. Boehringer Ingelheim Pharms., Inc.*, Case No. 30-2017-00914577 (Cal. Super. Ct. Apr. 11, 2017), Dkt. No. 2. In fact, 100 of 151 paragraphs of the DA's Complaint are taken verbatim from the EPPs' Complaint. *Id.*, *passim*.

The third element—privity—is also easily met. The Ninth Circuit in *IntelliGender* found sufficient privity in virtually identical circumstances because the state sought restitution on behalf of individual citizens who were included in the class settlement and "[w]hen a government entity sues for the same relief that 'plaintiff [has] already *pursued* then the requisite closeness of interest for privity is present.'" *IntelliGender*, 771 F.3d at 1179 (citation omitted; emphasis original). As in *IntelliGender*, the California purchasers of Aggrenox on whose behalf the OCDA seeks restitution are class members, and thus they are in privity with the OCDA. *Id.* (holding that "the State's action, insofar as it seeks restitution for individual members of the . . . settlement class, may be enjoined under its continuing jurisdiction to enforce and administer the . . . class action settlement").

Because the elements of *res judicata* are satisfied, this Court should enjoin the OCDA from pursuing its claims for restitution, just as federal courts across the country routinely enjoin state actions overlapping with federal class action settlements in similar circumstances. *See, e.g.*, *IntelliGender*, 771 F.3d at 1180 (enjoining later-filed state court action in conflict with federal class action settlement, stating: "It is axiomatic that final, court-approved settlements preclude class members from seeking the same relief for the same claims a second time"); *In re Am. Investors*, 2013 U.S. Dist. LEXIS 96449 at *24, *26-27 (enjoining the Pennsylvania Attorney General's enforcement action on *res judicata* grounds where the state action sought to recover

restitution on behalf of consumers whose claims had been released by a final federal class action settlement).[3]

*Second*, neither this Court's authority to issue an injunction nor the propriety of that injunction is diminished by the fact that a governmental entity like the OCDA, initiated the parallel state action rather than a private individual.[4] In *IntelliGender*, the parallel state court action overlapping with the federal class action settlement was initiated by the San Diego City Attorney. *IntelliGender*, 771 F.3d at 1175. The Ninth Circuit acknowledged that "a CAFA class action settlement . . . does not act as res judicata against the State in its sovereign capacity," but found that whether the district court should enjoin the state's restitution claims "is an entirely separate question" and "[t]o the extent that the State seeks restitution for individual members of the *Gram* certified class, it may be enjoined from doing so." *Id.*, at 1177-78, 1779. In enjoining

[3] *See also In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 225 (4th Cir. 2017) (holding that an individual California state court plaintiff's suit was enjoined under the "relitigation exception" where the plaintiff had been a member of a "properly entertained class" in the original MDL and was bringing state court claims based "on the same cause of action resolved by the district court's final judgment" approving the MDL settlement); *Juris v. Inamed Corp.*, 685 F.3d 1294, 1339–40 (11th Cir. 2012) (affirming the district court's injunction of a competing state court action on res judicata grounds pursuant to the "relitigation exception" as well as "necessary in aid of jurisdiction" exception); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 261 F.3d 355, 367 (3d Cir. 2001) (affirming the district court's injunction of a state court action because all claims brought in state court were released by the federal class settlement); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 882–83 (11th Cir. 1987) (affirming the district court's injunction of a competing state court action on res judicata grounds pursuant to the "relitigation exception" as well as "necessary in aid of jurisdiction" exception); *McCormick v. Am. Equity Inv. Life Ins. Co.*, No. 2:05-cv-06735-CAS (MANx), 2016 U.S. Dist. LEXIS 26272, at *27 (C.D. Cal. Feb. 29, 2016) (enjoining state court action under "relitigation exception" on grounds of *res judicata* effect of federal class action settlement); *In re Nat'l Life Ins. Co.*, 247 F. Supp. 2d 486, 493–95 (D. Vt. 2002) (enjoining parallel state court action to enforce *res judicata* effect of federal class action settlement).

[4] Defendants dispute that the OCDA has *any* sovereign authority to speak for the State of California, *see, e.g.*, *Abbott Labs. v. The Superior Court of Orange County / The People of the State of California*, 24 Cal. App. 5th 1, at 10 (Cal. App. 2018), but the point is irrelevant here because Defendants are not seeking to enjoin the OCDA's purported sovereign claims for civil penalties and an injunction.

the restitution claims, the court explained that the State's sovereign powers were untouched: the injunction "does not deprive the State of the ability to protect its citizens—quite the contrary . . . the State may seek civil penalties and broad injunctive relief." *Id.* at 1182. The same is true here—the injunction Defendants seek does not bar the OCDA's claims for civil penalties or injunctive relief.

Similarly, in *In re American Investors*, the court enjoined a parallel action brought by the Pennsylvania Attorney General. *In re Am. Investors*, 2013 U.S. Dist. LEXIS 96449 at *1. Like the OCDA's argument in its objection to the EPP settlement here (*see* ECF Nos. 794, 810), the Pennsylvania Attorney General argued that its restitution claims could not be enjoined by the federal court because the State was a sovereign, seeking restitution (along with other relief) under its enumerated statutory powers. *Id.* at *19-20 ("According to the Attorney General, because the restitution is sought by the Commonwealth in accordance with its stated powers under the Consumer Protection Law, and because the Commonwealth was not a member of the settlement class, such relief was not—and could not have been—released by the federal settlement."). Nonetheless, the court found that "[t]hese claims for restitution are in effect post-negotiation 'collateral attacks' on the [federal class action] settlement," and it held that "[t]he Court will not allow the class members, or the Attorney General acting on their behalf, to demand more money from the defendants at this juncture." *Id.* at *26-27. *Accord Baldwin*, 770 F.2d at 341-42 (enjoining several attorneys' general from pursuing duplicative restitution claims in state court and finding no conflict with the State's sovereignty because "the injunction only precludes state officials from bringing actions in a de facto or de jure representative capacity").

*Third*, the fact that the OCDA filed his complaint *prior* to the parties reaching the federal class action settlement—a point the OCDA repeatedly pressed at the fairness hearing—is

irrelevant to this Court's authority to enjoin the OCDA's restitution claims. Indeed, the Court expressly rejected the OCDA's attempt to rely on the timing of his complaint as a distinction without a difference. *See* ECF No. 794 at 4; Fairness Hearing Tr. 25:16-18. Decisions from other courts fully support that ruling. For example, in *In re American Investors*—a case relied upon by the Ninth Circuit in *Intelligender* (*see Intelligender*, 771 F.3d at 1181)—the Pennsylvania Attorney General *did* file his action prior to the federal class action settlement (indeed his action was filed contemporaneously with the initial class action). *In re Am. Investors*, 2013 U.S. Dist. LEXIS 96449 at *2, *11. Yet the court in that case still enjoined the Attorney General's restitution claims. *Id.* at *27.

*Finally*, the Court should issue an injunction because "[a]llowing the [OCDA's] claims for restitution to go forward in state court would undermine [the] central guarantee of our legal system and undercut CAFA's purpose of increasing the fairness and consistency of class action settlements." *IntelliGender*, 771 F.3d at 1181. To permit the OCDA to pursue his restitution claims "not only overwhelms the instant settlement, but would likely have a chilling effect on future settlement negotiations as well." *In re Am. Investors*, 2013 U.S. Dist. LEXIS 96449 at *27; *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 105 (3d Cir. 2002) ("Permitting continued litigation of these claims would 'unsettle' what had thought to be settled . . . [and] [a]llowing comprehensive settlements to be undermined this way would undeniably deter similar settlements in the future."); *Battle*, 877 F.2d at 882 ("[A]ny state court judgment would destroy the settlement . . . nullify this court's work . . . and subject the parties to added expense and conflicting orders.").

## II. An Injunction Is Necessary in Aid of This Court's Jurisdiction

This Court also has authority to enjoin the OCDA's restitution claims under the Anti-Injunction Act's "necessary in aid of jurisdiction" exception. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1339 (11th Cir. 2012) (enjoining parallel state action under both "relitigation exception" and "necessary in aid of jurisdiction" exceptions post federal class action settlement).

This Court retained exclusive jurisdiction over the EPP settlement, including the settlement's "administration and consummation." ECF No. 821 at ¶ 19. The OCDA's attempted attack on the settlement in another forum—by way of continuing to pursue its restitution claims in California state court—is therefore an attack on this Court's jurisdiction. *See e.g.*, *Juris*, 685 F.3d at 1339 (emphasizing that the collateral attack on the settlement in state court infringed on the district court's jurisdiction particularly because "the district court . . . retained exclusive jurisdiction to review, interpret, and enforce the [ ] class settlement"). Indeed the OCDA explicitly told the Court that he intended to argue, before the California state court, that this Court lacked authority to have entered the Final Judgment and Order and that he intends to challenge the findings of this Court in that other forum. Fairness Hearing Tr. 14:3-19 ("[in state court] we will be . . . saying that [the Final Order and Judgment] was a mistake that the federal courts [sic] made, and it's unenforceable here in California . . . ."). This direct "challenge to the propriety of the federal class action" alone provides sufficient basis for an injunction. *See Carlough v. Amchem Prods.*, 10 F.3d 189, 203 (3d Cir. 1993) (enjoining state action to allow federal class action settlement under "necessary in aid of jurisdiction" exception in part because the stated purpose of the state action was "to challenge the propriety of the federal class action").

Courts routinely grant injunctions in such circumstances. *See Baldwin*, 770 F.2d at 338 (enjoining later-filed state action to enable settlement of federal class action as "necessary in aid

of jurisdiction"); *In re Painewebber Ltd. P'ships Litig.*, No. 94-Civ. 854, 1996 U.S. Dist. LEXIS 9195, at *11 (S.D.N.Y. June 28, 1996) (enjoining parallel state actions where federal MDL "tentative settlement" had been reached and was awaiting final court approval); *Carlough*, 10 F.3d at 203–04 (affirming injunction of state class action overlapping with federal class action where federal case was near settlement noting that "Our sister circuits [including the Second Circuit, citing *Baldwin*] have also identified impending and finalized settlements in federal actions as justifying 'necessary in aid of jurisdiction' injunctions of duplicative state actions"); *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332 (5th Cir. 1981) *cert. denied*, 456 U.S. 936 (1982) (preliminary injunction entered against state court proceeding to protect federal jurisdiction over imminent settlement); *Battle*, 877 F.2d at 882 (collateral state proceedings enjoined under necessary in aid of jurisdiction exception); *In re Mexico Money Transf. Litig.*, No. 98 C 2407, 1999 U.S. Dist. LEXIS 17268, at *12-13 (N.D. Ill. 1999) (affirming injunction of parallel state court proceeding to aid jurisdiction of federal court over class action where the nationwide class was large and settlement was reached "after a year of negotiation and over 83,000 pages of discovery" exchanged).

An injunction is particularly appropriate where, as here, the class action settlement is reached in a complex multi-district litigation. *See Juris*, 685 F.3d at 1339 ("[F]ederal courts have . . . allow[ed] the 'in aid of its jurisdiction' exception [to the Anti-Injunction Act] to be used 'to enjoin parallel state class action proceedings that might jeopardize a complex federal settlement . . . .'") (citations omitted). "This 'paradigmatically complex' litigation 'presumptively satisfies [the Anti-Injunction Act's] standard.'" *Id.*, at 1339-40 (citations omitted).

Accordingly, "it [is] difficult to imagine a more detrimental effect upon the district court's ability to effectuate the settlement of this complex and far-reaching matter than would occur if the [California] state court was permitted to make a determination regarding the validity of the federal settlement." *Carlough*, 10 F.3d at 204. This Court should enjoin the OCDA's restitution claims.

**CONCLUSION**

For the reasons stated herein, this Court should enjoin the OCDA from pursuing in California state court released restitution claims that the OCDA is asserting on behalf of California class members.

Dated: August 6, 2018

Respectfully submitted,

*/s/ Ross E. Elfand*

J. Mark Gidley (ct 22743)
Peter J. Carney (ct 24721)
Matthew S. Leddicotte (pro hac vice)
Kathryn J. Mims
Jaclyn Phillips
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com
mleddicotte@whitecase.com
kmims@whitecase.com
jphillips@whitecase.com

Jack E. Pace III (pro hac vice)
Ross E. Elfand (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
relfand@whitecase.com

Richard P. Colbert (ct 08721)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
rpcolbert@daypitney.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG*

Christopher T. Holding (ct 29474)
Robert D. Carroll
Sarah Frederick (pro hac vice)
GOODWIN PROCTER LLP
Exchange Place
100 Northern Ave.
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
cholding@goodwinlaw.com
rcarroll@goodwinlaw.com
sfrederick@goodwinlaw.com

James T. Shearin (ct 01326)
PULLMAN & COMLEY, LLC
850 Main Street, PO Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
jtshearin@pullcom.com

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals Inc. (n/k/a Barr Pharmaceuticals, LLC), Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceuticals Sales Corp. (n/k/a Teva Sales and Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

The forgoing was served by ECF, email, and overnight mail to:

John Alden Meade
MEADE & YOUNG LLC
909 Poydrass St., Suite 1600
New Orleans, LA 70112
jam@meadeyoung.com
*Counsel for the Orange County District Attorney*

The foregoing was also served by email and overnight mail to:

ORANGE COUNTY DISTRICT ATTORNEY
Tony Rackauckas, District Attorney
Joseph D'Agostino, Senior Assistant District Attorney
401 Civic Center Drive
Santa Ana, California 92701-4575
Tony.rackauckas@da.ocgov.com
Joe.d'agostino@do.ocgov.com

Kevin Calcagnie
ROBINSON CALCAGNIE, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
kcalcagnie@robinsonfirm.com
*Counsel for the Orange County District Attorney*

Date: August 6, 2018

By: */s/ Ross E. Elfand*
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
relfand@whitecase.com